# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:15-cv-02118

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

TAJ JERRY MAHABUB, GENAUDIO,
INC., and ASTOUND HOLDINGS, INC.,

      Defendants.

---

### DEFENDANT TAJ JERRY MAHABUB'S ANSWER TO PLAINTIFF'S COMPLAINT

---

Defendant Taj Jerry Mahabub ("Mahabub") hereby answers the Complaint

("Complaint") of Plaintiff Securities and Exchange Commission ("Plaintiff") by denying all

allegations set forth in the Complaint not specifically admitted herein, and otherwise responds as

follows:

### <u>SUMMARY OF THE ACTION</u>

1.      Answering Paragraph 1 of the Complaint, Mahabub admits he is GenAudio, Inc.

("GenAudio")'s Chief Executive Officer.  As to the remaining allegations in Paragraph 1,

Mahabub lacks knowledge or information sufficient to form a belief as to the truth of such

allegations, and denies such allegations on that basis.

2.      Answering Paragraph 2 of the Complaint, Mahabub admits GenAudio is a small

private company that has developed three-dimensional audio technology, and that GenAudio told

prospective investors that with certain caveats and based on certain key assumptions, a third-

party had valued GenAudio's technology at more than $1 billion.  As to the remaining

allegations in Paragraph 2, Mahabub lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and denies such allegations on that basis.

3.      Answering Paragraph 3 of the Complaint, Mahabub lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and denies such allegations on that basis.

4.      Answering Paragraph 4 of the Complaint, Mahabub admits he was GenAudio's primary representative in its dealings with Apple and that he was the primary person responsible for drafting the company's public disclosures.  Mahabub denies the remaining allegations in Paragraph 4.

5.      Answering Paragraph 5 of the Complaint, Mahabub admits Astound Holdings was formed in late 2014 to create a new entity with no then-existing shareholders that could more easily receive investment in GenAudio's products and technology.  In exchange for its equity, Astound Holdings was to receive GenAudio's technology and several million dollars in GenAudio debt, although to date neither of these transfers has taken place.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 5.

## ANSWER TO "SUMMARY OF VIOLATIONS"

6.      Paragraph 6 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

7.      Paragraph 7 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

8.      Paragraph 8 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

9.      Paragraph 9 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

10.     Paragraph 10 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

11.     Paragraph 11 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

**JURISDICTION AND VENUE**

12.     Paragraph 12 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

13.     Paragraph 13 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

14.     Paragraph 14 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

15.     Answering Paragraph 15 of the Complaint, Mahabub admits that GenAudio and Astound Holdings maintain their principal place of business in Centennial, Colorado, and that

GenAudio is a Colorado corporation.  Mahabub further admits that he resides in Broomfield Colorado.  The remaining allegations of Paragraph 15 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the remaining allegations set forth in this paragraph of the Complaint.

16.     Mahabub admits the allegations of fact set forth Paragraph 16 of the Complaint.

17.     Mahabub admits the allegations of fact set forth Paragraph 17 of the Complaint.

## DEFENDANTS

18.     Answering Paragraph 18 of the Complaint, Mahabub admits he is age 44, that he is a resident of Broomfield, Colorado, that he is the founder, CEO, and a director of GenAudio, and that he is the CEO, sole director of, and controls Astound Holdings.  Mahabub denies that he has retained proxy voting rights to a majority of the issued and outstanding stock of GenAudio.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 18.

19.     Answering Paragraph 19 of the Complaint, Mahabub admits GenAudio is a Colorado Corporation with its principal place of business in Centennial, Colorado, and that GenAudio engages in the development and marketing of software that creates three-dimensional audio.  Mahabub further admits that since approximately October 2014, GenAudio has been the sole owner of the common stock of Astound Holdings.  Mahabub further admits GenAudio has not registered an offering of securities under the Securities Act or a class of securities under the Exchange Act.  Mahabub denies he has held the voting rights to a majority of GenAudio's shares since its inception.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 19.

20.     Answering Paragraph 20 of the Complaint, Mahabub admits Astound Holdings is a Delaware Corporation with its principal place of business in Centennial, Colorado, and that

Astound Holdings was formed in late 2014 to create a new entity with no then-existing shareholders that could more easily receive investment in GenAudio's products and technology. In exchange for its equity, Astound Holdings is to receive several million dollars in GenAudio debt and the rights to GenAudio's technology, although neither of these transfers has taken place. Mahabub further admits he is Astound Holdings' sole director and the only holder of its preferred stock, and that Astound Holdings has not registered an offering of securities under the Securities Act or a class of securities under the Exchange Act.   Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 20.

## FACTS

21.     Answering Paragraph 21 of the Complaint, Mahabub admits he has served as a member of the board of directors of GenAudio since its inception, and served at times as its CEO.  Mahabub denies he holds proxy rights to a majority of GenAudio's shares, and denies he has served as GenAudio's CEO since its inception.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 21.

22.     Answering Paragraph 22 of the Complaint, Mahabub admits he at times has controlled GenAudio's business.  Mahabub denies he has controlled all aspects of GenAudio's business continuously from 2004 to the present.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 22.

23.     Answering Paragraph 23 of the Complaint, Mahabub denies the allegation that that from the company's inception to the present, its licenses and sales have only generated revenue of approximately $100,000.  Mahabub admits the remaining allegations of fact set forth in Paragraph 23 of the Complaint.

24.     Answering Paragraph 24 of the Complaint, Mahabub admits GenAudio financed its operations primarily through the sale of debt and equity securities in a number of private

offerings.  Mahabub denies GenAudio raised approximately $13 million through private placements between 2004 and 2009.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 24.

25.     Mahabub admits the allegations of fact set forth in Paragraph 25 of the Complaint.

26.     Answering Paragraph 26 of the Complaint, Mahabub admits he was the sole representative of GenAudio in many, but not all, of the communications with Apple.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 26.

27.     Answering Paragraph 27 of the Complaint, Mahabub lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and denies such allegations on that basis.

28.     Mahabub admits the allegations of fact set forth in Paragraph 28 of the Complaint.

29.     Mahabub admits the allegations of fact set forth in Paragraph 29 of the Complaint.

30.     Answering Paragraph 30 of the Complaint, Mahabub admits that between approximately July 2009 and February 2011, he attended meetings and had communications with Apple employees, some of whom were testing GenAudio's software technology.  Mahabub lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30, and denies such allegations on that basis.

31.     Answering Paragraph 31 of the Complaint, Mahabub admits in or about February 2011, the Apple employee who had been his primary contact at Apple left the company.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 31.

32.     Answering Paragraph 32 of the Complaint, Mahabub states that the referenced document speaks for itself, and thus no response is required regarding the contents of that document.  Mahabub lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32, and denies such allegations on that basis.

33.     Answering Paragraph 33 of the Complaint, Mahabub lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and denies such allegations on that basis.

34.     Answering Paragraph 34 of the Complaint, Mahabub admits he attended various meetings and communicated with Apple personnel.  Mahabub denies the remaining allegations in Paragraph 34.

35.     Answering Paragraph 35 of the Complaint, Mahabub admits from March through August 2010, GenAudio offered and sold approximately 1,171,000 common shares in the 2010 Offering, raising approximately $3,513,000.  Mahabub further admits GenAudio sold the shares to more than seventy investors, and that the accredited investor forms submitted by those investors reflect that they live in various states.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 35.

36.     Mahabub admits the allegations of fact set forth in Paragraph 36 of the Complaint.

37.     Answering Paragraph 37 of the Complaint, Mahabub admits he assisted with the preparation of the 2010 Offering Materials, that he reviewed those offering materials, and that he was a member of the board of directors that approved those offering materials.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 37.

38.     Answering Paragraph 38 of the Complaint, Mahabub admits he was GenAudio's primary point of contact with Apple and that others at GenAudio were dependent on him for certain information relating to Apple.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 38.

39.     Mahabub denies the allegations of fact set forth in Paragraph 39 of the Complaint.

40.     Paragraph 40 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

41.     Paragraph 41 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

42.     Answering Paragraph 42 of the Complaint, Mahabub admits the Board of Directors meeting minutes for September 25, 2009 state that Mahabub provided a summary of the discussions with Apple, and that he noted a deal with Apple is highly probable based on the many meetings and Apple's responses to date.   Mahabub lacks knowledge or information sufficient to form a belief as to the truth of the allegation that GenAudio was in debt over $1 million in or about September 2009 and needed to raise additional funds from investors to continue its operations, and denies such allegations on that basis.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 42.

43.     Answering Paragraph 43 of the Complaint, Mahabub admits he attended meetings with Apple employees and signed a nondisclosure agreement in approximately July 2009. Mahabub denies the remaining allegations in this Paragraph.

44.     Paragraph 44 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

45.     Answering Paragraph 45 of the Complaint, Mahabub states that the 2010 Offering Materials speak for themselves, and thus no response is required regarding the contents of those documents.  Mahabub denies the remaining allegations in Paragraph 45.

46.     Answering Paragraph 46 of the Complaint, Mahabub admits that on October 2, 2009, he sent an email to GenAudio directors and employees, some of whom also were shareholders.  This email speaks for itself, and thus no response is required regarding the contents of this document.  To the extent a response is required as to any other allegation in this Paragraph, Mahabub denies the allegations.

47.     Mahabub denies the allegations of fact set forth in Paragraph 47 of the Complaint.

48.     Mahabub denies the allegations of fact set forth in Paragraph 48 of the Complaint.

49.     Paragraph 49 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

50.     Answering Paragraph 50 of the Complaint, Mahabub admits that some GenAudio Board members and employees were also GenAudio investors.  Mahabub denies the remaining allegations in this paragraph of the Complaint.

51.     Answering Paragraph 51 of the Complaint, the 2010 Offering Materials speak for themselves, and thus no response is required regarding the contents of those documents.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

52.     Answering Paragraph 52 of the Complaint, Mahabub admits GenAudio sent a letter to GenAudio shareholders by email on or about November 9, 2009, and that he wrote and electronically signed the email as GenAudio's CEO.  This document speaks for itself, and thus no response is required regarding the contents of this document.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 52.

53.     Mahabub denies the allegations set forth in Paragraph 53 of the Complaint.

54.     Mahabub denies the allegations set forth in Paragraph 54 of the Complaint.

55.     Answering Paragraph 55 of the Complaint, the referenced documents speaks for themselves, and thus no response is required regarding the contents of the documents.  Mahabub denies the remaining allegations in this paragraph.

56.     Answering Paragraph 56 of the Complaint, Mahabub admits GenAudio sent the 2010 Offering Materials to GenAudio's shareholders by email and later sent it to other prospective investors.  Mahabub further admits the offering was intended to raise funds to provide bridge capital until GenAudio could reach a potential deal with a large consumer electronics company.  Except as otherwise expressly admitted, Mahabub denies any remaining allegations in Paragraph 56.

57.     Answering Paragraph 57 of the Complaint, Mahabub admits he used the term "LCEC" in some shareholder communications to refer to Apple.  The third-party valuation report speaks for itself, and thus no response is required regarding the contents of this document.  Mahabub lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and denies such allegations on that basis.

58.     Mahabub denies the allegations set forth in Paragraph 58 of the Complaint.

59.     Paragraph 59 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

60.     Answering Paragraph 60 of the Complaint, the 2010 PPM speaks for itself, and thus no response is required regarding the contents of this document.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 60.

61.     Paragraph 61 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

62.     Answering Paragraph 62 of the Complaint, Mahabub admits GenAudio, at his direction, included in the 2010 Offering Materials a third party's valuation report that purported to value GenAudio's technology at around $1 billion, based on certain assumptions and conditions.  The third party evaluation report speaks for itself, and thus no response is required regarding the contents of this document.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 62.

63.     Answering Paragraph 63 of the Complaint, Mahabub admits he hired the third-party valuation company.  As to the remaining allegations, Mahabub lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and denies such allegations on that basis.

64.     Paragraph 64 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

65.     Paragraph 65 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, GenAudio denies the allegations set forth in this paragraph of the Complaint.

66.     Paragraph 66 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

67.     Answering Paragraph 67 of the Complaint, the referenced document speaks for itself, and thus no response is required regarding the contents of this document.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

68.     Mahabub denies the allegations set forth in Paragraph 68 of the Complaint.

69.     Answering Paragraph 69 of the Complaint, Mahabub admits that on or about June 2, 2010, GenAudio sent a hyperlink to shareholders that would allow them to download a presentation file narrated by Mahabub.   The presentation speaks for itself, and thus no response is required regarding the contents of this document.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 69.

70.     Mahabub denies the allegations set forth in Paragraph 70 of the Complaint.

71.     Mahabub denies the allegations set forth in Paragraph 71 of the Complaint.

72.     Answering Paragraph 72 of the Complaint, Mahabub admits he sent a letter to GenAudio shareholders on or about August 1, 2010.  The presentation speaks for itself, and thus no response is required regarding the contents of this document.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 72.

73.     Mahabub denies the allegations set forth in Paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

75.     Answering Paragraph 75 of the Complaint, the referenced document speaks for itself, and thus no response is required regarding the contents of this document.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 75.

76.     Mahabub denies the allegations set forth in Paragraph 76 of the Complaint.

77.     Paragraph 77 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

78.     Answering Paragraph 78 of the Complaint, Mahabub admits from approximately March through August 2010, GenAudio offered and sold approximately 1,171,000 common

shares in the 2010 Offering, obtaining approximately $3,513,000.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 78.

79.     Answering Paragraph 79 of the Complaint, Mahabub lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies such allegations on that basis.

80.     Answering Paragraph 80 of the Complaint, Mahabub admits on or about December 8, 2010, GenAudio sent a letter to shareholders.  That letter speaks for itself, and thus no response is required regarding the contents of that document.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 80.

81.     Answering Paragraph 81 of the Complaint, Mahabub admits he did not meet in-person with Apple's CEO.  The remaining allegations of this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the remaining allegations set forth in this paragraph of the Complaint.

82.     Answering Paragraph 82 of the Complaint, Mahabub admits that on or about December 8, 2010, GenAudio sent a letter to shareholders.  That letter speaks for itself, and thus no response is required regarding the contents of that document.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 80.

83.     Mahabub denies the allegations set forth in Paragraph 83 of the Complaint.

84.     Mahabub denies the allegations set forth in Paragraph 84 of the Complaint.

85.     Answering Paragraph 85 of the Complaint, Mahabub admits GenAudio sent a letter to shareholders on or about February 26, 2011.  That letter speaks for itself, and thus no response is required regarding the contents of that document.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 85.

86.     Answering Paragraph 86 of the Complaint, Mahabub admits GenAudio sent a letter to shareholders on or about February 26, 2011.  That letter speaks for itself, and thus no response is required regarding the contents of that document.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 86.

87.     Mahabub denies the allegations set forth in Paragraph 87 of the Complaint.

88.     Paragraph 88 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

89.     Answering Paragraph 89 of the Complaint, Mahabub admits that on or about March 29 or 30, 2011, GenAudio sent an email to shareholders.  That email speaks for itself, and thus no response is required regarding the contents of that document.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 89.

90.     Mahabub denies the allegations set forth in Paragraph 90 of the Complaint.

91.     Mahabub denies the allegations set forth in Paragraph 91 of the Complaint.

92.     Paragraph 92 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

93.     Mahabub denies the allegations set forth in Paragraph 93 of the Complaint.

94.     Answering Paragraph 94 of the Complaint, Mahabub admits that from approximately April 2011 through April 2012, GenAudio offered $2,100,000 of common shares of GenAudio and sold approximately 330,000 shares in the 2011-2012 Offering to around twenty investors.  Mahabub further admits that the accredited investor forms submitted by those investors reflect that they live in various states, and that GenAudio raised approximately

$990,000 from the offering.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 94.

95.     Answering Paragraph 95 of the Complaint, Mahabub admits the allegations of this paragraph.

96.     Answering Paragraph 96 of the Complaint, Mahabub admits he assisted with the preparation of the 2011/2012 Offering Materials, which included a letter to shareholders and a Private Placement Memorandum dated April 22, 2011, that he reviewed those offering materials, and that he was a member of the board of directors that approved those offering materials. Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 96.

97.     Answering Paragraph 97 of the Complaint, the 2011/2012 Offering Materials speak for themselves, and thus no response is required regarding the contents of those documents.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 97.

98.     Answering Paragraph 98 of the Complaint, Mahabub denies the allegations of this paragraph.

99.     Answering Paragraph 99 of the Complaint, Mahabub denies the allegations of this paragraph.

100.     Paragraph 100 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

101.     Answering Paragraph 101 of the Complaint, Mahabub lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies such allegations on that basis.

102.     Paragraph 102 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

103.     Answering Paragraph 103 of the Complaint, Mahabub admits that he sold some of his personal stock in GenAudio between November 2009 and April 2012.  Mahabub lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies such allegations on that basis.

104.     Answering Paragraph 104 of the Complaint, Mahabub admits he has made various loans or advances of business expenses to GenAudio.  As to the remaining allegations of this paragraph, Mahabub lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies such allegations on that basis.

105.     Answering Paragraph 105 of the Complaint, Mahabub admits that he sold some of his personal stock to existing GenAudio shareholders, but denies the remaining allegations in this Paragraph.

106.     Mahabub denies the allegations contained in Paragraph 106 of the Complaint.

107.     Mahabub denies the allegations contained in Paragraph 107 of the Complaint.

108.     Paragraph 108 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

109.     Mahabub denies the allegations contained in Paragraph 109 of the Complaint.

110.     Mahabub denies the allegations contained in Paragraph 110 of the Complaint.

111.     Answering Paragraph 111 of the Complaint, Mahabub admits he encouraged GenAudio board members and employees to assist with finding appropriate investors for the company.  Mahabub further admits that on or about March 18, 2010, he sent an internal email.

That email speaks for itself, and thus no response is required regarding the contents of that document.  As to the remaining allegations of this paragraph, Mahabub lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies such allegations on that basis.

112.    Answering Paragraph 112 of the Complaint, Mahabub lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies such allegations on that basis.

113.    Answering Paragraph 113 of the Complaint, Mahabub lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies such allegations on that basis.

114.    Answering Paragraph 114 of the Complaint, Mahabub lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies such allegations on that basis.

115.    Answering Paragraph 115 of the Complaint, the referenced email speaks for itself, and thus no response is required regarding the contents of that document.  As to the remaining allegations of this paragraph, Mahabub lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies such allegations on that basis.

116.    Paragraph 116 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

117.    Paragraph 117 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

118.     Answering Paragraph 118 of the Complaint, Mahabub admits he has been a holder of a significant number of GenAudio shares since GenAudio's inception.  Mahabub further admits he has served as a member of the board of directors since GenAudio's inception, and served at times as its CEO.  Mahabub denies he has served as GenAudio's CEO since its inception.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 118.

119.     Answering Paragraph 119 of the Complaint, Mahabub admits on or about March 15, 2010, he reported that he owned 7,001,000 shares of GenAudio's common voting stock.  Mahabub further admits that the 2010 Private Placement Memorandum stated that assuming the full amount of shares offered pursuant to the 2010 offering is subscribed for, without exercise of any overallotment right, he would own 51.43 percent of the common stock.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 119.

120.     Answering Paragraph 120 of the Complaint, Mahabub lacks knowledge or information sufficient to form a belief as to the truth of the allegation that between 2008 and 2014, he held the proxy voting rights for approximately 6,308,000 shares of GenAudio.  Mahabub denies that between 2008 and 2014, he held the proxy voting rights for approximately 45 percent of all outstanding shares.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 120.

121.     Answering Paragraph 121 of the Complaint, Mahabub admits that at times, he controlled all aspects of GenAudio's business.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 121.

122.     Answering Paragraph 122 of the Complaint, Mahabub admits that he had ultimate authority over decisions regarding to which companies GenAudio would offer its technology.

Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 122.

123.    Answering Paragraph 123 of the Complaint, Mahabub admits he updated GenAudio's Board of Directors and employees on the status of his discussions with Apple, and that he assisted with drafting disclosures to shareholders.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 123.

124.    Answering Paragraph 124 of the Complaint, Mahabub admits he controlled the dissemination of the information about GenAudio's dealings with Apple to GenAudio's directors and employees.  Mahabub further admits he was a member of the board of directors that controlled dissemination of the information about GenAudio's dealings with Apple to GenAudio's shareholders and prospective investors.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 124.

125.    Answering Paragraph 125 of the Complaint, Mahabub admits he controlled the selection of the third party that performed two valuations of GenAudio, and instructed that third party to conduct the valuations based on certain assumptions about a potential transaction with the "LCEC", which assumptions were disclosed.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 125.

126.    Paragraph 126 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

127.    Paragraph 127 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

128.    Answering Paragraph 128 of the Complaint, GenAudio admits it received roughly $4.5 million total from its sale of stock in the 2010 Offering and 2011-2012 Offering.  GenAudio further admits it provided compensation to Mahabub using funds received from these stock offerings.  Except as otherwise expressly admitted, GenAudio denies the remaining allegations in Paragraph 128.

129.    Mahabub denies the allegations contained in Paragraph 129 of the Complaint.

130.    Answering Paragraph 130 of the Complaint, Mahabub admits that from approximately March 2010 to August 2010, during GenAudio's 2010 Offering, GenAudio offered and sold GenAudio stock when no registration statement was filed or in effect for the transactions, in reliance on an exemption from the registration requirements.  Mahabub further admits it raised roughly $3.5 million from more than seventy investors, and that the accredited investor forms submitted by those investors reflect that they live in various states.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 130.

131.    Answering Paragraph 131 of the Complaint, Mahabub admits that from approximately April 2011 to April 2012, during GenAudio's 2011-2012 Offering, GenAudio offered and sold GenAudio stock when no registration statement was filed or in effect for the transactions, in reliance on an exemption from the registration requirements.  Mahabub further admits GenAudio raised roughly $990,000 from around twenty investors, and that the accredited investor forms submitted by those investors reflect that they live in various states.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 131.

132.    Answering Paragraph 132 of the Complaint, Mahabub admits he, along with other members of the Board of Directors, made the decision to offer GenAudio's securities to certain accredited investors, that he assisted in drafting the offering materials, and that he provided

information to investors about GenAudio's dealings with the "LCEC."  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 132.

133.    Answering Paragraph 133 of the Complaint, Mahabub lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies such allegations on that basis.

134.    Answering Paragraph 134 of the Complaint, the allegations in this paragraph state legal conclusions to which no response is required.  Mahabub admits he loaned money to GenAudio for advancement of its technology, including to continue its operations.  Mahabub denies the remainder of the allegations set forth in this paragraph of the Complaint.

135.    Answering Paragraph 135 of the Complaint, Mahabub admits GenAudio used telephones, the Internet, and the mails in connection with the 2010 Offering and the 2011-2012 Offering.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 135.

136.    Answering Paragraph 136 of the Complaint, Mahabub lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies such allegations on that basis.

137.    Answering Paragraph 137 of the Complaint, Mahabub admits it did not provide an audited balance sheet to investors in the 2010 Offering or the 2011-2012 Offering, because the offerings were intended to be limited to accredited investors.  The remaining allegations of this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the remaining allegations set forth in this paragraph of the Complaint.

138.    Mahabub admits the allegations of fact set forth in Paragraph 138 of the Complaint.

139.     Mahabub admits the allegations of fact set forth in Paragraph 139 of the Complaint.

140.     Mahabub admits in or about September 2014, GenAudio held a special meeting of stockholders to approve the creation of Astound Holdings, as a new entity with no then-existing shareholders that could more easily receive investment in GenAudio's products and technology. In exchange for its equity, Astound Holdings is to receive GenAudio's technology and several million dollars in GenAudio debt, although to date, neither of these transfers has taken place. Mahabub further admits the shareholders approved of the incorporation of Astound Holdings, Astound Holdings' proposed bylaws, GenAudio's transfer of its technology to Astound Holdings, the transfer of debt to Astound Holdings except funds owed to shareholders pursuant to put rights and debentures, and receipt by GenAudio of 10 million shares of Astound Holdings common stock.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 140.

141.     Mahabub denies the allegations of Paragraph 141.

142.     Mahabub admits he was to receive preferred shares in Astound Holdings, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations that the shares were ever issued to him, and denies such allegations on that basis.  Mahabub admits that putting aside GenAudio and himself, currently there are no other shareholders of Astound Holdings stock.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 142.

143.     Mahabub admits the allegations of fact set forth in Paragraph 143 of the Complaint.

144.     Mahabub denies the allegations of fact set forth in Paragraph 144 of the Complaint.

145.     Answering Paragraph 145 of the Complaint, Mahabub admits under Astound Holdings' bylaws, GenAudio is a shareholder entitled to vote its 10 million shares of Astound Holdings stock, and that he has the authority to determine those votes.  Mahabub further admits he is Astound Holdings' CEO and sole director, and that he controls Astound Holdings. Mahabub denies he has the right to determine GenAudio's votes based on the proxies he holds in GenAudio shares, and denies that he holds the proxies for a majority of GenAudio's shares. Except as otherwise expressly admitted, Mahabub denies the remaining allegations in Paragraph 145.

146.     Answering Paragraph 146 of the Complaint, Mahabub lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies such allegations on that basis.

147.     Answering Paragraph 147 of the Complaint, Mahabub admits it is owned by himself and other shareholders.  Mahabub further admits Astound Holdings is owned indirectly by GenAudio's shareholders.  Mahabub also admits he was to receive preferred shares in Astound Holdings, but denies those shares were ever issued to him.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations of Paragraph 147.

148.     Answering Paragraph 148 of the Complaint, Mahabub admits Astound Holdings and GenAudio share a commonality of officers and directors.  Except as otherwise expressly admitted, Mahabub denies the remaining allegations of Paragraph 148.

149.     Paragraph 149 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

## FIRST CLAIM FOR RELIEF

150.    Answering Paragraph 150 of the Complaint, Mahabub repeats and incorporates by reference its responses to Paragraphs 1 through 149 of the Complaint as if set forth fully herein.

151.    Paragraph 151 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

152.    Paragraph 151 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

## SECOND CLAIM FOR RELIEF

153.    Answering Paragraph 153 of the Complaint, Mahabub repeats and incorporates by reference its responses to Paragraphs 1 through 149 of the Complaint as if set forth fully herein.

154.    Paragraph 154 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

155.    Paragraph 155 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

156.    Paragraph 156 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

## THIRD CLAIM FOR RELIEF

157.    Answering Paragraph 157 of the Complaint, Mahabub repeats and incorporates by reference its responses to Paragraphs 1 through 149 of the Complaint as if set forth fully herein.

158.    Paragraph 158 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

159.    Paragraph 159 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

## FOURTH CLAIM FOR RELIEF

160.    Answering Paragraph 160 of the Complaint, Mahabub repeats and incorporates by reference its responses to Paragraphs 1 through 149 of the Complaint as if set forth fully herein.

161.    Paragraph 161 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

162.    Paragraph 162 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

## FIFTH CLAIM FOR RELIEF

163.    Answering Paragraph 163 of the Complaint, Mahabub repeats and incorporates by reference its responses to Paragraphs 1 through 149 of the Complaint as if set forth fully herein.

164.    Paragraph 164 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

165.    Paragraph 165 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

166.    Paragraph 166 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

## SIXTH CLAIM FOR RELIEF

167.    Answering Paragraph 167 of the Complaint, Mahabub repeats and incorporates by reference its responses to Paragraphs 1 through 149 of the Complaint as if set forth fully herein.

168.    Paragraph 168 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

169.    Paragraph 169 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

170.    Paragraph 170 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

171.    Paragraph 171 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

172.    Paragraph 172 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

## SEVENTH CLAIM FOR RELIEF

173.    Answering Paragraph 173 of the Complaint, Mahabub repeats and incorporates by reference its responses to Paragraphs 1 through 149 of the Complaint as if set forth fully herein.

174.    Paragraph 174 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

175.    Paragraph 175 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

176.    Paragraph 176 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

177.    Paragraph 177 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

## EIGHTH CLAIM FOR RELIEF

178.    Answering Paragraph 178 of the Complaint, Mahabub repeats and incorporates by reference its responses to Paragraphs 1 through 149 of the Complaint as if set forth fully herein.

179.    Paragraph 179 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

180.    Paragraph 180 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Mahabub denies the allegations set forth in this paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

Mahabub hereby asserts the following separate and distinct affirmative defenses to the Complaint and to each and every cause of action contained therein:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint, and each and every purported cause of action and or relief set forth therein, fails to state facts sufficient to constitute a cause of action against Mahabub.

## SECOND AFFIRMATIVE DEFENSE
### (Bespeaks Caution)

The alleged false statements and omissions were forward looking statements that are rendered non-actionable under the bespeaks caution doctrine and/or are protected by statutory and administrative safe harbor protections and similar protections.

## THIRD AFFIRMATIVE DEFENSE
### (Exemption from Registration)

The transactions at issue herein were exempt from registration under the Securities Act of 1933, and the rules and regulations promulgated by the United States Congress and the United States Securities and Exchange Commission, including under Section 4(2), 15 U.S.C. § 77d(2), of the Securities Act, and Rule 506, 17 C.F.R. § 230.506, of Regulation D, promulgated by the Securities and Exchange Commission.

## FOURTH AFFIRMATIVE DEFENSE
### (Rule 508 Safe Harbor)

The transactions at issue are covered under the safe harbor provisions of Rule 508, 17 C.F.R. § 230.506, of Regulation D, promulgated by the Securities and Exchange Commission.

## PRAYER FOR RELIEF

WHEREFORE, Mahabub prays as follows:

1.     That Plaintiff take nothing by way of its Complaint;

2.     That the Complaint be dismissed with prejudice;

3.      That Mahabub be awarded his costs of suit incurred in the defense of this action, including reasonable attorney's fees pursuant to the Equal Access to Justice Act (or as otherwise authorized); and

4.      That the Court grant to Mahabub such other and further relief as the Court deems just and proper.

## JURY DEMAND

Mahabub demands trial to a jury on all issues so triable.

Dated:  December 8, 2015

By: /s/  Andrew B. Holmes
Andrew B. Holmes
HOLMES, TAYLOR & JONES LLP
The Oviatt Building
617 South Olive Street, Suite 1200
Los Angeles, CA 90014
Telephone:  (213) 985-2200
Fax:  (213) 973-6282
Email:  abholmes@htjlaw.com
Attorneys for Defendant
Taj Jerry Mahabub.

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2015, a true and correct copy of the foregoing was

filed with the Court and served via CM/ECF and mailed to the following parties of record:

> Michael P. McCloskey
> WILSON, ELSER, MOSKOWITZ,
> EDELMAN & DICKER, LLP
> 655 West Broadway, Suite 900
> San Diego, CA 92101
> *Attorney for GenAudio, Inc.*
>
> Jeffrey G. Benz, Esq.
> Benz Law
> 12021 Wilshire Blvd., Suite 256
> Los Angeles, CA  90025
> *Attorney for Astound Holdings, Inc.*

> /s/  Andrew B. Holmes
> Andrew B. Holmes