IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02118-WJM-CBS

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

v.

TAJ JERRY MAHABUB, GENAUDIO, INC., and
ASTOUND HOLDINGS, INC.,

Defendants.

---

## [Proposed] SCHEDULING ORDER

---

### 1.    DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

January 8, 2016, in Courtroom A 402, located at the Alfred A. Arraj U.S.

Courthouse, 901 19th Street, Denver, Colorado.

Leslie J. Hughes, Trial Counsel
Danielle R. Voorhees, Trial Counsel
Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
Telephone:  303-844-1000
Email: HughesLJ@sec.gov
Email: VoorheesD@sec.gov
*Attorneys for Plaintiff Securities and Exchange Commission*

Andrew B. Holmes
Holmes, Taylor & Jones, LLP
617 South Olive Street, Suite 1200
Los Angeles, CA 90014
Telephone:  213-985-2265
abholmes@htjlaw.com
*Attorney for Defendant Taj Jerry Mahabub*

Michael P. McCloskey
Wilson Elser Moskowitz Edelman & Dicker LLP
655 West Broadway, Suite 900
San Diego, CA 92101
Telephone:  619-321-6200
Email:  Michael.McCloskey@wilsonelser.com
*Attorney for Defendant GenAudio, Inc.*

## 2.  STATEMENT OF JURISDICTION

The Commission, a federal agency, brought this lawsuit for violations of the

federal securities laws. This Court has jurisdiction under Section 22(a) of the Securities

Act of 1933 ("Securities Act") [15 U.S.C. § 77v(a)] and Sections 21(e) and 27 of the

Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(e) and 78aa].

The Defendants do not dispute jurisdiction or venue.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

a. <u>Plaintiff's</u>:

Plaintiff Securities and Exchange Commission ("Commission") alleges that

Defendants Taj Jerry Mahabub ("Mahabub") and GenAudio, Inc. ("GenAudio") engaged

in fraud during the unregistered sale of GenAudio's securities and that by doing so, they

violated the securities registration and anti-fraud provisions of Sections 5(a), 5(c), and

17(a) of the Securities Act [15 U.S.C. §§ 77e(a), 77e(c) and 77q(a)]; Section 10(b) of

the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-

5].  In the alternative, the Commission alleges that Mr. Mahabub aided and abetted GenAudio's violations of the anti-fraud provisions of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].  Also in the alternative, the Commission alleges that Mr. Mahabub is liable as a control person under Section 20(a) of the Exchange Act [15 U.S.C. § 78t] for GenAudio's violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

The Commission alleges that from March 2010 through April 2012, GenAudio and Mr. Mahabub raised approximately $4.5 million from numerous investors in multiple states through two unregistered offerings of GenAudio's stock, and from November 2009 through April 2012, Mr. Mahabub also engaged in the sale of his personal stock in GenAudio, through which he raised $2.3 million.  During these offerings, Mr. Mahabub and GenAudio made material false and misleading statements and material omissions. Among other things, Mr. Mahabub and GenAudio falsely represented that Apple, Inc. ("Apple") planned to acquire GenAudio or enter into lucrative licensing agreements with GenAudio, and that Apple's senior management – including Steve Jobs, Phil Schiller and Tim Cook - advocated acquiring GenAudio's technology.  In reality, GenAudio had only demonstrated its technology to, and had technical discussions with, mid-level Apple personnel.  Further, Apple and GenAudio never began negotiations for Apple to license GenAudio's technology or to acquire GenAudio and Apple never communicated that it planned to incorporate GenAudio's technology into any of its new product roll-outs.  In fact, GenAudio had no substantive communications with Apple after March

2011.  Further, Mr. Mahabub and GenAudio provided investors with misleading valuation information.

The Commission also alleges that Mr. Mahabub and GenAudio participated in a fraudulent scheme by, among other things, making false and misleading statements, providing false and misleading information to the third-party valuation firm, falsely modifying emails received from Apple personnel and then circulating the modified emails to others, and providing false information to GenAudio's board of directors.

The Commission alleges that Defendant Astound Holdings, Inc. ("Astound Holdings") is liable for GenAudio's fraudulent and unregistered stock offerings as a successor-in-interest because, among other things, Astound Holdings expressly and impliedly agreed to assume GenAudio's debt and Astound Holdings is a mere continuation of GenAudio.

On December 22, 2015, the Commission moved for the Clerk's entry of default against Astound Holdings, based on its failure to respond to the complaint.  (ECF No. 21)  On December 23, 2015, the Clerk entered Default as to Astound Holdings (ECF No. 22)

b.    <u>Defendants</u>:

Mr. Mahabub and GenAudio assert four affirmative defenses:

1.    The complaint fails to state facts sufficient to state a cause of action against Mahabub.

2.    The alleged false statements and omissions were forward looking statements that are rendered non-actionable under the bespeaks caution

doctrine and are protected by statutory and administrative safe harbor protections and similar protections.

3.      The securities transactions are exempt from registration under the Securities Act and other rules and regulations including Section 4(2) of the Securities Act, 15 U.S.C. § 77d(2), and Rule 506 of Regulation D, 17 C.F.R. § 230.506.

4.      The securities transactions are covered under the safe harbor provisions of Rule 508 of Regulation D, 17 C.F.R. § 230.508.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1.      Mr. Mahabub is a resident of Broomfield, Colorado. GenAudio and Mahabub Answers at ¶ 15, 18.

2.      GenAudio is a Colorado corporation with its principal place of business in Centennial, Colorado.  GenAudio and Mahabub Answers at ¶ 19.

3.      Mr. Mahabub is the founder, CEO, and a director of GenAudio.  GenAudio and Mahabub Answers at ¶ 1, 18, 21.

4.      Mr. Mahabub served at times as GenAudio's CEO.  GenAudio and Mahabub Answers at ¶ 22.

5.      On or about March 15, 2010, Mahabub reported that he owned 7,001,000 shares of GenAudio's common voting stock.  Mahabub further admits that the 2010 Private Placement Memorandum stated that assuming the full amount of shares offered pursuant to the 2010 offering is subscribed for, without exercise of any

5

overallotment right, he would own 51.43 percent of the common stock.  GenAudio and Mahabub Answer at ¶ 119.

6.   Astound Holdings is a Delaware corporation with its principal place of business in Centennial, Colorado. GenAudio and Mahabub Answers at ¶ 20.

7.   In September 2014, Astound Holdings was incorporated in Delaware.

8.   Mr. Mahabub is Astound Holdings' CEO and sole director and he controls Astound Holdings. GenAudio and Mahabub Answers at ¶ 18, 20.

9.   Since approximately October 2014, GenAudio has been the sole shareholder of common stock in Astound Holdings.  GenAudio and Mahabub Answers at ¶ 19.

10.   Under Astound Holdings' bylaws, GenAudio is entitled to vote its 10 million shares of Astound Holdings' stock and Mr. Mahabub has the authority to determine those votes.  GenAudio and Mahabub Answers at ¶ 140, 145.

11.   GenAudio has never registered an offering of securities under the Securities Act or a class of securities under the Exchange Act. GenAudio and Mahabub Answers at ¶ 19.

12.   GenAudio financed its operations primarily through the sale of debt and equity securities in a number of private offerings. GenAudio and Mahabub Answers at ¶ 24.

13.   GenAudio solicited prospective investors for the 2010 Offering by, among other things, disseminating, via email, a private placement memorandum ("PPM") and letter signed by Mr. Mahabub dated March 15, 2010 (collectively, "2010 Offering Materials").  GenAudio and Mahabub Answers at ¶ 36.

14. Mr. Mahabub assisted with the preparation of the 2010 Offering Materials, reviewed the 2010 Offering Materials, and was a member of the board of directors that approved the 2010 Offering Materials.  GenAudio and Mahabub Answers at ¶ 37.

15. At Mr. Mahabub's direction, GenAudio also included in the 2010 Offering Materials a third-party valuation report that purported to value GenAudio's technology at around $1 billion based on certain assumptions and conditions. GenAudio and Mahabub Answers at ¶ 62.

16. Mr. Mahabub hired the third-party valuation company.  GenAudio and Mahabub Answers at ¶ 63.

17. GenAudio sent the 2010 Offering Materials to GenAudio's shareholders by email. GenAudio and Mahabub Answers at ¶ 56.

18. GenAudio later sent the 2010 Offering Materials to other prospective investors. GenAudio and Mahabub Answers at ¶ 56.

19. The 2011/2012 Offering Materials included a letter to shareholders and a Private Placement Memorandum dated April 22, 2011.

20. Mr. Mahabub assisted with the preparation of the 2011/2012 Offering Materials, reviewed the 2011/2012 Offering Materials, and was a member of the board of directors that approved the 2011/2012 Offering Materials.  GenAudio and Mahabub Answers at ¶ 96.

21. Through the 2011-2012 Offering, GenAudio and Mr. Mahabub offered and sold GenAudio's shares to existing shareholders and other investors.  GenAudio and

7

Mahabub Answers at ¶ 95

22.   GenAudio used the telephones, the Internet, and the mails in connection with the 2010 Offering and in connection with the 2011-2012 Offering. GenAudio and Mahabub Answers at ¶ 135.

23.   From approximately November 2009 through April 2012, Mr. Mahabub sold some of his personal stock in GenAudio.  Mahabub Answer at ¶ 103.

24.   Mr. Mahabub sold some of his personal stock to existing GenAudio shareholders. Mahabub Answer at ¶ 105.

25.   Mr. Mahabub was the primary person responsible for drafting the company's public disclosures. Mahabub Answer at ¶ 4.

26.   Mr. Mahabub was GenAudio's primary point of contact with Apple, Inc., and others at GenAudio were dependent on him for certain information relating to Apple. GenAudio and Mahabub Answers at ¶ 4, 38.

27.   Mr. Mahabub was GenAudio's primary representative in its dealings with Apple. GenAudio and Mahabub Answers at ¶ 4.

28.   Mr. Mahabub controlled the dissemination of the information about GenAudio's dealings with Apple to GenAudio's directors and employees. GenAudio and Mahabub Answers at ¶ 124.

29.   Mr. Mahabub never met in-person with Steve Jobs, the former Chief Executive Officer of Apple.  GenAudio and Mahabub Answers at ¶ 81.

30.   Mr. Mahabub used the term "LCEC" in some shareholder communications to refer to Apple.  GenAudio and Mahabub Answers at ¶ 57.

31.  GenAudio provided compensation to Mr. Mahabub using funds raised through the 2010 Offering and through the 2011/2012 Offering. GenAudio and Mahabub Answers at ¶ 128.

32.  Mr. Mahabub entered into three separate tolling agreements to toll the running of any statute of limitations against him from March 1, 2015 through November 30, 2015.  Mahabub Answer at ¶ 16.

33.  GenAudio entered into three separate tolling agreements to toll the running of any statute of limitations against it from March 1, 2015 through November 30, 2015.  GenAudio and Mahabub Answers at ¶ 17.

34.  GenAudio received approximately $4.5 million from its sales of securities in the 2010 Offering and 2011-2012 Offering.  GenAudio and Mahabub Answers at ¶ 128.

### 5.  COMPUTATION OF DAMAGES

The Commission is not seeking damages.  Rather, the Commission is seeking, from each defendant a permanent injunction against future violations of the federal securities laws charged in the complaint and disgorgement of ill-gotten gains relating to the unlawful conduct charged in the complaint, plus pre-judgment and post-judgment interest.  Subject to further discovery, the Commission is seeking approximately $4.5 million in disgorgement jointly and severally from GenAudio, Mahabub, and Astound; and approximately $2,300,000 from Mahabub plus prejudgment interest on both amounts.  The Commission is also seeking civil penalties against each defendant pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3)

of the Exchange Act [15 U.S.C. § 78u(d)].  The Commission is also seeking an order

prohibiting Mr. Mahabub from acting as an officer or director of any issuer that has a

class of securities registered pursuant to Section 12 of the Exchange Act or that is

required to file reports pursuant to Section 15(d) of the Exchange Act.

## 6.  REPORT OF PRECONFERENCE
## DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.    Date of Rule 26(f) meeting.

December 15, 2015.

b.    Names of each participant and party he/she represented.

Leslie J. Hughes, Trial Counsel
Danielle R. Voorhees, Trial Counsel
*Attorneys for Plaintiff Securities and Exchange Commission*

Andrew B. Holmes
*Attorney for Defendant Taj Jerry Mahabub*

Michael P. McCloskey
David J. Aveni
*Attorneys for Defendant GenAudio, Inc.*

Additionally, Jeffrey G. Benz participated in the conference call on behalf of

Astound Holdings; however, Astound Holdings has not submitted a response to the

Complaint and on December 23, 2015, the Clerk entered Default as to Astound

Holdings.

c.    Statement as to when Rule 26(a)(1) disclosures were made or will be made.

The parties will make their Rule 26(a)(1) disclosures on or before January 15,

2016.

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

The parties have stipulated to an extension until January 15, 2016.

e.      Statement concerning any agreements to conduct informal discovery.

At this time, the parties do not have any agreements to conduct informal discovery.  After January 15, 2016, the SEC will provide .pdf copies of the investigative transcripts and exhibits marked during its investigation, and, subject to any relevant privileges or protections, electronic copies of the documents obtained during its investigation.   .

f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties do not have any specific agreements or proposals to reduce discovery or litigation costs; however, the parties agree to cooperate where possible to reduce the costs of discovery and litigation, including agreeing to consider early stipulations to the authenticity of key documents.  At trial, the Commission's Exhibits will be numbered and Defendants' Exhibits will be lettered.  If there are more than 26 exhibits for the Defendants, they will be marked A1 through A99, B1 through B99, etc. There will be no duplicate exhibits.  Counsel will stipulate to the admissibility of exhibits to the maximum extent possible.

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties discussed electronic discovery during the Rule 26(f) meeting and have agreed to produce documents in electronic format.  Pursuant to Defendants'

request, the Commission will produce documents to GenAudio in a structured format prepared for a document review platform and will produce documents to Mr. Mahabub as .pdf files, to the extent that it is possible and not burdensome.

The Defendants are reviewing their electronic files and will preserve any electronic documents related to this case.  The Commission has requested that Defendants produce any electronic documents in their native format (i.e., the format in which they are ordinarily used and maintained) and that any hard-copy files be scanned to electronic format and produced electronically.

h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties discussed the possibility of settlement pre-filing.  At this time, the parties do not believe that the case is likely to be resolved via settlement.  The parties will, however, continue to discuss the possibility of settlement as the case progresses. The parties will notify the Magistrate Judge if they participate in alternate dispute resolution or if they believe that participation in such a meeting would be fruitful.

## 7.  CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The parties propose fifteen (15) depositions per side.  The parties do not propose any modifications to the presumptive number of interrogatories.

b.      <u>Limitations which any party proposes on the length of depositions</u>.

The parties agree that the limitations in Fed. R. Civ. P. 30(d)(1) shall apply.

c.      <u>Limitations which any party proposes on the number of requests for production and/or requests for admission</u>.

The parties agree that each party will be limited to fifty (50) requests for production and fifty (50) requests for admission.  The parties believe that the increased number of requests for production and admission will streamline discovery and will not be unreasonably cumulative, duplicative, burdensome or expensive.  This is a document-intensive case that involves numerous offerings, investors, and documents. Further, because this case involves numerous key documents, the parties believe that it may be most efficient to address the authentication and authorship of documents through requests for admission.

The parties agree that written discovery must be served no later than, August 8, 2016.

d.      <u>Other Planning or Discovery Orders</u>

The Commission's production of documents will likely involve the production of large amounts of electronically stored information and it may be impossible, impracticable, and unduly burdensome for the Commission to review prior to production all information for identification of Personally Identifiable Information ("PII") and other sensitive information such as that addressed in Fed. R. Civ. P. 5.2(a).  The parties therefore agree that information disclosed by the Commission shall be used by Defendants and their counsel only for purposes of this action and each party shall be responsible for redacting PII in any public disclosure and for complying with Rule 5.2 of

the Federal Rules of Civil Procedure.

The parties anticipate that they will jointly move for an order under Federal Rule of Evidence 502(d).  The parties will submit a proposed order on or before February 22, 2016.

## 9.  CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings:

The parties agree that February 22, 2016 shall be the deadline for joinder of Parties and the deadline to amend pleadings.

b.      Discovery Cut-off:

The parties agree that September 9, 2016 shall be the last day for discovery. The parties have agreed that written discovery must be served no later than August 8, 2016.

c.      Dispositive Motion Deadline:

The parties agree that October 9, 2016 is the last day to file dispositive motions.

d.      Expert Witness Disclosure

1.      The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff:  The Commission is still evaluating whether it will utilize experts in this matter.

Defendants:  The Defendants are still evaluating whether they will use experts in this matter.

2.      Limitations which the parties propose on the use or number of expert witnesses.

The parties agree that each party shall be limited to <u>three</u> experts.  The parties have agreed to provide notice to each party on or before March 11, 2016 if they intend to retain experts in this matter.  The notice shall include the field on which the expert is anticipated to testify.

3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>June 8, 2016</u>.

4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>July 8, 2016</u>.

e.      <u>Identification of Persons to Be Deposed</u>:

<u>Plaintiff</u>:  The Commission provides the following estimates of depositions to be taken in this matter.  The Commission may alter this schedule as needed based on how discovery progresses and the Commission reserves the right to depose other witnesses if necessary within the limits imposed by the Federal Rules of Civil Procedure and this Order.

15

| Name of Deponent | Expected Length of Deposition |
|---|---|
| Taj Jerry Mahabub | 7 hours or less |
| 30(b)(6) of GenAudio | 7 hours or less |
| Jim Wei-Kung Mattos | 7 hours or less |
| Jim Devine | 7 hours or less |
| Issam Khoury | 7 hours or less |
| Current or former employee of Apple | 7 hours or less |
| Current or former employee of Apple | 7 hours or less |
| Former GenAudio Board Member | 7 hours or less |
| Former GenAudio Board Member | 7 hours or less |
| GenAudio Investor | 7 hours or less |
| GenAudio Investor | 7 hours or less |
| GenAudio Investor | 7 hours or less |

Defendants:  GenAudio and Mr. Mahabub provide the following estimate of depositions they may take in this matter.  GenAudio and/or Mr. Mahabub may alter this list in part or in its entirety, as needed, based on how discovery progresses, and GenAudio and/or Mr. Mahabub reserve the right to depose any other witnesses, subject to the limits imposed by the Federal Rules of Civil Procedure and this Order:  Victor Tiscareno; Ronald Issac; Michael Hailey; other current or former Apple employees; Dell Skluzak; other former GenAudio Board Members; GenAudio investors.

f.      <u>Deadline for Interrogatories</u>:

The parties agree that interrogatories must be served no later than August 8, 2016 and that September 9, 2016 shall be the last day for discovery.

g.      <u>Deadline for Requests for Production of Documents and/or Admissions</u>:

The parties agree that requests for production of documents and requests for admissions must be served no later than August 8, 2016 and that September 9, 2016 shall be the last day for discovery.

## 10. DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times: _____.

b.      A final pretrial conference will be held in this case on _____ at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b.      Anticipated length of trial and whether trial is to the court or jury.

Trial regarding liability for the alleged securities violations will be to a jury. If liability is found, the Court will determine the relief to be ordered. The parties anticipate that the jury trial will last 7 days.

17

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

      None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon motion showing

good cause and order entered thereon.

DATED at Denver, Colorado, this _____day of _____, 20___.

BY THE COURT:


_____
United States Magistrate Judge

**APPROVED:**

/s Danielle R. Voorhees
Leslie J. Hughes, Trial Counsel
Danielle R. Voorhees, Trial Counsel
Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
Telephone:  303-844-1000
Email: HughesLJ@sec.gov
Email: VoorheesD@sec.gov
*Attorneys for Plaintiff Securities and Exchange Commission*

/s Andrew B. Holmes
Andrew B. Holmes
Holmes, Taylor & Jones, LLP
617 South Olive Street, Suite 1200
Los Angeles, CA 90014
Telephone:  213-985-2265
abholmes@htjlaw.com
*Attorney for Defendant Taj Jerry Mahabub*

/s Michael P. McCloskey
Michael P. McCloskey
Wilson Elser Moskowitz Edelman & Dicker LLP
655 West Broadway, Suite 900
San Diego, CA 92101
Telephone:  619-321-6200
Email:  Michael.McCloskey@wilsonelser.com
*Attorney for Defendant GenAudio, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2015, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will send notification of the

filing to the following email addresses:

Michael P. McCloskey, Esq.
Michael.McCloskey@wilsonelser.com
david.aveni@wilsonelser.com,
shannon.deissig@wilsonelser.com
*Attorney for GenAudio, Inc.*


Andrew B. Holmes, Esq.
abholmes@htjlaw.com
abholmesesq@gmail.com
*Attorney for Taj Jerry Mahabub*


*s/ Elinor E. Blomgren*
Elinor E. Blomgren