IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:15-cv-02118-WJM-CBS

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

TAJ JERRY MAHABUB, GENAUDIO,
INC., and ASTOUND HOLDINGS, INC.,

    Defendants.

**DEFENDANT TAJ JERRY MAHABUB'S
MOTION FOR MORE TIME TO COMPLY WITH DISCOVERY ORDER**

By this motion, Defendant Taj Jerry Mahabub requests that the Court's July 27, 2016 Order be modified to allow production four (4) days later than originally ordered (on August 15, 2016, rather than August 11, 2016).

Following a telephonic discovery conference held with this Court on July 27, 2016, which the undersigned (Andrew B. Holmes, of Holmes, Taylor & Jones LLP, counsel for Defendant Taj Jerry Mahabub in this matter) participated in, this Court ordered that "Defendant Jerry Mahabub shall produce responsive materials in native format to Plaintiff's discovery requests, as discussed, within two weeks." (Docket 42.)

This Order stemmed from the SEC's request that Mr. Mahabub comply with production request No. 8, which stated:

    **REQUEST FOR PRODUCTION NO. 8**:
    A forensic image of any computer or mobile device that you used to communicate with Apple during the time period January 1, 2009 through

1

December 31, 2012, including, but not limited to, communications with current and former officers and employees of Apple: Steve Jobs, Philip Schiller, Tim Cook, Victor Tiscareno, Michael Hailey, and Ronald Isaac, and any computer or mobile device that you used to transmit or otherwise forward any of your communications with Apple to any person.

Mr. Mahabub timely responded to this request as follows:

**RESPONSE TO REQUEST NO. 8:**
Without waiving the General objections set forth above, which objections are incorporated by reference, Responding Party responds as follows: Objection: a complete image of the computer hard drive will contain matters that are both irrelevant and subject to numerous privileges, including the attorney-client privilege, work product doctrine, as well as privacy rights. Pursuant to the terms of a mutually agreeable protective order, Responding Party will produce whatever emails and/or metadata pertaining to those emails that can be obtained via a forensic imaging and recovery of such materials from Responding Party's laptop computer hard drive.
Responding Party anticipates production of any such responsive non-privileged documents it is able to locate by on or about May 30, 2016.

The Court's July 27, 2016 Order required production of the native computer data responsive to this request within two weeks of that date, which is Thursday, August 11, 2016. However, on Tuesday August 9, 2016, counsel for Mr. Mahabub received an email from Dan Nolte of Facility Innovations, the data vendor responsible for the imaging and searching of the hard drive. That email stated:

After some technical difficulties needed to be worked out I was able to get the drive connected through the write blocker into EnCase. I have made a forensic image of the hard disk so the original condition and state of the hard disk has been preserved. It also means that a copy of the EnCase file can now be transmitted and used by other experts with assurance of authenticity.

It turns out that the encryption being employed was full-volume encryption rather than file level encryption, which means that without special processes the raw disk is not intelligible. There are procedures that I am in the process of checking and following. Once completed the disk can then be searched for keywords. and then the possibly quite lengthy process of reviewing the raw hits for false positives can begin.

The process of getting an unencrypted disk for analysis involves exporting the disk to another computer which is currently in process and will require several more hours, using a Mac to decrypt the entire disk which will also take several hours, and then reloading the unencrypted version in EnCase.

A true and correct copy of this email (as well as the exchanges that followed it) is attached to the Declaration of Andrew B. Holmes ("Holmes Decl.") as Exhibit A.

Counsel for Mr. Mahabub contacted counsel for the SEC to request that, due to the forensic data issues encountered by the vendor, the production be continued until Monday, August 15, 2016.  Counsel for the SEC declined, stated they would not stipulate to any extra time, and stated that a motion would be necessary, and they would oppose any such motion.  The SEC even rejected counsel for Mr. Mahabub's attempt to find a compromise solution. A true and correct copy of this entire email exchange is attached to the Holmes Decl. as Exhibit B.

The undersigned counsel spoke via telephone with the chambers clerk for Magistrate Judge Craig B. Shaffer, who confirmed that Judge Shaffer was unavailable this week, and who stated that Mr. Mahabub should proceed with filing this motion without requiring that we complete the otherwise-required pre-filing conference. *See* Holmes Decl. at ¶ 4.

The extra time was requested so that counsel could review the hard drive image in order to separate the responsive from non-responsive materials, as well as to locate and separate out any responsive but privileged materials.  The SEC is not entitled to (nor does it want) irrelevant data, nor are they entitled to review data subject to the attorney-client privilege, work product doctrine, or various rights of privacy – all protections which were preserved by the timely written response to the discovery request.

Unfortunately, it is currently unknown how long such a data review will take.  It may be that such a review will be simple and speedy, or it may be that it is a tedious and labor-intensive effort.  This is impossible to know, since as of the writing of this motion, counsel does not yet have the data from the vendor (Facility Innovations).  Regardless,

counsel will work through the weekend if necessary to review the data and create a native production set for the SEC, so that it can be produced on Monday, August 15, 2016.

In light of the foregoing, Mr. Mahabub respectfully requests that he be allowed four (4) additional days within which to provide the requested data, and that the Court modify the July 27, 2016 Order accordingly.

Dated:  August 10, 2016         **HOLMES, TAYLOR & JONES LLP**

By: _____
    Andrew B. Holmes, Esq.
    Attorneys for Defendant
    TAJ JERRY MAHABUB