IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02118-WJM-CBS

SECURITIES AND EXCHANGE
COMMISSION,
              Plaintiff,

v.

TAJ JERRY MAHABUB, GENAUDIO, INC., and
ASTOUND HOLDINGS, INC.,

              Defendants.

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT MAHABUB'S MOTION FOR MORE TIME TO COMPLY WITH DISCOVERY ORDER**

---

Plaintiff Securities and Exchange Commission ("SEC") submits its Opposition to Defendant Mahabub's Motion for More Time to Comply with Discovery Order ("Motion") (ECF No. 43). The SEC respectfully requests that the Motion be denied. Defendant Mahabub has had months to produce responsive data and he fails to provide good cause for yet another delay.

**I.    Background**

On July 27, 2016, the Court ordered: "Defendant Mahabub shall produce responsive materials in native format to Plaintiff's discovery requests, as discussed, within two weeks" ("Order") (ECF No. 42). The Order relates to two Requests for Production of Documents ("RFPs") the SEC issued to Mahabub on February 19, 2016: RFP 2, quoted in Mahabub's Motion at 1-2, and RFP 8, which follows:

**REQUEST FOR PRODUCTION NO. 8**:

A forensic image of any computer or mobile device that you used to communicate with Apple during the time period January 1, 2009 through December 31, 2012, including, but not limited to, communications with current and former officers and employees of Apple: Steve Jobs, Philip Schiller, Tim Cook, Victor Tiscareno, Michael Hailey, and Ronald Isaac, and any computer or mobile device that you used to transmit or otherwise forward any of your communications with Apple to any person.

**RESPONSE TO REQUEST NO. 8**:

Without waiving the General objections set forth above, which objections are incorporated by reference, Responding Party responds as follows: Objection: a complete image of the computer hard drive will contain matters that are both irrelevant and subject to numerous privileges, including the attorney-client privilege, work product doctrine, as well as privacy rights. Pursuant to the terms of a mutually agreeable protective order, Responding Party will produce whatever emails and/or metadata pertaining to those emails that can be obtained via a forensic imaging and recovery of such materials from Responding Party's laptop computer hard drive.

Responding Party anticipates production of any such responsive non-privileged documents it is able to locate by on or about May 30, 2016.

These RFPs relate to the SEC's allegations that Defendant Mahabub fraudulently modified emails to and from employees at Apple, Inc. *See* Compl. ¶¶ 113 – 117 (ECF No. 1). During the SEC's investigation that preceded this enforcement action, Mahabub testified that he did not have access to his emails dated prior to April of 2011.[1] (Ex. 1,

---

[1] Mahabub also testified that the laptop that he used prior to 2011 "was fried" and he no longer had it in his possession. (Ex. 1 at 14:9-15:7.)

Feb. 5, 2015 Testimony of Taj Jerry Mahabub at 15:9 – 16:1.) Despite this testimony, Mahabub's disclosures pursuant to Fed.R.Civ.P. 26(a)(1) included:

**B.  Description of documents, data, compilations, and tangible things that are in the possession, custody, or control of defendant that he may use to support his defenses:**

| | Categories of Documents | Location of Documents |
|---|---|---|
| 1. | Email chain from Taj Jerry Mahabub to Steve Jobs and Victor Tiscareno | GenAudio, Inc.'s possession, custody, or control. |

Defendant GenAudio, Inc. produced to the SEC a .pdf document purporting to include an August 30, 2010 email from Mahabub to "sjobs@apple.com."[2]

## II.     Mr. Mahabub Has Had Months To Produce The Data.

Mahabub has been aware of the need to retain a vendor, provide it with data relevant to this case, and analyze the relevant data since the parties' Rule 26(f) meeting in December 2015.  Further, as detailed below, to facilitate an efficient resolution to this issue the SEC offered:  (1) to arrange for imaging of Mahabub's computer through the SEC's forensics unit, or (2) to agree that imaging is unnecessary "[i]f Mr. Mahabub will not use any data recovered from his laptop in this case[.]"  Neither offer was accepted, yet Mahabub has still failed to produce responsive data.  Mahabub's complete lack of diligence in complying with his discovery obligations should not provide an excuse for further delay in the production of responsive materials.

---

[2] While Mahabub is the Chief Executive Officer of GenAudio, Inc., Mahabub and GenAudio are represented by separate counsel in this litigation.  In responding to discovery requests, GenAudio has taken the position that "any other production of documents from Mr. Mahabub's computer will be conducted by Mr. Mahabub, through his counsel." (Ex. 2 at p.7, GenAudio, Inc. Responses to SEC's First Requests for Production of Documents, Response to RFP 7.)

3

The relevant RFPs were issued on February 19, 2016, and responses were provided on April 4, 2016. On April 5, 2016, counsel for the SEC emailed counsel for Mahabub about the Responses and offered to discuss the possibility of the SEC's forensics unit collecting an image of Mahabub's computer. (Ex. 3 at p. 2, April 4, 5, and 12, 2016 emails between Danielle R. Voorhees and Andrew B. Holmes.) On April 15, 2016, counsel for the SEC called counsel for Mahabub. (*See id.* at 1.) During that call, counsel for Mahabub indicated that Mahabub's current laptop may contain additional documents responsive to the SEC's RFPs, that Mahabub's hard drive had been pulled from his computer, but was still in Mahabub's possession, a vendor would image the drive, and then counsel for the parties could confer regarding what, exactly, would be produced.[3] (Ex. 4 at ¶ 2, Aug. 11, 2016 Declaration of Danielle R. Voorhees.)

On or about May 10, 2016, counsel for the SEC had another call with Mahabub's counsel regarding, among other things, the hard drive image. (*Id.* at ¶ 3.) Counsel for the SEC was left with the understanding that the hard drive had been provided to a vendor, and that counsel for Mahabub would provide counsel for the SEC with a file list or similar information. (*Id.*) On May 20, May 26, and July 12, counsel for the SEC sent additional emails to counsel for Mahabub, requesting information about the computer image. (Ex. 5, May 6, 9, 20, and 26 and July 12, 2016 emails from Danielle R. Voorhees to Andrew B. Holmes.) In the May 26, 2016 email, counsel for the SEC

---

[3] Counsel for the SEC and counsel for Mahabub did not agree on what would, or should be, produced in response to RFP 8; however, counsel decided to confer further after the vendor provided some work-product related to the image.

4

offered: "If Mr. Mahabub will not use any data recovered from his laptop in this case, please notify us and we will agree that imaging is unnecessary." (*Id*. at 1.)

On July 19, 2016, counsel for the SEC spoke with counsel for Mahabub while attending a deposition in this case. Counsel for the SEC raised the issue of when the imaged data would be produced and counsel for Mahabub explained that the hard drive had never been provided to a vendor and was likely in a box somewhere within Mahabub's possession. Counsel for Mahabub and the SEC agreed to participate in a discovery hearing, which resulted in the Order. (Ex. 4 at ¶ 4.)

### III.   Mr. Mahabub Has Not Provided Good Cause For The Extension.

The email from the vendor that Mr. Mahabub attaches and quotes as support for the request for an extension does nothing to explain why Mr. Mahabub was unable to comply with the Order. *See* Mot. at 2. Mahabub has not explained when the "hard disk" was provided to the vendor, why the hard disk was encrypted, whether Mr. Mahabub was involved in the encryption, whether Mahabub could have hastened the decryption, or why it would take four days to search for and conduct a responsiveness and privilege review on what is presumably a limited set of data related to "current and former officers and employees of Apple: Steve Jobs, Philip Schiller, Tim Cook, Victor Tiscareno, Michael Hailey, and Ronald Isaac[.]"

Mahabub has engaged in excessive and careless delay in failing to comply with his discovery obligations and he provides no good cause for extending the Court's reasonable provision of two weeks to comply with the Order. The SEC respectfully requests that his Motion for additional time be denied.

5

DATED:  August 11, 2016

        Respectfully Submitted,

        s/ Danielle R. Voorhees
        Leslie J. Hughes (Colo. Bar No. 15043)
        Danielle R. Voorhees (Colo. Bar No. 35929)
        Securities and Exchange Commission
        1961 Stout Street, Suite 1700
        Denver, CO  80294-1961
        Telephone: (303) 844-1000
        Fax: (303) 297-3529
        Email: HughesLJ@sec.gov
              VoorheesD@sec.gov
        Attorneys for Plaintiff
        Securities and Exchange Commission

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2016, the document above was e-filed with the Court's ECF system and will be served on those listed below:

Andrew B. Holmes
Holmes, Taylor & Jones, LLP
617 South Olive Street, Suite 1200
Los Angeles, CA 90014
Telephone: 213-985-2265
Email: abholmes@htjlaw.com
*Attorney for Defendant Taj Jerry Mahabub*

Michael P. McCloskey
Wilson Elser Moskowitz Edelman & Dicker LLP
655 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619-321-6200
Email: Michael.McCloskey@wilsonelser.com
*Attorney for Defendant GenAudio, Inc.*

Jeffrey G. Benz
Benz Law
12021 Wilshire Boulevard, Suite 256
Los Angeles, CA 90025
Telephone: 310-570-2774
Email: JeffreyBenz@gmail.com
*Attorney for Defendant Astound Holdings, Inc.*

                                          *s/ Elinor E. Blomgren*
                                          Elinor E. Blomgren