Case 1:15-cv-02118-WJM-SKC   Document 48   Filed 08/18/16   USDC Colorado   Page 1 of 15

Securities & Exchange Commission vs.                                    Telephonic Discovery Hearing
Taj Jerry Mahabub, et al.                                                           July 27, 2016

```
 1              IN THE UNITED STATES DISTRICT COURT
 2                 FOR THE DISTRICT OF COLORADO
 3    Case No. 15-CV-02118-WJM-CBS
 4    _____
 5    SECURITIES & EXCHANGE COMMISSION,
 6         Plaintiff,
 7    vs.
 8    TAJ JERRY MAHABUB, et al.,
 9         Defendants.
10    _____
11           Proceedings before CRAIG B. SHAFFER, United States
12    Magistrate Judge, United States District Court for the
13    District of Colorado, commencing at 2:59 p.m., July 27, 2016,
14    in the United States Courthouse, Denver, Colorado.
15    _____
16           WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS
17    ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED...
18    _____
19                            APPEARANCES
20           DANIELLE R. VOORHEES and LESLIE J. HUGHES,
21    Attorneys at Law, appearing for the plaintiff.
22           ANDREW B. HOLMES, Attorney at Law, appearing for
23    the defendants.
24    _____
25                   TELEPHONIC DISCOVERY HEARING
```

Case 1:15-cv-02118-WJM-SKC   Document 48   Filed 08/18/16   USDC Colorado   Page 2 of 15

Securities & Exchange Commission vs.  
Taj Jerry Mahabub, et al.

Telephonic Discovery Hearing  
July 27, 2016

Page 2

```
 1                    P R O C E E D I N G S
 2              (Whereupon, the within electronically recorded
 3     proceedings are herein transcribed, pursuant to order of
 4     counsel.)
 5              THE CLERK:  Court is in session.
 6              THE COURT:  Good afternoon.  This is Magistrate
 7     Judge Shaffer.  We are on the record in 15-cv-2118, SEC
 8     versus Mahabub, I think it's pronounced.  Who do I have on
 9     the phone?
10              MR. HOLMES:  That's right.
11              MS. VOORHEES:  This is Danielle Voorhees and
12     Lesile Hughes for the Securities & Exchange Commission.  Good
13     afternoon, Your Honor.
14              THE COURT:  Good afternoon.
15              MR. HOLMES:  And this is Andrew Holmes on behalf
16     of Jerry Mahabub.  And you -- you got the name just about
17     right.
18              THE COURT:  All right.  Let me sort of tell you
19     what I know.  My staff has advised me that there is some sort
20     of discovery issue, discovery dispute.  And I have now fully
21     exhausted my knowledge.  That's -- that's an embarrassing
22     thing to have to admit, but it's probably true.  So why
23     doesn't somebody, or both of you, fill me in on what exactly
24     we're talking about?
25              MS. VOORHEES:  Sure, Your Honor.  This is Danielle
```

Case 1:15-cv-02118-WJM-SKC   Document 48   Filed 08/18/16   USDC Colorado   Page 3 of 15

Securities & Exchange Commission vs.  
Taj Jerry Mahabub, et al.

Telephonic Discovery Hearing  
July 27, 2016

Page 3

```
 1   Voorhees at the SEC.  We're the ones who requested this
 2   conference, and we appreciate you taking some time with us
 3   today.
 4              THE COURT:  Sure.
 5              MS. VOORHEES:  In February, on February 19th of
 6   2016, we issued Mr. Mahabub some requests for production, and
 7   those included requests for email communications and
 8   correspondence that he had with people at Apple, and a
 9   forensic image of a computer or mobile devices that he had to
10   communicate with Apple during the relevant time period and
11   that he would have used to have forwarded on those
12   communications to other people.  And the reason that we
13   issued these discovery requests is, as you may recall, one of
14   the SEC's claims in this case is that Mr. Mahabub and
15   GenAudio, the company that he previously ran, lied to
16   investors about what was happening between GenAudio and
17   Apple, and that Mr. Mahabub actually altered email
18   communications that he had to make it look as if he was
19   having different communications with Apple than he was
20   actually having.  In his Rule 26(a)(1) disclosures
21   Mr. Mahabub also claims to have an email chain involving
22   these jobs with the former CEO of Apple.  We obtained a copy,
23   a pdf copy of this alleged email chain from GenAudio, but
24   it's really not decipherable.  It's in a very odd format.  So
25   despite issuing that discovery request, we've received
```

Case 1:15-cv-02118-WJM-SKC   Document 48   Filed 08/18/16   USDC Colorado   Page 4 of 15

Securities & Exchange Commission vs.  
Taj Jerry Mahabub, et al.

Telephonic Discovery Hearing  
July 27, 2016

Page 4

1  nothing from Mr. Mahabub.

2         I had communications with his counsel in April
3  where counsel explained to me that they likely would not
4  agree to give us an image of any computer or mobile device,
5  but that a vendor would be taking an image and a vendor would
6  be doing some analysis, and counsel would share that with us
7  so we could hopefully work through what they would be willing
8  to provide us with and we could move forward from there.
9  We've been attempting, frankly, to follow up with counsel on
10 that issue throughout May and then earlier this month.  And
11 then when we attended a deposition on July 19th, I believe,
12 counsel informed us that actually a vendor had never been
13 retained.  His client was still in possession of this machine
14 that allegedly may have some discoverable information on it,
15 and that his client probably had it in a box somewhere
16 because he had recently moved.  And that's what necessitated
17 us deciding we needed to come to you.

18         THE COURT:  Okay.  Now, before -- just so I
19 understand, it was a request for production that asked for
20 emails and various other forms of communication.  And then
21 what else were you asking for?

22         MS. VOORHEES:  We asked for a forensic image of
23 any computer or mobile device that Mr. Mahabub used to
24 communicate with Apple during the relevant time period and
25 any computer or mobile device which he used to transmit or

Case 1:15-cv-02118-WJM-SKC   Document 48   Filed 08/18/16   USDC Colorado   Page 5 of 15

Securities & Exchange Commission vs.　　　　　　　　　　　　Telephonic Discovery Hearing
Taj Jerry Mahabub, et al.　　　　　　　　　　　　　　　　　　July 27, 2016

Page 5

```
 1   otherwise forward any of his communications with Apple to any
 2   other person.
 3            THE COURT:  Okay.  So when you say a "forensic
 4   image," you want essentially a mirror image of the hard
 5   drive?
 6            MS. VOORHEES:  That is correct.
 7            THE COURT: Okay.  Gotcha. All right. And what's
 8   the defendant's response?
 9            MR. HOLMES:  Your Honor, this is Andrew Holmes.
10   We had responded that we thought that getting a forensic
11   image of the computer would be -- I mean, we had a written
12   response to the request for production where we objected that
13   the complete image of the computer hard drive would contain
14   matters that are both irrelevant and subject to numerous
15   privileges, including attorney-client work product, privacy
16   rights, and things like that.  So -- and then pursuant to the
17   terms of a mutually-agreed protective order, which I think
18   we've got now, the -- that we would produce whatever emails
19   or metadata pertaining to those that were requested that
20   could be obtained via the forensic imaging and recovering of
21   the materials from Mr. Mahabub's hard drive.  We did
22   anticipate that we would be able to do that in our response
23   by the end of May.  That obviously did not happen or we
24   wouldn't be having this call.  My own press of business was
25   such that I -- I had a couple of trials and so I did not
```

Securities & Exchange Commission vs.  
Taj Jerry Mahabub, et al.

Telephonic Discovery Hearing  
July 27, 2016

Page 6

```
 1  follow up closely enough with my client to make sure that the
 2  hard drive was actually sent to the vendor we had selected.
 3  And then his house apparently went into foreclose.  He had to
 4  pack everything up and move.  But not -- not issues that,
 5  frankly, the SEC should have to put up with, and I agree.
 6  The issue is not whether we're going to comply.  The issue is
 7  how quickly can we comply?  And it's been too long already.
 8  I admit that.  My client did inform me this morning that he
 9  found the hard drive in the last box he looked in.  He was
10  going to be shipping it to me today, hopefully for tomorrow
11  delivery, and it will go to my vendor here so that we can get
12  the image done, and -- and hopefully that will be done
13  forthwith.
14              THE COURT:  Well, I understand, but, Mr. Holmes,
15  with all due respect, we're way past the point of saying
16  "hopefully" anything.
17              MR. HOLMES:  Well, I --
18              THE COURT:  Because I -- I -- I suspect, if I
19  question the SEC counsel at great length, she would tell me
20  she's been hopefully waiting for a response for several
21  months.  So you can appreciate --
22              MR. HOLMES:  And that's correct.
23              THE COURT:  -- you can appreciate the SEC is not
24  going to be receptive to any invocation of hopefulness.
25              MR. HOLMES:  I completely agree and understand
```

Securities & Exchange Commission vs.
Taj Jerry Mahabub, et al.

Telephonic Discovery Hearing
July 27, 2016

Page 7

```
 1   that, Your Honor.
 2              THE COURT:  Okay.
 3              MR. HOLMES:  All I can do is tell you what -- what
 4   the plan is that we have --
 5              THE COURT:  Well, what if -- what -- what if --
 6              MR. HOLMES:  -- and -- and the concerns we have
 7   about privilege otherwise.
 8              THE COURT:  Okay.  But what -- what if I told you
 9   that I've got a plan, which is you're going to produce this
10   stuff no later than Tuesday of next week without fail.  And
11   that would be --
12              MR. HOLMES:  Well --
13              THE COURT:  -- that would be an order under Rule
14   37(b).  And the Court would necessarily have to impose
15   sanctions if it's not complied with.  See, I'm -- I'm not
16   willing -- I'm not willing to passively sit by and wait for
17   Mr. Mahabub to do whatever he chooses to do when he chooses
18   to do it.  That's just not the way this process works.
19              MR. HOLMES:  I completely agree with that.  My
20   concern with having something so quick as to turn around is
21   even if I get this image made tomorrow, it still has to be
22   reviewed for privilege.  And it's an entire computer hard
23   drive.  So we need to -- we need to figure out what's
24   responsive, segregate it out, and then give only the things
25   that are responsive and are not privileged.  That's going to
```

Securities & Exchange Commission vs.
Taj Jerry Mahabub, et al.

Telephonic Discovery Hearing
July 27, 2016

Page 8

```
 1   take time, which I will put as much time into it as possible
 2   to -- to get it done.  I'm just concerned that, you know, a
 3   one week turnaround is not going to be sufficient.
 4            THE COURT:  Well, I'm -- but I will -- no, and I
 5   appreciate that.  But I'm just as concerned that if I don't
 6   do something to demonstrate my seriousness of purpose, your
 7   client will have no seriousness of purpose at all.
 8            MR. HOLMES:  I -- I understand.
 9            THE COURT:  Yeah.  I --
10            MR. HOLMES:  So what I would ask for, Your Honor,
11   is --
12            THE COURT:  Your -- your client -- your -- your
13   client -- the problem is, at some point you and I are
14   literally in the same boat.  We are hoping against hope that
15   Mr. Mahabub is going to take this lawsuit seriously.  Now, to
16   some extent I can appreciate that may be a dilemma for you,
17   but you can appreciate I'm not stuck in the same position
18   because I have ability --
19            MR. HOLMES:  Right.
20            THE COURT:  -- to issue orders that will ensure
21   that your client complies under the pains of contempt.
22            MR. HOLMES:  I completely understand.  What I --
23   what I would ask is that we be given two weeks instead of one
24   week, and hope -- and -- and I will think that we would have
25   a chance to get everything done by then.
```

Case 1:15-cv-02118-WJM-SKC   Document 48   Filed 08/18/16   USDC Colorado   Page 9 of 15

Securities & Exchange Commission vs.
Taj Jerry Mahabub, et al.

Telephonic Discovery Hearing
July 27, 2016

Page 9

```
 1            THE COURT:  Well, and -- and if worse comes to
 2   worse, your client is simply going to have to pay the vendor
 3   to work overtime.
 4            MR. HOLMES:  Yeah.  Understood.
 5            THE COURT:  All right.  So if I tell you, you must
 6   fully comply with these discovery requests within two weeks
 7   of today's date, you're telling me you're going to do that.
 8            MR. HOLMES:  I will -- I will do everything within
 9   my power to make that happen.
10            THE COURT:  Well --
11            MR. HOLMES:  And I understand that if it doesn't
12   happen, then sanctions will ensue.
13            THE COURT:  I -- I'm afraid -- and I'm sorry to
14   have to say this, Mr. Holmes, but literally -- I mean, this
15   case -- it sounds, based upon the representation of
16   plaintiff's counsel, that this is -- this information is
17   integral to the claims in this case.  It's absolutely
18   relevant.  It probably should have been --
19            MR. HOLMES:  Yes.
20            THE COURT:  -- produced a long time ago.  And I
21   can't let this case languish because your client has a
22   different agenda.
23            MR. HOLMES:  I understand.  The -- the emails
24   that -- that we are anticipating being able to recover are
25   actually helpful to the defense, so it is in his interests
```

Case 1:15-cv-02118-WJM-SKC   Document 48   Filed 08/18/16   USDC Colorado   Page 10 of 15

Securities & Exchange Commission vs.
Taj Jerry Mahabub, et al.

Telephonic Discovery Hearing
July 27, 2016

Page 10

```
 1   to -- to obtain them.
 2            THE COURT:  Well, but -- but if -- if that's true,
 3   then his dilatory conduct seems even more inexplicable.
 4            MR. HOLMES:  I --
 5            THE COURT:  Because -- because telling me that
 6   this stuff actually helps your client, but he's been slow
 7   walking his discovery responses literally makes no sense at
 8   all.
 9            MR. HOLMES:  I (inaudible).
10            THE COURT:  If -- if I were a defendant being sued
11   by the SEC, and I had a magic bullet that was going to save
12   me or substantially assist in my defense, I would be beating
13   the bushes, moving heaven and Earth to make sure that the SEC
14   got my magic bullet as quickly as possible.  So now I'm even
15   more skeptical.
16            MR. HOLMES:  I -- I share your concern, Your
17   Honor.
18            THE COURT:  And -- and I'm -- and I'm betting --
19   I'm -- I'm betting that -- that when you say this stuff
20   actually helps your client, you're taking your client's
21   representations at good faith too.
22            MR. HOLMES:  Yeah.  Well, we've seen this one
23   email that counsel for the SEC described.  And so we believe
24   that that is a helpful, though not -- not the magic bullet,
25   but it is a helpful email to my client's defense.  If there
```

Securities & Exchange Commission vs.
Taj Jerry Mahabub, et al.

Telephonic Discovery Hearing
July 27, 2016

Page 11

```
 1   are others like it within this batch of -- of material that
 2   we're going to try to retrieve, then the whole (inaudible) is
 3   that those will also be helpful, but I don't know what they
 4   are.
 5              THE COURT:  Okay.
 6              MR. HOLMES:  I haven't seen them either.
 7              THE COURT:  Well, I will -- I will require you to
 8   provide responses to these discovery requests, responses that
 9   are wholly consistent with Rule 26(b)(1) and your
10   certification obligation under 26(g).  Those responses must
11   be in the hands of SEC counsel no later than two weeks from
12   today's date.  Now, just so you all know, I will not be
13   available two weeks from today's date.  So if there is
14   noncompliance, you're going to have to wait until I get back,
15   and that will be probably August 15th.  So --
16              MR. HOLMES:  Okay.
17              THE COURT:  -- I want this done.  I want it done
18   correctly.  I want it done with finality.  And if it's not,
19   after August 15th you all can pick up the phone and we'll
20   figure out what we do from here.
21              MR. HOLMES:  That sounds fine, Your Honor.  May
22   I -- may I ask that we be allowed to the extent possible to
23   transmit it electronically to the SEC?
24              THE COURT:  However -- I mean, I'm assuming the
25   SEC wants it in some searchable form; is that correct?
```

Securities & Exchange Commission vs.
Taj Jerry Mahabub, et al.

Telephonic Discovery Hearing
July 27, 2016

Page 12

```
 1              MS. VOORHEES:  Yes.  Your Honor, I mean, to
 2   address that point, the SEC is -- is very troubled that
 3   Mr. Mahabub claims to now be able to recover emails, that he
 4   testified under oath in the investigation that he didn't have
 5   access to the emails or the laptop on which he would have
 6   been using during the relevant time, and now all of a sudden
 7   he may find things on this current laptop.  That's why we
 8   asked for the forensic image.  We want forensic --
 9   forensically reviewable copies of this data.  We don't want
10   just a pdf or a hard copy.  We want somebody on our team, a
11   vendor of our choosing, or our forensics unit, to be able to
12   analyze these to, frankly, confirm that they're legitimate
13   and that they're valid.
14              THE COURT:  Right.  I think, counsel, what she's
15   saying is, she -- she doesn't want pdfs.  She wants --
16              MR. HOLMES:  That's fine.  Yeah.
17              THE COURT:  -- stuff in native format.
18              MR. HOLMES:  That's -- that's fine.  We -- my
19   concern is just trying to figure out how to differentiate
20   that from things that are not responsive or otherwise
21   privileged.
22              THE COURT:  Well, I mean --
23              MR. HOLMES:  That's -- that's -- that's why I
24   wanted the two weeks.
25              THE COURT:  -- I mean, I -- I don't know who your
```

Securities & Exchange Commission vs.
Taj Jerry Mahabub, et al.

Telephonic Discovery Hearing
July 27, 2016

Page 13

```
 1   vendor is, but it's really not tricky stuff.  There's
 2   software programs now that should be able to do those
 3   searches relatively expeditiously.
 4              MR. HOLMES:  That -- that -- that -- that's the
 5   hope.  It's my understanding that the reason that this -- the
 6   email that they received was difficult to read is because it
 7   was recovered from -- it wasn't in the place you would have
 8   expected it to be, and so it was fragmented.
 9              THE COURT:  Okay.  Well --
10              MR. HOLMES:  More information than you probably
11   need right now, Your Honor.  It's --
12              THE COURT:  -- Mr. Holmes, I -- I appreciate your
13   dilemma.  Don't -- don't misunderstand me.  And I'm not
14   critical of you.  We -- we've all been in difficult
15   situations often not of our own making.  And that's probably
16   a diplomatic way of describing what you're facing.  But be
17   that as it may, I have to tell you -- and I have recently in
18   the last six months written an opinion that talks about an
19   attorney's obligations under 26(g), notwithstanding the
20   difficulties they may face in dealing with a recalcitrant or
21   less than diligent client.  It's called APDX Pro v. Dish
22   Network.  You might want to take a look at it because I can
23   only emphasize, again, I take the Rule 26(g) obligation very,
24   very seriously.  And if you're getting the runaround from
25   Mr. Mahabub, at some point that doesn't put you in a good
```

Case 1:15-cv-02118-WJM-SKC   Document 48   Filed 08/18/16   USDC Colorado   Page 14 of 15

Securities & Exchange Commission vs.  
Taj Jerry Mahabub, et al.

Telephonic Discovery Hearing  
July 27, 2016

Page 14

```
 1   position.  But Rule 26 speaks to your obligations.  So all I
 2   can say is, we will see what we see.  We'll see what
 3   transpires.  If the SEC believes in any way that Mr. Mahabub
 4   has failed to comply with his obligation under the federal --
 5   obligations under the Federal Rules of Civil Procedure,
 6   nothing that I'm saying today precludes the SEC from pursuing
 7   those alleged violations or perceived violations.  But for
 8   now I'm not going to presume the worst.  I'll hopefully
 9   presume the best.  I will expect responsive information, that
10   is, information responsive to those requests be produced in
11   native form two weeks from today's date.
12               Anything else that we can --
13               MR. HOLMES:  Understood.
14               THE COURT:  Anything else we can talk about today?
15               MR. HOLMES:  If you could -- you -- you give me
16   that cite of the case you just did.  I -- I wrote down Dish
17   Network, but I missed the first half of it.
18               THE COURT:  Yeah.  The plaintiff is A, capital
19   APDX, all initials, PDX Pro v. Dish Network.  And I --
20               MR. HOLMES:  Okay.  Thank you.
21               THE COURT:  -- I think it's on Westlaw.  But take
22   a look at it because it's -- ironically enough, it was a case
23   involving electronic information.  And plaintiff's counsel --
24               MR. HOLMES:  Okay.
25               THE COURT:  -- was having a very, very difficult
```

Case 1:15-cv-02118-WJM-SKC   Document 48   Filed 08/18/16   USDC Colorado   Page 15 of 15

Securities & Exchange Commission vs.  
Taj Jerry Mahabub, et al.

Telephonic Discovery Hearing  
July 27, 2016

Page 15

```
 1   time working with his client and getting conflicting
 2   information from the client, and it devolved into an awful
 3   mess.
 4            MR. HOLMES:  Okay.  Well, hopefully we won't have
 5   it devolve any further than it has.
 6            THE COURT:  Well, I would hope not.
 7            Anything else we can talk about today?
 8            MS. VOORHEES:  No.  Thank you, Your Honor.  We
 9   appreciate your time.
10            THE COURT:  Not a problem.  Take care.
11            MR. HOLMES:  Thank you, Your Honor.  Thank you.
12            (Whereupon, the within hearing was then in
13   conclusion at 3:15 p.m.)
14
15
16            I certify that the foregoing is a correct
17   transcript, to the best of my knowledge and belief (pursuant
18   to the quality of the recording) from the record of
19   proceedings in the above-entitled matter.
20
21
22
23   /s/ Laurel S. Tubbs                         August 15, 2016
24   Signature of Transcriber                    Date
25
```