IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02118-WJM-CBS

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

          v.

TAJ JERRY MAHABUB, GENAUDIO, INC., and
ASTOUND HOLDINGS, INC.,

          Defendants.

## DECLARATION OF TRACY W. BOWEN

I, Tracy W Bowen, do declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the following statements are true and correct, and further that this declaration is made on my personal knowledge and that I am competent to testify as to the matters stated herein:

1.     I am employed by the Securities and Exchange Commission ("SEC") in its Denver Regional Office. I have been working as an accountant in the SEC's Division of Enforcement since 2003. I have been licensed as a Certified Public Accountant in the state of Colorado since 1998.

1

2.     I prepared the summary of Taj Jerry Mahabub's personal sales of the securities of GenAudio, Inc. between November 1, 2009 and April 30, 2012 ("the Summary") that is marked as Exhibit 11.

3.     To prepare the Summary, I reviewed the stock transactions listed in the GenAudio Inc. Common Stock Transfer Ledger ("Ledger"), which is marked as Deposition Exhibits 7 and 198, containing pages GA001816 through GA001852. The Ledger contains a column titled "From Whom Transferred" which identifies whether a stock was originally issued by GenAudio or was a transfer by an existing shareholder, such as Mr. Mahabub. I included in the Summary, Mr. Mahabub's personal stock sales that were identified in the "From Whom Transferred" column as a transfer from "Jerry Mahabub (C-001)," for transactions that occurred between November 1, 2009 and April 30, 2012.

4.     I also compared these transactions to a list of personal stock sales that Mr. Mahabub submitted as Exhibit D to an affidavit, which is Deposition Exhibit 271.

5.     I also reviewed stock agreements that Mr. Mahabub or GenAudio produced for most of the personal stock sales. If the stock agreement was missing, then I reviewed other documents related to the transaction. The stock agreements or other supporting documents are identified in the Summary column titled "Supporting Documents Bates Numbers."

6.     While the Ledger lists the date that each share certificate was issued, I included transactions in the Summary that occurred between November 1, 2009 and April 30, 2012 based upon the date in the stock agreements. The stock certificate was typically dated after the transaction date listed in the stock agreements. There were

some transactions in which the stock certificate was issued between November 2009 and April 2012 that I excluded from the Summary because the stock agreement was dated before November 2009.  Similarly, there are some transactions included in the Summary where the stock certificate was issued after April 2012, but the stock agreement was dated before April 2012.  See for example Line No. 113 of the Summary.

7. Based on my review of the documents, Mr. Mahabub engaged in at least 113 sales of his personal shares to at least 83 individuals or entities.  He sold at least 3,316,300 shares between November 1, 2009 and April 30, 2012 for $2,338,900.

I declare under penalty of perjury that the foregoing statements are true and correct and that this Declaration was executed on March 24, 2017 in Denver Colorado.

*s/ Tracy W. Bowen*
Tracy W. Bowen