# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:15-cv-02118-WJM-CBS

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,


TAJ JERRY MAHABUB, GENAUDIO,
INC., and ASTOUND HOLDINGS, INC.,

      Defendants.

---

## DEFENDANT GENAUDIO INC.'S EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR SUMMARY JUDGMENT

---

Defendant GenAudio, Inc. objects to evidence submitted by the Securities and Exchange Commission ("SEC") in support of its motion for summary judgment as follows:

The table below is provided for the Court's convenience. It identifies in the left column the exhibit number offered by the SEC to support its corresponding Statement of Material Fact ("SOF") identified in the middle column.  The objection to the exhibit then is identified by number in the right column. Following the table are the objections in numerical order that identify the numbered exhibit cited in the SOF and then set forth the basis of the objection.

| EXHIBIT NO. | STATEMENT OF FACT | OBJECTION NUMBER |
|:---:|:---:|:---:|
| 1 | 3, 46, 47, 51, 95, 99, 101 | 1 |
| 5 | 5 | 1 |
| 10 | 45, 60 | 12 |
| 11 | 15 | 4 |
| 13 | 65 | 21 |

| EXHIBIT NO. | STATEMENT OF FACT | OBJECTION NUMBER |
|---|---|---|
| 15 | 100 | 39 |
| 17 | 29 | 5 |
| 20 | 29 | 5 |
| 21 | 32 | 7 |
| 22 | 33 | 8 |
| 23 | 33 | 8 |
| 24 | 33 | 8 |
| 25 | 33 | 8 |
| 26 | 34 | 9 |
| 27 | 37 | 10 |
| 28 | 37 | 10 |
| 29 | 40 | 11 |
| 30 | 40, 70, 107 | 2 |
| 31 | 40, 41 | 1 |
| 32 | 41, 105 | 1 |
| 33 | 41, 106 | 1 |
| 34 | 45, 60 | 12 |
| 35 | 46, 52, 55, 56, 79, 80, 92, 101, 102, 104 | 1 |
| 36 | 47, 52, 54, 56, 79, 101, 102 | 1 |
| 37 | 47, 52, 54, 56, 79, 101, 102 | 1 |
| 39 | 52-54, 56, 78, 80, 92, 95, 101-104 | 2 |
| 40 | 52, 68, 69, 71 | 13, 24, 25 |
| 42 | 57 | 14 |

| EXHIBIT NO. | STATEMENT OF FACT | OBJECTION NUMBER |
|:---:|:---:|:---:|
| 43 | 57 | 14 |
| 44 | 57 | 14 |
| 45 | 57 | 14 |
| 46 | 58 | 15 |
| 47 | 58 | 15 |
| 48 | 58 | 15 |
| 49 | 58 | 15 |
| 50 | 58, 81 | 15, 29 |
| 51 | 59 | 16 |
| 52 | 59 | 16 |
| 53 | 61, 62 | 17, 18 |
| 54 | 62 | 18 |
| 55 | 62, 66 | 18, 22 |
| 56 | 62, 66 | 18, 22 |
| 57 | 63 | 19 |
| 58 | 63 | 19 |
| 59 | 64, 65 | 20, 21 |
| 60 | 67 | 23 |
| 61 | 72 | 26 |
| 62 | 72 | 26 |
| 63 | 73-74 | 27 |
| 64 | 75 | 28 |
| 65 | 75 | 28 |
| 67 | 78, 80, 102, 103 | 2 |
| 68 | 82 | 30 |

| EXHIBIT NO. | STATEMENT OF FACT | OBJECTION NUMBER |
|---|---|---|
| 69 | 83 | 31 |
| 71 | 85 | 32 |
| 72 | 88, 89 | 33 |
| 73 | 90 | 34 |
| 74 | 90, 94 | 34, 36 |
| 75 | 91 | 35 |
| 76 | 98 | 38 |
| 77 | 105 | 2 |
| 78 | 106, 107 | 1 |
| 79 | 106 | 1 |
| 80 | 107 | 1 |
| 82 | 96, 97 | 37 |
| 83 | 45, 57-60, 63, 72, 75, 90 | 3 |

1.    **Evidence:** Cited in support of Movant's Statement of Material Facts ("SOF") ¶¶ 3, 5, 40, 41, 46, 47, 51, 52, 54-56, 79, 80, 92, 95, 99, 101, 102, 104-107:

    a.   **Ex. 1** – February 5 and 12, 2015 SEC Investigation testimony of Jerry Mahabub ("Mahabub");

    b.   **Ex. 5** – February 9, 2015 SEC Investigation testimony of Jim Wei-Kung Mattos ("Mattos");

    c.   **Ex**. **31** – February 27, 2015 SEC Investigation testimony of Paul Powers ("Powers");

    d.   **Ex**. **32** – December 15, 2014 SEC Investigation testimony of Dell Skluzak ("Skluzak");

    e.   **Ex**. **33** – April 8, 2015 SEC Investigation testimony of Michael Elliott ("Elliott");

f. **Ex**. **35** – December 3, 2014 and April 29, 2015 SEC Investigation testimony of Victor Tiscareno ("Tiscareno");

g. **Ex. 36** – April 21, 2015 SEC Investigation testimony of Michael Hailey ("Hailey")'

h. **Ex**. **37** – April 15, 2015 SEC Investigation testimony of Ronald Isaac ("Isaac");

i. **Ex**. **78** – April 6, 2015 SEC Investigation testimony of Dean Eldridge ("Eldridge");

j. **Ex**. **79** – March 3, 2015 SEC Investigation testimony of Mark Bobak ("Bobak");

k. **Ex. 80** – April 10, 2015 SEC Investigation testimony of Tim Herdt ("Herdt").

**Objections**: Lacks Foundation and Authentication (FRE 901): The Investigation testimony cited above has not been authenticated because it does not include a signed reporter's certification that the testimony is a true record of the testimony of the deponent. *See Broadband Mgmt. Solutions, LLC v. Dish Network Serv., LLC,* No. 04-cv-01489-EWN-BNB, 2006 WL 407827, at *3 (D. Colo. Feb. 16, 2006) (citing *Orr v. Bank of America,* 285 F.3d 764, 774 (9th Cir. 2002) ("A deposition or an extract therefrom is authenticated in a motion for summary judgment when it identifies the names of the deponent and the action and includes the reporter's certification that the deposition is a true record of the testimony of the deponent.")

Moreover, the Investigation testimony cannot be used to authenticate any records since it is not accompanied by a written declaration of its custodian or other qualified person. *See S.E.C. v. Franklin,* 348 F.Supp.2d 1159, 1164 (S.D. Cal. 2004) (finding that "[a]n unsigned transcript of oral investigative testimony [by the SEC] is not a written declaration satisfying 28 U.S.C. § 1746," sufficient to authenticate exhibits as certified records of regularly conducted activity).

2.   **Evidence:** Cited in support of SOF ¶¶ 40, 52-54, 56, 70, 78, 80, 92, 95, 101-105, 107

    a.  **Ex. 30 –** February 7, 2017 Deposition testimony of Skluzak;

    b.  **Ex. 39 –** December 16, 2016 Deposition testimony of Tiscareno;

    c.  **Ex. 67 –** January 23, 2017 Deposition testimony of Hailey;

    d.  **Ex. 77 –** January 18, 2017 Deposition testimony of Elliott.

**Objections:** Lacks Foundation and Authentication (FRE 901): The Deposition testimony cited above has not been authenticated because it does not include a signed reporter's certification that the testimony is a true record of the testimony of the deponent. *See Broadband Mgmt. Solutions, LLC v. Dish Network Serv., LLC,* 2006 WL407827 at *3; (citing *Orr v. Bank of America,* 285 F.3d 764, 774 (9th Cir. 2002) ("A deposition or an extract therefrom is authenticated in a motion for summary judgment when it identifies the names of the deponent and the action and includes the reporter's certification that the deposition is a true record of the testimony of the deponent.")

3.   **Evidence:** Cited in support of SOF ¶¶ 45, 57-60, 63, 72, 75, 90:

    a.  **Ex. 83 –** Demonstrative 1

**Objections:** Lacks Foundation and Authentication (FRE 901). The demonstrative created by Plaintiff in **Ex. 83** and cited in the SOF as Demo. at ___ is based on unauthenticated emails and includes strike-through edits by Plaintiff on portions of emails asserted to be "the actual email." The actual emails cited by Plaintiff, however, in **Ex. 83** do not, in their original form, include any strike-through portions. Plaintiff does not provide a declaration or certification regarding the creation of this demonstrative but merely relies on a statement in footnote 5 at SOF ¶ 45 that the demonstrative was created by the SEC.

4.   **Evidence:** Cited in support of SOF ¶ 15:

    a.  ¶ 3 of Declaration of Tracy W. Bowen (ECF No. 55);

    b.  ¶ 5 of Declaration of Tracy W. Bowen (ECF No. 55);

c.   ¶ 6 of Declaration of Tracy W. Bowen (ECF No. 55);

d.   ¶ 7 of Declaration of Tracy W. Bowen (ECF No. 55);

e.   **Ex. 11** – Summary of Mahabub Personal Stock Sales prepared by Ms. Bowen

**Objections:**

a.   Lacks Foundation & Authentication (FRE 901); Hearsay (FRE 801 *et seq.*); Best evidence rule (FRE 1002). Paragraph 3 is inadmissible for further reasons. Paragraph 3 relies upon the "GenAudio Inc. Common Stock Transfer Ledger ('Ledger')," referenced as Deposition Exhibits 7 and 198. These documents are not part of the Court's record. Therefore, the exhibits have not been properly authenticated and Ms. Bowen's testimony is hearsay. Additionally, because this paragraph describes the contents of documents that are not part of the record, it also violates the best evidence rule.

b.   Lacks Foundation & Authentication (FRE 901); Hearsay (FRE 801 *et seq.*); Best evidence rule (FRE 1002). Paragraph 5 is inadmissible for further reasons. Paragraph 5 relies upon "stock agreements that Mr. Mahabub or GenaAudio produced for most of the personal stock sales" and "other documents related to the transaction." These documents are not part of the Court's record. Therefore, they have not been properly authenticated and Ms. Bowen's testimony is hearsay. Additionally, because this paragraph describes the contents of documents that are not part of the record, it also violates the best evidence rule.

c.   Lacks Foundation & Authentication (FRE 901); Hearsay (FRE 801 *et seq.*); Best evidence rule (FRE 1002). Paragraph 6 is inadmissible for further reasons. Paragraph 6 relies upon the "Ledger" (Depo. Exs. 7 and 198) and the other documents referenced in paragraph 5. These documents are not part of the Court's record. Therefore, they have not been properly authenticated and Ms. Bowen's testimony is hearsay. Additionally, because this paragraph

describes the contents of documents that are not part of the record, it also violates the best evidence rule.

d.  Lacks Foundation & Authentication (FRE 901); Hearsay (FRE 801 *et seq.*); Best evidence rule (FRE 1002). Paragraph 7 is inadmissible for further reasons. Paragraph 7 relies upon "the documents" referenced earlier in the declaration. These documents are not part of the Court's record. Therefore, they have not been properly authenticated and Ms. Bowen's testimony is hearsay. Additionally, because this paragraph describes the contents of documents that are not part of the record, it also violates the best evidence rule.

e.  Lacks Foundation & Authentication (FRE 901); Hearsay (FRE 801 *et seq.*); Best evidence rule (FRE 1002). Exhibit 11 purports to be a summary prepared by Ms. Bowen. (Bowen Decl. ¶ 2.) Therefore, it is inadmissible for all the same reasons as the declaration and its contents. (*See supra*, Objections 4a-d.) It is also independently inadmissible because it relies upon documents that are not part of the Court's record. (*See* Ex. 11, column 10 ("Supporting Documents Bates Numbers").) Because those documents are not part of the record, Exhibit 11 lacks foundation and cannot be authenticated. The summary is also inadmissible hearsay. Finally, because the summary purports to describe the contents of documents that are not part of the record, Exhibit 11 is inadmissible because it violates the best evidence rule.

5.  **Evidence:** Cited in support of SOF ¶ 29:

a.  **Ex. 17 -** email from Jim Mattos to Home Mattos;

b.  **Ex. 20** - April 23, 2012 email from an investor to "Jim" stating "…at the SEA roadshow I was told GenAudio was in great need of Cash or things could get ugly by May…"

**Objections:** Lacks Foundation and Authentication (FRE 901) and Hearsay (FRE 801 *et seq.*). Plaintiff has not cited to anything in the record properly authenticating the emails in **Exs. 17** and **20**. **Ex. 20** is an out of court statement of an investor offered to prove the truth of the matter asserted in the statement, specifically that Mahabub solicited investors at "roadshows."

6.     **Evidence:** Cited in support of SOF ¶ 31:

    a.     Answer ¶ 135 "GenAudio admits it did not provide an audited balance sheet to investors in the 2010 or 2011-2012 Offerings."

**Objection:** Rule of Completeness (FRE 106). The partial statement of Answer ¶ 135 is incomplete and taken out of context. The entire statement reads "GenAudio admits it did not provide an audited balance sheet to investors in the 2010 Offerings or the 2011-2012 Offering, *because the offerings were intended to be limited to accredited investors*." (emphasis added).

7.     **Evidence:** Cited in support of SOF ¶ 32:

    a.     **Ex. 21** at 4-5: Investor filled out Confidential Subscriber Questionnaire wherein the investor wrote "N/A" on the portion addressing accreditation and investment experience.

**Objections:** Lacks Foundation and Authentication (FRE 901). Plaintiff has not cited to anything in the record properly authenticating the documents in **Ex. 21**.

8.     **Evidence:** Cited in support of SOF ¶ 33:

    a.     **Ex. 22** at 4-5 - Investor filled out Confidential Subscriber Questionnaire wherein the investor failed to complete the portion addressing accreditation and investment experience.

  b. **Ex. 23** at 4-5 - Investor filled out Confidential Subscriber Questionnaire wherein the investor failed to complete the portion addressing accreditation and investment experience.

  c. **Ex. 24** at 4 - Investor filled out Confidential Subscriber Questionnaire wherein the investor failed to complete the portion addressing accreditation and investment experience.

  d. **Ex. 25** at 4 - Investor filled out Confidential Subscriber Questionnaire wherein the investor failed to complete the portion addressing accreditation and investment experience.

**Objections:** Lacks Foundation and Authentication (FRE 901). Plaintiff has not cited to anything in the record properly authenticating the documents in **Exs. 22-25**.

9. **Evidence:** Cited in support of SOF ¶ 34:

  a. **Ex. 26** at 4, 9, 14, & 19: Investor filled out Confidential Subscriber Questionnaire wherein the investor failed to complete the portion addressing accreditation and investment experience.

**Objections:** Lacks Foundation and Authentication (FRE 901). Plaintiff has not cited to anything in the record properly authenticating the documents in **Ex. 26**.

10. **Evidence:** Cited in support of SOF ¶ 37:

  a. **Ex. 27 –** Jim Mattos email to "Rosenblatt";

  b. **Ex. 28 –** Jim Mattos email to "fallman."

**Objections:** Lacks Foundation and Authentication (FRE 901). Plaintiff has not cited to anything in the record properly authenticating the documents in **Ex. 27** or **Ex. 28**.

11. **Evidence:** Cited in support of SOF ¶ 40:

  a. **Ex. 29** at 3 – Jerry Mahabub email to unknown recipients.

**Objections:** Lacks Foundation and Authentication (FRE 901). Plaintiff has not cited to anything in the record properly authenticating the email in **Ex. 29**.

12.   **Evidence:** Cited in support of SOF ¶ 45 & 60:

    a.   **Ex. 10** – Mahabub email forwarding correspondence between Mahabub and Apple.

    b.   **Ex. 34** – Email correspondence between Mahabub and Apple.

**Objections:** Lacks Foundation and Authentication (FRE 901). Plaintiff has not cited to anything in the record properly authenticating the emails in **Ex. 10** or **Ex. 34**.

13.   **Evidence:** Cited in support of SOF ¶ 52 "Jobs was not involved in Apple's dealings with GenAudio, and Apple employees did not discuss GenAudio with Jobs":

    a.   **Ex. 40** at 1 – Email from Tiscareno to Skluzak

**Objections:** Lacks Foundation and Authentication (FRE 901) and Hearsay (FRE 801 *et seq.*). Plaintiff has not cited to anything in the record properly authenticating the email in **Ex. 40.**

Tiscareno's email to Skluzak is inadmissible hearsay as an out of court statement offered to prove the truth of the matter asserted in the email, specifically "I never discussed anything about Steve Jobs or any other board member at Apple. I never discussed this with Steve Jobs. Period!"

14.   **Evidence:** Cited in support of SOF ¶ 57:

    a.   **Ex. 42** at 2-3 – Mahabub forwarded an email from Mahabub to Tiscareno;

    b.   **Ex. 43** at 1 – Email from Mahabub to Tiscareno;

    c.   **Ex. 44** at 4 – Mahabub forwarded an email from Isaacs to Mahabub

    d.   **Ex. 45** at 1 – Isaacs email to Mahabub

**Objections:** Lacks Foundation and Authentication (FRE 901) and Hearsay (FRE 801 *et seq.*). Isaac's email to Mahabub in **Exs. 44** and **45** is inadmissible hearsay as an out of court statement offered to prove the truth of the matter asserted in the email. In addition, Plaintiff has not cited to anything in the record properly authenticating the email in **Exs. 42-45**.

15.   **Evidence:** Cited in support of SOF ¶ 58:

    a.   **Ex. 46** at 1 – Email from Mahabub;

    b.   **Ex. 47** at 3-4 – Mahabub forwarded email correspondence between Mahabub and Apple;

    c.   **Ex. 48** at 1 - Email correspondence between Mahabub and Apple;

    d.   **Ex. 49** at 2 - Mahabub forwarded email correspondence between Mahabub and Apple;

    e.   **Ex. 50** at 1 - Email correspondence between Mahabub and Apple.

**Objections:** Lacks Foundation and Authentication (FRE 901). Plaintiff has not cited to anything in the record properly authenticating the emails in **Exs. 46-50**.

16.   **Evidence:** Cited in support of SOF ¶ 59:

    a.   **Ex. 51** at 1-2 – Mahabub forwarded email from Tiscareno to Mahabub;

    b.   **Ex. 52** at 1 – Email from Tiscareno to Mahabub.

**Objections:** Lacks Foundation and Authentication (FRE 901) and Hearsay (FRE 801 *et seq.*). Tiscareno's email to Mahabub in **Exs. 51** and **52** is inadmissible hearsay as an out of court statement offered to prove the truth of the matter asserted in the email. In addition, Plaintiff has not cited to anything in the record properly authenticating the emails in **Exs. 51-52**.

17.   **Evidence:** Cited in support of SOF ¶ 61:

    a.  **Ex. 53** at 2 – Email from Mahabub to Tiscareno.

**Objections:** Lacks Foundation and Authentication (FRE 901). Plaintiff has not cited to anything in the record properly authenticating the emails in **Ex. 53**.

18.    **Evidence:** Cited in support of SOF ¶ 62:

    a.  **Exs. 53** at1; **54, 55,** and **56** at 2 – Emails from Mahabub to Tiscareno.

**Objections:** Lacks Foundation and Authentication (FRE 901). Plaintiff has not cited to anything in the record properly authenticating the emails in **Exs. 53-56**.

19.    **Evidence:** Cited in support of SOF ¶ 63:

    a.  **Ex. 57** at 1-2 – Mahabub forwarded email correspondence between Mahabub and Tiscareno;

    b.  **Ex. 58** at 1 – Email from Mahabub to Tiscareno.

**Objections:** Lacks Foundation and Authentication (FRE 901). Plaintiff has not cited to anything in the record properly authenticating the emails in **Exs. 57-58**.

20.    **Evidence:** Cited in support of SOF ¶ 64:

    a.  **Ex. 59** at 4 – Email from Mahabub to Mahabub.

**Objections:** Lacks Foundation and Authentication (FRE 901). Plaintiff has not cited to anything in the record properly authenticating the email in **Ex. 59**.

21.    **Evidence:** Cited in support of SOF ¶ 65 "After receiving the email, an investor purchased 5,000 shares for $15,000":

    a.  **Ex. 59** at 1 – Email from an investor to Mahabub.

    b.  **Ex. 13** at 2 – spreadsheet titled GenAudio Original Issue 3/12/10 PPM.

**Objections:** Lacks Foundation and Authentication (FRE 901) and Hearsay (FRE 801 *et seq.*). The email from the investor in **Ex. 59** and the spreadsheet in **Ex. 13** are

inadmissible hearsay as out of court statements offered to prove the truth of the matter asserted, wherein the email states, "Thanks, I will mail the subscription agreement." In addition, Plaintiff has not cited to anything in the record properly authenticating the spreadsheet in **Ex. 13** at 2-6.

22.     **Evidence:** Cited in support of SOF ¶ 66 "On May 5, Mahabub sent Tiscareno materials that he suggested Tiscareno use at the meeting with 'the exec,' and he offered to attend the meeting; however, Tiscareno declined the offer, explaining 'this is not that kind of demo. [Hailey] and I are pitching this as a concept ....' and '[o]nce we get the go ahead that this is a great idea, then the questions will be, 'well, what about the other technologies, have we reviewed them? etc.' Then we sort of start over internally.... We have to get to first base...":

      a.   **Ex. 55** – Email from Mahabub to Tiscareno;

      b.   **Ex**. **56** at 1 – Email from Tiscareno to Mahabub.

**Objections:** Lacks Foundation and Authentication (FRE 901) and Hearsay (FRE 801 *et seq.*). The email from Tiscareno in **Ex. 56** is inadmissible hearsay as an out of court statement offered to prove the truth of the matter asserted in the email. In addition, Plaintiff has not cited to anything in the record properly authenticating the emails in **Exs. 55-56**.

23.     **Evidence:** Cited in support of SOF ¶ 67:

      a.   **Ex. 60** at 1-2 – Email from Mahabub to unknown recipient(s).

**Objections:** Lacks Foundation and Authentication (FRE 901). Plaintiff has not cited to anything in the record properly authenticating the emails in **Ex. 60**.

24.     **Evidence:** Cited in support of SOF ¶ 68 & 69:

a. **Ex. 40** at 2-5 – Email from Mahabub to several individuals; at page 1 – Mahabub forwarding the email of pages 2-5 to Skluzak.

**Objections:** Plaintiff has not cited to anything in the record properly authenticating the email in **Ex. 40**.

25. **Evidence:** Cited in support of SOF ¶ 71 "On October 30, 2013, Tiscareno received a copy of the May 6, 2010 "transcription" from a GenAudio investor and responded 'OMG!' and went on to explain 'I never discussed anything about Steve Jobs or any other board member at Apple. I never discussed this with Steve Jobs. Period!' and 'This letter is pure fabrication.'":

a. **Ex. 40** at 1 – Email from Tiscareno to Skluzak.

**Objections:** Lacks Foundation and Authentication (FRE 901) and Hearsay (FRE 801 *et seq.*). The email from Tiscareno in **Ex. 40** is inadmissible hearsay as an out of court statement offered to prove the truth of the matter asserted in the email. In addition, Plaintiff has not cited to anything in the record properly authenticating the email in **Ex. 40**.

26. **Evidence:** Cited in support of SOF ¶ 72:

a. **Ex. 61** at 2-5, 9 - The email at page 2 does not have any caption information regarding the sender, recipient, subject matter, and/or date. It appears to be an email from Mahabub forwarding an email correspondence between Mahabub and Tiscareno.

b. **Ex. 62** – Email correspondence between Mahabub and Tiscareno.

**Objections:** Lacks Foundation and Authentication (FRE 901). Plaintiff has not cited to anything in the record properly authenticating the email in **Exs. 61-62**.

27. **Evidence:** Cited in support of SOF ¶¶ 73 - 74:

    a. **Ex. 63** – Transcription of Audio Investor Presentation.

**Objections:** Lacks Foundation and Authentication (FRE 901) and Best evidence rule (FRE 1002). Plaintiff has not cited to anything in the record properly authenticating the transcript in **Ex. 63**. The certification at the end of the transcript in **Ex. 63** does not identify the speaker, date of recording, chain of custody, personal knowledge of transcriber, or qualifications of transcriber. Additionally, because this transcription describes the contents of a recording that is not part of the record, it also violates the best evidence rule.

28.   **Evidence:** Cited in support of SOF ¶ 75:

    a. **Ex. 64 –** Mahabub forwarding email correspondence between Mahabub and Tiscareno;

    b. **Ex. 65 –** Email correspondence between Mahabub and Tiscareno.

**Objections:** Lacks Foundation and Authentication (FRE 901) and Hearsay (FRE 801 *et seq.*). The emails from Tiscareno in **Ex. 64** & **65** are inadmissible hearsay as an out of court statement offered to prove the truth of the matter asserted in the email. In addition, Plaintiff has not cited to anything in the record properly authenticating the email in **Exs. 64-65**.

29.   **Evidence:** Cited in support of SOF ¶ 81 "On December 16, 2009, Apple employee Hailey responded to the November 28, 2009 email from Mahabub referencing a potential "deal" between Apple and GenAudio, and stated, in part, '[w]e're making progress and building our story, but this is not something we can execute overnight. The business side of things would come into play after we have exec buy-in on the product side.'":

    a. **Ex. 50** at 2 – Email from Hailey to Mahabub.

**Objections:** Lacks Foundation and Authentication (FRE 901) and Hearsay (FRE 801 *et seq.*). The email from Hailey in **Ex. 50** at page 2 is inadmissible hearsay as an out of

court statement offered to prove the truth of the matter asserted in the email. In addition, Plaintiff has not cited to anything in the record properly authenticating the email in **Ex. 50**.

30. **Evidence:** Cited in support of SOF ¶ 82 "On January 5, 2010, Hailey responded to an email from Mahabub and informed him that '[w]ith respect to timeframe, we are pretty serious about looking at audio quality across the board and this will take time – definitely more than a couple of months.'":

    a. **Ex. 68** at 2 - Email from Hailey to Mahabub.

**Objections:** Lacks Foundation and Authentication (FRE 901) and Hearsay (FRE 801 *et seq.*). The email from Hailey in **Ex. 68** at page 2 is inadmissible hearsay as an out of court statement offered to prove the truth of the matter asserted in the email. In addition, Plaintiff has not cited to anything in the record properly authenticating the email in **Ex. 68**.

31. **Evidence:** Cited in support of SOF ¶ 83:

    a. **Ex. 69** at ¶ 7 – Telephonic meeting minutes of GenAudio's Board of Directors on September 25, 2009.

**Objections:** Lacks Foundation and Authentication (FRE 901). Plaintiff has not cited to anything in the record properly authenticating the document in **Ex. 69**. Plaintiff relies on the testimony of Mahabub at **Ex. 2**, Mahabub Dep. 101:22-25 to authenticate the document but this testimony is incomplete and insufficient to authenticate **Ex. 69**. Moreover, the document appears to have been drafted and signed by Paul Powers.

32. **Evidence:** Cited in support of SOF ¶ 85:

    a.  **Ex. 71** at 2 – The email at page 2 of **Ex. 71** does not have any caption information regarding the sender, recipient, subject matter, and/or date. It appears to be an email from Mahabub based on the signature line.

**Objections:** Lacks Foundation and Authentication (FRE 901). Plaintiff has not cited to anything in the record properly authenticating the email in **Ex. 71**.

33.    **Evidence:** Cited in support of SOF ¶ 88 & 89:

    a.  **Ex. 72** at 1, 4 – GenAudio letter to shareholders dated August 28, 2010.

**Objections:** Lacks Foundation and Authentication (FRE 901). Plaintiff has not cited to anything in the record properly authenticating the document in **Ex. 72**.

34.    **Evidence:** Cited in support of SOF ¶ 90:

    a.  **Ex. 73 –** Mahabub forwarding an email correspondence between Mahabub and Tiscareno.

    b.  **Ex. 74 –** Email from Mahabub to Tiscareno.

**Objections:** Lacks Foundation and Authentication (FRE 901). Plaintiff has not cited to anything in the record properly authenticating the emails in **Exs. 73-74**.

35.    **Evidence:** Cited in support of SOF ¶ 91:

    a.  **Ex. 75 –** Email exchange between Mahabub and Tiscareno.

**Objections:** Lacks Foundation and Authentication (FRE 901); Hearsay (FRE 801 *et seq.*); and Irrelevant (FRE 402). The emails from Tiscareno in **Ex. 75** are inadmissible hearsay as an out of court statement offered to prove the truth of the matter asserted in the email. In addition, Plaintiff has not cited to anything in the record properly authenticating the emails in **Ex. 75**.

36.    **Evidence:** Cited in support of SOF ¶ 94:

a. **Ex. 74** – Email from Mahabub to Tiscareno.

**Objections**: Lacks Foundation and Authentication (FRE 901). Plaintiff has not cited to anything in the record properly authenticating the emails in **Ex. 74**. Additionally, **Ex. 74** is not what Plaintiff asserts it to be in SOF ¶ 94 – it is an email and not the letter Plaintiff claims it to be.

37. **Evidence:** Cited in support of SOF ¶¶ 96 & 97:

a. **Ex. 82** – Letter titlted, GenAudio Shareholder Progress Report of February 26, 2011.

**Objections:** Lacks Foundation and Authentication (FRE 901). Plaintiff has not cited to anything in the record properly authenticating the letter in **Ex. 82**.

38. **Evidence:** Cited in support of SOF ¶ 98:

a. **Ex. 76** at 5-6 – Email from Mattos to Mattos.

**Objections:** Lacks Foundation and Authentication (FRE 901). Plaintiff has not cited to anything in the record properly authenticating the email in **Ex. 76**.

39. **Evidence:** Cited in support of SOF ¶ 100:

a. **Ex. 15** – Shareholder Confidential Letter dated April 22, 2011.

**Objections:** Lacks Foundation and Authentication (FRE 901). Plaintiff has not cited to anything in the record properly authenticating the letter in **Ex. 15** or demonstrating that the letter was sent to shareholders.

///

///

///

Dated:  April 28, 2017    Respectfully submitted,

         Wilson Elser Moskowitz Edelman & Dicker, LLP

By:  <u>s/ Michael P. McCloskey</u>_____
   Michael P. McCloskey
   David J. Aveni
   Wilson Elser Moskowitz Edelman
   & Dicker, LLP
   655 W. Broadway, Suite 900
   San Diego, CA 92101
   (619) 321-6200
   (619) 321-6201 (fax)
   michael.mccloskey@wilsonelser.com
   david.aveni@wilsonelser.com
   *Attorneys for Defendant GenAudio, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 28, 2017 a true and correct copy of the foregoing was

electronically served via CM/ECF to the following:

| |
|---|
| Leslie J. Hughes, Trial Counsel<br>Danielle R. Voorhees, Trial Counsel<br>Securities and Exchange Commission<br>1961 Stout Street, Suite 1700<br>Denver, CO 80294-1961<br>Ph: (303) 844-1000<br>Email: HughesLJ@sec.gov<br>Email: VoorheesD@sec.gov<br>*Attorneys for Plaintiff Securities and Exchange Commission* |
| Andrew B. Holmes<br>Holmes, Taylor & Jones, LLP<br>617 South Olive Street, Suite 1200<br>Los Angeles, CA 90014<br>Ph: (213) 985-2265<br>Email: abholmes@htjlaw.com<br>*Attorneys for Defendant Taj Jerry Mahabub* |
| Jeffrey G. Benz, Esq.<br>Benz Law<br>12021 Wilshire Blvd., Suite 256<br>Los Angeles, CA  90025<br>Ph.: (310) 570-2774<br>Email: jeffreybenz@gmail.com<br>*Attorney for Astound Holdings, Inc.* |

By:  s/ Michael P. McCloskey
　　　Michael P. McCloskey
　　　David J. Aveni
　　　Wilson Elser Moskowitz Edelman
　　　& Dicker, LLP
　　　655 W. Broadway, Suite 900
　　　San Diego, CA 92101
　　　(619) 321-6200
　　　(619) 321-6201 (fax)
　　　michael.mccloskey@wilsonelser.com
　　　david.aveni@wilsonelser.com
　　　*Attorneys for Defendant GenAudio, Inc.*