```
 1                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLORADO
 2
         Civil Action No. 1:15-cv-02118-WJM-CBS
 3     _____
 4               DEPOSITION OF:   DELL FRANK SKLUZAK
                          February 7, 2017
 5     _____
 6     SECURITIES AND EXCHANGE COMMISSION,
 7     Plaintiff,
 8     v.
 9     TAJ JERRY MAHABUB; GENAUDIO, INC., et al.,
10     Defendants.
       _____
11
                 PURSUANT TO NOTICE, the deposition of
12     DELL FRANK SKLUZAK was taken on behalf of the
       Defendant Taj Jerry Mahabub at 1225 17th Street,
13     27th Floor, Denver, Colorado 80202, on February 7,
       2017, at 9:02 a.m., before Kimberly Smith, Registered
14     Professional Reporter and Notary Public within
       Colorado.
15
16
17
18
19
20
21
22
23
24
25

                                                          Page 1
```

```
 1                    A P P E A R A N C E S
 2    For the Plaintiff:
 3              LESLIE HENDRICKSON HUGHES, ESQ.
                DANIELLE R. VOORHEES, ESQ.
 4              U.S. Securities and Exchange Commission
                1961 Stout Street, Suite 1700
 5              Denver, Colorado 80294
 6
      For the Defendant Taj Jerry Mahabub:
 7
                ANDREW B. HOLMES, ESQ.
 8              Holmes, Taylor & Jones, LLP
                617 South Olive Street, Suite 1200
 9              Los Angeles, California 90014
10
      For the Defendant GenAudio, Inc.:
11
                MICHAEL P. McCLOSKEY, ESQ.
12              Wilson Elser Moskowitz Edelman & Dicker, LLP
                655 West Broadway, Suite 900
13              San Diego, California 92101
14
      For the Deponent Dell Frank Skluzak:
15
                H. PAUL COHEN, ESQ.
16              H. Paul Cohen, P.C.
                5440 East 6th Avenue Parkway
17              Denver, Colorado 80220
18
19
20
21
22
23
24
25
```

Page 2

```
 1                          I N D E X
 2   EXAMINATION OF DELL FRANK SKLUZAK:                   PAGE
     February 7, 2017
 3
     By Mr. Holmes                                  6, 110, 165
 4
     By Mr. McCloskey                              83, 168, 184
 5
     By Ms. Hughes                                     115, 183
 6
                                                        INITIAL
 7   DEPOSITION EXHIBITS:                               REFERENCE
 8   Exhibit 247    Background Questionnaire                11
 9   Exhibit 248    Stock Certificate for 400,000           34
                    Shares of Common Stock in GenAudio,
10                  5/3/10
11   Exhibit 249    Stock Certificate for 30,000            35
                    Shares of Common Stock in GenAudio,
12                  4/2/10, with attachments
13   Exhibit 250    TD Ameritrade Statement                 39
14   Exhibit 251    Stock Certificate for 40,000            40
                    Shares of Common Stock in GenAudio,
15                  5/21/10
16   Exhibit 252    Report to the Chairman of the Board    60
                    of Directors of GenAudio, 1/30/14
17
     Exhibit 253    Apple Logo                             130
18
     Exhibit 254    The list of Proxy Sales and Gifted     141
19                  Shares by Mr. Mahabub starting in
                    December 2008 A Total of Approx 7
20                  Million Shares Disposed of and
                    Receipt of over $5 Million Dollar
21                  [sic]
22   Exhibit 255    E-mail to Bobak and others from        144
                    Skluzak, Subject: Personal Loan
23                  Demand Letter Entire Sequence,
                    5/29/14, with attached e-mails,
24                  with attachment
25


                                                       Page 3
```

| | | | |
|---|---|---|---|
| 1 | Exhibit 256 | Letter to GenAudio, Inc., Shareholder from The Board of Directors, 9/19/14 | 146 |
| 3 | Exhibit 257 | E-mail to Skluzak from Mahabub, Subject: Charges on credit card, 7/6/12, with attached e-mail | 151 |
| 5 | Exhibit 258 | E-mail to Skluzak from Mahabub, Subject: Monster Press Release going live on the 7th for the press event in Las Vegas!!!, 1/5/13 | 153 |
| | Exhibit 259 | Letter to Shareholder from Mahabub, 8/28/10 | 154 |
| 9 | Exhibit 260 | List of Quotes | 158 |
| 10 | Exhibit 261 | Letter to Client from Yorba, 7/28/16, with attached documents | 180 |

DEPOSITION EXHIBITS:  (Previously marked)

| | | | |
|---|---|---|---|
| | Exhibit 1 | E-mail to Ostrom from Skluzak, Subject: Shareholder List Master.xls, 8/8/14, with attachments | 140 |
| 15 | Exhibit 7 | Shareholder Letter, 8/1/10 | 112 |
| 16 | Exhibit 13 | Letter to GenAudio Shareholder from The Board of Directors, 11/4/14 | 147 |
| 18 | Exhibit 14 | Letter to GenAudio Shareholder from The Board of Directors, 2/25/15, with attachment | 148 |
| 20 | Exhibit 16 | E-mail to Skluzak from Tiscareno, Subject: Look forward to your review, 10/30/13, with attached e-mails | 58 |
| | Exhibit 24 | E-mail to Mahabub and others from Mattos, Subject: GenAudio Update & Business Summary, 11/9/09, with attachment | 125 |

Veritext Legal Solutions
866 299-5127

```
 1    Exhibit 69    GenAudio, Inc., Confidential           122
                    Private Placement Memorandum,
 2                  12/11/08
 3    Exhibit 70    GenAudio, Inc., Confidential           123
                    Private Placement Memorandum,
 4                  3/25/09
 5    Exhibit 198   GenAudio, Inc., Common Stock           117
                    Transfer Ledgers
 6
      Exhibit 201   Shareholder Letter from Mahabub,       124
 7                  3/30/09
 8    Exhibit 233   GenAudio Confidential Private           49
                    Placement Memorandum, 3/15/10
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
                                                       Page 5
```

```
 1     part of your understanding as well?
 2          A.    That's not part of my understanding.
 3          Q.    Okay.  So let me show you another exhibit.
 4     This one is also previously marked.  This was -- I
 5     don't have the previously marked copy, but I'll
 6     represent this was previously marked as 16.  So this
 7     was previously marked as 16.  It also has sticker on
 8     it saying "Government Exhibit 4" at the bottom right.
 9                And the top-most -- I'll represent it's an
10     e-mail string.  And the top-most e-mail says it's from
11     Victor Tiscareno dated October 30, 2013, to Dell
12     Skluzak.
13                Do you recognize this e-mail string?
14          A.    I do.
15          Q.    Is this something that you received -- the
16     top-most e-mail, that you received from Mr. Tiscareno?
17          A.    Yes.
18          Q.    Okay.  And if you look at the second
19     page --
20          A.    The one marked 02?
21          Q.    Yes.  Sorry.  On the bottom right, there
22     are page numbers:  SEC, a bunch of zeros, and then 1
23     through 5.
24          A.    Yes.
25          Q.    So looking at page 2 of that, there's an
```

Page 58

1    e-mail that says, among other things, in large, it
2    looks like, bold letters, "Success," with a bunch of
3    exclamation points.  Do you see that?
4         A.   Uh-huh.
5         Q.   Okay.
6         A.   Excuse me.  Yes.
7         Q.   Earlier today you were referencing an
8    e-mail exchange that you had with Mr. Tiscareno.  Is
9    this what you were talking about?
10        A.   Yes.
11        Q.   The e-mail on this page 2 says it's from
12   Jerry Mahabub, and it's dated May 6, 2010.  Do you see
13   that?
14        A.   I do.
15        Q.   Looking at the "To" line, I don't see that
16   it was addressed to you.  Did you receive this e-mail
17   on or about May 6 of 2010?
18        A.   If you look at the bottom of the first
19   page, where it says, "From:  Jerry Mahabub," sent
20   Thursday, May 6, 2010, 7:46, to Dell Skluzak --
21        Q.   So the answer would be yes?
22        A.   The answer would be yes.
23        Q.   Okay.  And what did you make of this when
24   you received it?
25        A.   Number one, I had already made my

```
 1     determination based on my meeting at 240 Union with
 2     Mr. Mahabub prior to this date, sometime in April,
 3     that I was going to invest.  This served as
 4     confirmation that things were moving forward with the
 5     company.
 6             Q.   Okay.
 7             A.   It was -- in other words, it was validation
 8     of what Mr. Mahabub had verbally stated to me at the
 9     240 Union meeting.
10             MR. HOLMES:  Had we previously marked what
11     was Exhibit 45, or is this new?
12             MS. HUGHES:  Let me see.
13             (Mr. Holmes tendered the document to
14     Ms. Hughes.)
15             MS. HUGHES:  I don't know.
16             MR. HOLMES:  You think it's new?  So we'll
17     do it as our next in order.
18             MS. HUGHES:  Okay.
19             (Deposition Exhibit 252 was marked.)
20             Q.   (BY MR. HOLMES)  All right.  So I've marked
21     Exhibit 252, which is a double-sided exhibit.  Bottom
22     right, it's got a government exhibit sticker, 45.  It
23     also has a Bates number on the bottom right.  It says,
24     SEC-Skluzak-E-0000434 and 435.
25             Is this two-page exhibit something you
```

```
 1    recognize?
 2         A.    It is.
 3         Q.    What are we looking at here?
 4         A.    You're looking at a summary report that I
 5    prepared to present to the board of directors of
 6    GenAudio, as we were proceeding with finding cause to
 7    dismiss Mr. Mahabub as CEO of GenAudio.
 8         Q.    Okay.  And at the top, on the second line
 9    on the first page, it says, "January 30, 2014."  Is
10    that about when this was prepared?
11         A.    Yes.
12         Q.    On the second page, there's some -- there's
13    a section called "Conclusions," and it says,
14    "Mr. Mahabub lied about a phone conversation he had
15    with an executive at Apple leaving the impression
16    Apple was interested in purchasing the Company.  I
17    purchased 40,000 shares of stock based on Mr.
18    Mahabub's representations about the interest from
19    Apple."  Do you see that?
20         A.    I do.
21         Q.    So based on your testimony now, are you
22    saying that you bought the 40,000 shares because of
23    the conversation; or are you saying something
24    different?
25         A.    I'm saying that through the conversations I
```

Page 61

```
 1    had with Mr. Mahabub that started with the meeting at
 2    The Hornet, the follow-on meeting at 240 Union, I made
 3    the decision to purchase 40,000 shares of Apple.
 4         Q.   And it was totally independent of this
 5    conversation that's referenced in the e-mail that was
 6    previously marked Exhibit 16?
 7         A.   Yes.
 8         Q.   So you didn't rely on this e-mail when you
 9    invested?
10         A.   I did not.
11              MR. HOLMES:  Let's take a quick break, go
12    off the record.
13              (Recess taken.)
14         Q.   (BY MR. HOLMES)  Oh, did you have a
15    clarification?
16         A.   Yeah.  I previously had said, "Larry Coey
17    and Richard."  I could not remember Richard's last
18    name.  It was Richard Delaney.
19         Q.   Delaney?
20         A.   Delaney, D-e-l-a-n-e-y.
21         Q.   And that was in the context of this fourth
22    quarter 2012?
23         A.   Yes.
24         Q.   Okay.
25         A.   Where I became involved administratively
```

Page 62

```
 1                  REPORTER'S CERTIFICATE
 2    STATE OF COLORADO            )
 3                                 ) ss.
 4    CITY AND COUNTY OF DENVER    )
 5              I, KIMBERLY SMITH, Registered Professional
 6    Reporter and Notary Public ID 20054024603, State of
 7    Colorado, do hereby certify that previous to the
 8    commencement of the examination, the said DELL FRANK
      SKLUZAK was duly sworn by me to testify to the truth
 9    in relation to the matters in controversy between the
10    parties hereto; that the said deposition was taken in
11    machine shorthand by me at the time and place
12    aforesaid and was thereafter reduced to typewritten
13    form; that the foregoing is a true transcript of the
14    questions asked, testimony given, and proceedings had.
15              I further certify that I am not employed by,
      related to, nor of counsel for any of the parties
16    herein, nor otherwise interested in the outcome of
17    this litigation.
18              IN WITNESS WHEREOF, I have affixed my
19    signature this 17th day of February, 2017.
20
21
22
23
24        KIMBERLY SMITH
25
```

Page 188