# In The Matter Of:
## Securities and Exchange Commission v.
## Taj Jerry Mahabub, et al.

### Jim Wei-Kung Mattos
### July 22, 2016

**Behmke Reporting and Video Services, Inc.**
160 Spear Street, Suite 300
San Francisco, California 94103
(415) 597-5600

Original File 29803Mattos.txt
Min-U-Script® with Word Index

Case 1:15-cv-02118-WJM-SKC   Document 62-2   Filed 04/28/17   USDC Colorado   Page 2 of 6

Securities and Exchange Commission v.                                        Jim Wei-Kung Mattos
Taj Jerry Mahabub, et al.                                                         July 22, 2016

Page 1

```
 1        IN THE UNITED STATES DISTRICT COURT
 2            FOR THE DISTRICT OF COLORADO
 3   - - - - - - - - - - - - - - - -
 4
 5   SECURITIES AND EXCHANGE         )
 6   COMMISSION,                     )
 7              Plaintiff,           ) CASE NO.
 8   v.                              ) 1:15-cv-02118-CBS-WJM
 9   TAJ JERRY MAHABUB, GENAUDIO,    )
10   INC., and ASTOUND HOLDINGS,     )
11   INC.,                           )
12              Defendants.          )
13   - - - - - - - - - - - - - - - -
14
15
16       VIDEOTAPED DEPOSITION OF JIM WEI-KUNG MATTOS
17                  FRIDAY, JULY 22, 2016
18
19
20
21             BEHMKE REPORTING AND VIDEO SERVICES, INC.
22         BY:  KIMBERLY J. WALDIE, CSR NO. 8696, NVCCR 720
23                           160 SPEAR STREET, SUITE 300
24                       SAN FRANCISCO, CALIFORNIA 94105
25                                       (415) 597-5600
```

Page 2

```
 8       Videotaped deposition of JIM WEI-KUNG MATTOS,
 9   taken on behalf of Plaintiffs, at the Courtyard by
10   Marriott, 6855 South Virginia Street, Reno, Nevada,
11   commencing at 9:07 A.M., FRIDAY, JULY 22, 2016, before
12   Kimberly J. Waldie, Certified Shorthand Reporter No.
13   8696, pursuant to Notice of Deposition.
```

Page 3

```
 1   APPEARANCES OF COUNSEL:
 2   FOR PLAINTIFF:
 3       SECURITIES AND EXCHANGE COMMISSION
 4       BY: DANIELLE R. VOORHEES, ATTORNEY AT LAW
 5           LESLIE HENDRICKSON HUGHES, ATTORNEY AT LAW
 6       1961 Stout Street, Suite 1700
 7       Denver, Colorado 80294
 8       Telephone: (303)844-1000
 9       Email: voorheesd@sec.gov
10
11   FOR DEFENDANT, TAJ JERRY MAHABUB:
12       HOLMES, TAYLOR & JONES, LLP
13       BY: ANDREW B. HOLMES, ATTORNEY AT LAW
14       617 South Olive Street, Suite 1200
15       Los Angeles, California 90014
16       Telephone:  (213) 985-2200
17       Email:  abholmes@htjlaw.com
18
19   FOR DEFENDANT GENAUDIO, INC. AND JAMES T. DEVINE:
20       WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
21       BY: MICHAEL P. McCLOSKEY, ATTORNEY AT LAW
22       655 West Broadway, Suite 900
23       San Diego, California 92101
24       Telephone:  (619) 321-6200
25       Email: Michael.mccloskey@wilsonelser.com
```

Page 4

```
 1   APPEARANCES OF COUNSEL - (CONTINUED):
 2   FOR DEFENDANT ASTOUND HOLDINGS, INC.
 3   - (TELEPHONICALLY):
 4       BENZ LAW GROUP
 5       BY: JENNIFER YUEN, ATTORNEY AT LAW
 6       12021 Wilshire Boulevard, Suite 256
 7       Los Angeles, California 90025
 8       Telephone: (818) 371-8800
 9       Email:  jenniferk.yuen@gmail.com
10
11   ALSO PRESENT:
12       JEFF WALDIE, VIDEOGRAPHER, CCVS
```

Case 1:15-cv-02118-WJM-SKC   Document 62-2   Filed 04/28/17   USDC Colorado   Page 3 of 6

Securities and Exchange Commission v.
Taj Jerry Mahabub, et al.

Jim Wei-Kung Mattos
July 22, 2016

Page 5

INDEX

FRIDAY, JULY 22, 2016

JIM WEI-KUNG MATTOS                                    PAGE
    Examination by MS. VOORHEES                         12
    Examination by MS. YUEN                            211
    Examination by MR. HOLMES                          215
    Examination by MR. McCLOSKEY                       218
    Further examination by MS. VOORHEES                219

                        -oOo-

QUESTIONS WITNESS INSTRUCTED NOT TO ANSWER:
              PAGE      LINE
              None.

Page 7

EXHIBITS - (CONTINUED)
JIM WEI-KUNG MATTOS

Number       Description                               Page
Exhibit 27   E-mail dated 2/12/2010, Bates
             SEC-TiscarenoV-E-0000992 -
             SEC-TiscarenoV-E-0000993 - 2 pages         86
Exhibit 28   E-mail chain, top e-mail dated
             March 19, 2010, Bates JM001041 -
             JM001046 - 6 pages                         88
Exhibit 29   E-mail chain, top e-mail dated
             March 21, 2010, Bates JM000727 -
             JM000729 - 3 pages                         97
Exhibit 30   E-mail dated Sun. 21 Mar 2010,
             Bates 347APL-00000315 -
             347APL-00000316 - 2 pages                  98
Exhibit 31   E-mail chain dated May 25, 2010,
             Bates JM002158 - JM002167 - 10 pages      104
Exhibit 32   E-mail chain, top e-mail dated
             5/25/2010, Bates
             SEC-TiscarenoV-E-0001158 -
             SEC-TiscarenoV-E-0001162,
             - 5 pages                                 106

Page 6

EXHIBITS
JIM WEI-KUNG MATTOS

Number       Description                               Page
Exhibit 21   E-mail chain, top e-mail dated
             October 2, 2009, Bates JM002096 -
             JM002099 - 4 pages                         64
Exhibit 22   E-mail chain, top e-mail dated
             October 19, 2009, Bates GA006846 -
             GA006850, - 5 pages                        71
Exhibit 23   E-mail dated 10/19/2009, Bates
             SEC-TiscarenoV-E-0000635 -
             SEC-TiscarenoV-E-0000636 - 2 pages         73
Exhibit 24   Forwarded e-mail originally
             sent November 9, 2009, and
             attachment, Bates GA006774 -
             GA006814, - 41 pages                       76
Exhibit 25   GenAudio, Inc., Common Stock
             Shareholder List, Bates GA006005 -
             GA006012 - 8 pages                         81
Exhibit 26   E-mail chain, top e-mail dated
             February 12, 2010, Bates JM000378 -
             JM000380 - 3 pages                         84

Page 8

EXHIBITS - (CONTINUED)
JIM WEI-KUNG MATTOS

Number       Description                               Page
Exhibit 33   E-mail dated June 2, 2010, Bates
             GA004959 - GA004961 - 3 pages             109
Exhibit 34   E-mail chain, top e-mail dated
             October 27, 2014, Bates JM002515 -
             JM002518 - 4 pages                        114
Exhibit 35   E-mail chain, top e-mail dated
             7/2/2010, Bates
             SEC-TiscarenoV-E-0001218 -
             SEC-TiscarenoV-E-0001221 -
             - 4 pages                                 117
Exhibit 36   E-mail chain, top e-mail dated
             Thur 11/20/2014, Bates
             SEC-ELLIOTT-E-0000241 -
             SEC-ELLIOTT-E-0000242 - 2 pages           122
Exhibit 37   Letter dated August 1, 2010, Bates
             GA005351 - GA005353,
             - 3 pages                                 124
Exhibit 38   E-mail dated September 6, 2010,
             Bates JM005121 - JM005126 - 6 pages       126
Exhibit 39   E-mail dated November 6, 2010, Bates
             JM006157 - JM006158 - 2 pages             136

Case 1:15-cv-02118-WJM-SKC   Document 62-2   Filed 04/28/17   USDC Colorado   Page 4 of 6

Securities and Exchange Commission v.
Taj Jerry Mahabub, et al.

Jim Wei-Kung Mattos
July 22, 2016

Page 9

```
                 EXHIBITS - (CONTINUED)
                    JIM WEI-KUNG MATTOS
 Number           Description                          Page
 Exhibit 40    E-mail chain, top e-mail dated
               Thur 11/20/2014, Bates
               SEC-Skluzak-E-0000905 -
               SEC-Skluzak-E-0000911,
               - 7 pages                                149
 Exhibit 41    E-mail chain, top e-mail dated
               March 12, 2010, Bates JM001098 -
               JM001102 - 5 pages                       153
 Exhibit 42    Stock Certificate and attachment,
               Bates Mahabub000018 -
               Mahabub000029 - 12 pages                 160
 Exhibit 43    Stock Certificate and attachment,
               Bates GA007852 - GA007867 - 16 pages     166
 Exhibit 44    E-mail chain, top e-mail dated April
               27, 2010, Bates JM003267 -
               JM003273 - 7 pages                       173
 Exhibit 45    E-mail chain, top e-mail dated June
               28, 2010, Bates JM002199 - 1 page        178
 Exhibit 46    E-mail chain, top e-mail dated April
               22, 2011, Bates JM007887 -
               JM007889 - 3 pages                       180
```

Page 10

```
                 EXHIBITS - (CONTINUED)
                    JIM WEI-KUNG MATTOS
 Number           Description                          Page
 Exhibit 47    E-mail chain, top e-mail dated
               August 30, 2010, Bates JM004734
               - 1 page                                 183
 Exhibit 48    E-mail chain, top e-mail dated
               March 20, 2010, Bates JM000965
               - 1 page                                 185
 Exhibit 49    E-mail chain dated March 19, 2010,
               Bates JM001202 - JM001203 - 2 pages      188
 Exhibit 50    Letter dated August 6, 2015, Bates
               AST-0000035 - AST-0000036 - 2 pages      197
```

Page 11

FRIDAY, JULY 22, 2016; 9:07 A.M.
    THE VIDEOGRAPHER: Here begins DVD No. 1 in the deposition of Jim Wei-Kung Mattos in the Matter of Securities and Exchange Commission versus Taj Jerry Mahabub, et al., in the United States District Court for the District of Colorado, case No. 1:15-CV-02118-CBS-WJM.
    Today's date is July 22, 2016. The time on the video monitor is 9:07.
    The video operator today is Jeff Waldie contracted by Behmke Reporting & Video Services, Incorporated, 160 Spear Street, Suite 300, San Francisco, California.
    This video deposition is taking place at 6855 South Virginia Street, Reno, Nevada, and was noticed by Leslie Hughes, Esq., of the Securities and Exchange Commission.
    Counsel, please voice identify yourselves and state whom you represent.
    MS. VOORHEES: Danielle Voorhees and Leslie Hughes on behalf of the Securities and Exchange Commission.
    MR. McCLOSKEY: Michael McCloskey on behalf of GenAudio.
    MR. HOLMES: Andrew Holmes on behalf of Jerry Mahabub.

Page 12

    MS. YUEN: And Jennifer Yuen on behalf of Astound Holdings.
    THE VIDEOGRAPHER: Would the court reporter please swear in the witness.
        JIM WEI-KUNG MATTOS,
    having been first duly sworn by the reporter,
        was examined and testified as follows:
    THE VIDEOGRAPHER: You may begin.
            EXAMINATION
BY MS. VOORHEES:
    Q.  Mr. Mattos, good morning. Thank you for appearing here today. Could you please state and spell your full name for the record.
    A.  My name is Jim Wei-Kung Mattos, J-i-m, W-e-i-K-u-n-g, M-a-t-t-o-s.
    Q.  Thank you, Mr. Mattos.
        Are you represented by counsel in this matter?
    A.  No, I am not.
    Q.  And you've testified before. Correct?
    A.  I have.
    Q.  And have you testified other than in the SEC investigation that preceded this matter?
    A.  No.
    Q.  All right. The same ground rules apply here. Do you understand that you are under oath?

Securities and Exchange Commission v.
Taj Jerry Mahabub, et al.

Jim Wei-Kung Mattos
July 22, 2016

Page 29

1    A.  Correct.
2    Q.  So were you reaching out to new friends and
3  family?
4    A.  At that point it was more of a network. It
5  would be friends and family of friends and family, for
6  instance.
7    Q.  All right.
8    A.  Yeah.
9    Q.  So you were still bringing in new shareholders?
10   A.  There were, yes.
11   Q.  And what was your process for communicating
12  with those people?
13   A.  Either -- either by phone or by e-mail.
14   Q.  If you spoke to people on the phone about
15  GenAudio, did you keep any notes?
16   A.  No.
17   Q.  Any -- any documents at all that would reflect
18  those communications by phone?
19   A.  No.
20   Q.  If you communicated with those people by
21  e-mail, did you use your GenAudio e-mail address?
22   A.  Always.
23   Q.  And what was your GenAudio e-mail address?
24   A.  Jim@GenAudioInc.dotcom.
25   Q.  You produced documents to the Securities and

Page 30

1  Exchange Commission in connection with the
2  investigation.  Correct?
3    A.  Correct.
4    Q.  And did those documents include your e-mails
5  with these investors?
6    A.  Yes.  It was very thorough.
7    Q.  Okay.  Did you withhold any communications with
8  investors?
9    A.  No.
10   Q.  Describe for us the investor files that you
11  maintained.  What -- what did they look like, and what
12  was in them?
13   A.  Well, it would be an alphabetical, you know,
14  inclusion of all investors.  It would include a copy of
15  the stock certificate front and back, copy of the -- I'm
16  forgetting the -- the proper terms for -- them.  The
17  investor documents that were included with each PPM --
18   Q.  Okay.
19   A.  -- that they would have had to have filled out
20  and -- and submitted to the company.
21   Q.  All right.  And we'll walk through those.
22   A.  Yeah.
23   Q.  Anything else?
24   A.  Occasionally maybe an e-mail or two if there
25  was, you know, a communication, but that was pretty

Page 31

1  rare.
2    Q.  All right.  And when would -- when would you
3  actually print out an e-mail and put it in the file?
4    A.  It was so random I couldn't say with any
5  specificity.  Yeah.
6    Q.  Okay.  Was there anything else that was
7  maintained in the investor files?
8    A.  That was -- that was primarily it.  I mean --
9  and there would also occasionally be requests for, you
10  know, change of ownership sometimes due to, you know,
11  death, marriage, you know, transfer to other family.
12   Q.  All right.
13   A.  That did occasionally happen.
14   Q.  If shares were transferred to other people, did
15  you open new investor files on those new shareholders?
16   A.  Yes.
17   Q.  Okay.
18   A.  And I would typically include a copy of the
19  stock transfer request form both in the original file as
20  well as the new one.
21   Q.  All right.  So it would be in both investors'
22  files?
23   A.  Yeah.
24   Q.  Okay.
25   A.  Yeah.

Page 32

1    Q.  Where are those investor files today?
2    A.  I believe they are in storage in the Denver,
3  Colorado, area.
4    Q.  All right.  Do you know where the storage
5  facility is?
6    A.  I do not.
7    Q.  And why do you believe they're in storage in
8  Denver?
9    A.  When I moved out of my -- out of Colorado late
10  last fall, I requested for the company to come pick up
11  all company equipment and asked -- had some files, and
12  it was my understanding that Mr. Mahabub hired a moving
13  company to transfer them to a storage facility somewhere
14  in the Denver area.
15   Q.  All right.  So did somebody actually come take
16  the documents from you?
17   A.  Yes.
18   Q.  Who was that?  Who took them?
19   A.  It was a moving company that Jerry had hired.
20   Q.  Okay.
21   A.  Yeah.
22   Q.  Did you have any involvement in hiring that
23  moving company --
24   A.  No.
25   Q.  -- or paying that moving company?

Securities and Exchange Commission v.  
Taj Jerry Mahabub, et al.

Jim Wei-Kung Mattos  
July 22, 2016

**Page 221**

1  300, San Francisco, California.  Going off the record.
2  The time is 2:58 p.m.
3      (Comments off the record by the reporter.)
4      MR. HOLMES:  Wait.  Before we do that, we should
5  figure out the transcript so he knows what to do with
6  it.
7      Jim, normally this is something your attorney
8  would handle for you or talk about, but you are going to
9  get a chance to review the written booklet of the
10  testimony.  And typically there's a stipulation that
11  says that, you know -- if you don't do a stipulation,
12  then, you know a bunch of things happen that the court
13  reporter has to do.  But if we do a stipulation, then
14  what we do is relieve the court reporter of some of her
15  normal duties, and then we have the deposition
16  transcript sent to you so that you can review it, make
17  any changes that you think need to be made.  Sometimes
18  the response comes out opposite you thought it would be
19  or whatever the change might be.  Then you sign off on
20  changes, and you send it back to counsel for the SEC.
21      THE WITNESS:  Okay.
22      MR. HOLMES:  You have a certain amount of time to do
23  that in.  And I want to just sort of invite you to tell
24  us how much time you need and what process would work
25  for you.

**Page 222**

1      MR. McCLOSKEY:  Typically it's 30 days.  Are you
2  all right with it being signed under penalty of perjury
3  as opposed to going out, getting the signature
4  notarized?
5      MS. VOORHEES:  Yeah, yes, that's fine.  We can do it
6  under penalty of perjury.  We can provide you a copy of
7  the transcript.  If we give you 30 days, is that
8  sufficient to review?
9      THE WITNESS:  That should be sufficient, yes.
10      (Discussion off the record.)
11      MR. HOLMES:  So, Jim, what that means is you'll get
12  it, and then within 30 days of getting it, you are
13  expected to send back whatever changes you have to the
14  court reporter.
15      THE WITNESS:  Okay.  That's fine.
16      MR. HOLMES:  If you don't do that, then the
17  assumption is you're fine with it as is.
18      THE WITNESS:  Okay.  So no changes, then just don't
19  send it back?
20      MR. HOLMES:  Right.  But it's important to read it
21  because sometimes --
22      THE WITNESS:  No.  I will.
23      MR. McCLOSKEY:  I'd ask you if you have no changes,
24  say you have no changes.  That we way affirm --
25      THE WITNESS:  Okay.  Thank you.

**Page 223**

1      THE REPORTER:  Counsel, what would you like to
2  order?
3      MS. VOORHEES:  Whatever is in our standard order.
4      THE REPORTER:  Ms. Yuen, would you like a copy?
5      MS. YUEN:  No.
6      THE REPORTER:  Okay.  And, Mr. Holmes?
7      MR. McCLOSKEY:  I'll get you one.
8      MR. HOLMES:  No, not right now.
9      MR. McCLOSKEY:  I'll get a copy.
10      (At 3:01 P.M., the deposition proceedings
11  concluded.)
12
13      ---------------------------
14          JIM WEI-KUNG MATTOS

**Page 224**

1  STATE OF CALIFORNIA    )
2                         ) ss.
3  COUNTY OF EL DORADO    )
4      I hereby certify that the witness in the
5  foregoing deposition, JIM WEI-KUNG MATTOS, was by me
6  duly sworn to testify to the truth, the whole truth, and
7  nothing but the truth, in the within-entitled cause;
8  that said deposition was taken at the time and place
9  herein named; that the deposition is a true record of
10  the witness's testimony as reported by me, a duly
11  certified shorthand reporter and a disinterested person,
12  and was thereafter transcribed into typewriting by
13  computer.
14      I further certify that I am not interested in
15  the outcome of the said action, nor connected with, nor
16  related to any of the parties in said action, nor to
17  their respective counsel.
18      IN WITNESS WHEREOF, I have hereunto set my hand
19  this 28th day of July, 2016.
20  Reading and Signing was:
21  _X_ requested    ___ waived    ___ not requested
22
23          *Kimberly J. Waldie* (signature)
24
25          KIMBERLY J. WALDIE, CSR 8696