REDACTED

EXHIBIT 220



NUMBER
C – 796

SHARES
7,000

Incorporated under the Laws
of the State of Colorado

**GENAUDIO, INC.**

25,000,000 shares of Common Stock authorized, $0.0001 par value per share
5,000,000 shares of Preferred Stock authorized, $0.0001 par value per share

This Certifies that **George William Marvin**

registered holder of

**Seven Thousand**

of Common Stock

transferable only on the books of the Corporation by the holder hereof in person or by Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and its Corporate Seal to be hereunto affixed.

this _____16th_____ day of _____March_____ A.D. 20 12

James T Devine, Secretary

Jerry ____ahab, President

GA008317

## SIGNATURE PAGE TO GENAUDIO, INC. SUBSCRIPTION AGREEMENT

The undersigned Subscriber hereby certifies that he, she or it (i) has received and relied solely upon the Memorandum, this Subscription Agreement and their respective exhibits and schedules, (ii) agrees to all the terms and makes all the representations set forth in this Subscription Agreement and (iii) meets the suitability standards set forth therein and herein.

Subscription Amount: $ _21,000 00_

# of Shares: _7,000_

_GEORGE MARVIN_
Name of Subscriber (Print)

Name of Joint Subscriber (if any) (Print)

Signature of Subscriber

Signature of Joint Subscriber (if any)

Capacity of Signatory (for entities)

█████████
Social Security or Taxpayer Identification Number

Country of Residence (if a non-U.S. Subscriber)

Subscriber Contact Information:

█████████████████
Street Address

Telephone                    Fax

_MARYLAND HEIGHTS MO 63043_
City                    State    Zip Code

Email

Instructions for Delivery of Securities:

Deliver to the address above

Deliver to an alternate address:

The Subscriber certifies under penalty of perjury that (1) the Social Security Number or Taxpayer ID and address provided above is correct, (2) the Subscriber is not subject to backup withholding (unless otherwise noted above) either because he has not been notified that he is subject to backup withholding or because the Internal Revenue Service has notified him that he is no longer subject to backup withholding and (3) the Subscriber (unless a non-U.S. Subscriber) is not a nonresident alien, foreign partnership, foreign trust or foreign estate.

THE SUBSCRIPTION FOR SECURITIES OF GENAUDIO, INC. BY THE ABOVE NAMED SUBSCRIBER(S) IS ACCEPTED THIS _16_ DAY OF _MARCH_, 2011. _2012_

GENAUDIO, INC.

By: _James T. Devine_
Name: _JAMES T. DEVINE_
Title: _V.P. FINANCE_

*DEN 97470204*

GA008318

FAX # 303 - 865 - 8834   ATTN: JIM DEVINE

## EXHIBIT A TO SUBSCRIPTION AGREEMENT - CONFIDENTIAL SUBSCRIBER QUESTIONNAIRE

This Questionnaire is provided to a prospective Subscriber who has expressed interest in purchasing securities of GenAudio, Inc. (the "Company"). The purpose of this Questionnaire is to determine whether Subscribers meet applicable suitability standards to invest in the offering of securities by the Company ("Offering"), and to comply with certain "know your customer" requirements. This material does not constitute an offer to sell nor is it a solicitation of an offer to buy securities, which offer may be made only pursuant to the terms and conditions of the Subscription Agreement to which this Questionnaire is an exhibit. Completion of this Questionnaire does not guarantee a Subscriber's participation in the Offering.

Answers to this Questionnaire will be kept confidential, provided they may be provided to such parties as required to provide assurance that the Offering will not result or has not resulted in violations of securities laws which are being relied upon by the Company in connection with the offer and sale thereof.

Please type or clearly print answers. If securities are to be purchased by more than one individual or entity, a separate Questionnaire should be completed for each.

Name of Subscriber: GEORGE MARVIN

1. The undersigned qualifies as an "accredited investor" pursuant to the following definition (please check one or more of the following which apply to Subscriber; if none apply, do not check any items):

☐ **The undersigned is an individual who is a director or executive officer of the Company.** An "executive officer" is the president, a vice president in charge of a principal business unit, division or function (such as sales, administration or finance), any other officer who performs a policy making function or any other person who performs similar policy making functions for the Company.

☐ **The undersigned is an individual that (1) had individual income of more than $200,000 in each of the two most recent fiscal years and reasonably expects to have individual income in excess of $200,000 in the current year, or (2) had joint income together with the undersigned's spouse in excess of $300,000 in each of the two most recent fiscal years and reasonably expects to have joint income in excess of $300,000 in the current year.** "Income" means adjusted gross income, as reported for federal income tax purposes, increased by the following amounts: (i) any tax exempt interest income under Section 103 of the Internal Revenue Code (the "Code") received, (ii) any losses claimed as a limited partner in a limited partnership as reported on Schedule E of Form 1040, (iii) any deduction claimed for depletion under Section 611 of the Code or (iv) any amount by which income has been reduced in arriving at adjusted gross income pursuant to the provisions of Section 1202 of the Code. In determining personal income, however, unrealized capital gains should not be included.

☐ **The undersigned is an individual with individual net worth, or combined net worth together with the undersigned's spouse, in excess of $1,000,000.** "Net Worth" means all of an investor's assets (other than his or her primary residence) whether liquid or illiquid, such as cash, stock, securities, personal property and real estate based on the fair market value of such property MINUS all debts and liabilities (other than a mortgage or other debt secured by his or her primary residence unless such mortgage or other debt exceeds the fair market value of the residence, in which case such excess liability should ALSO be deducted from his or her net worth.

☐ **The undersigned is a Trust with total assets in excess of $5,000,000,** was not formed for the specific purpose of acquiring securities of the Company, and the purchase of the securities is directed by a person with such knowledge and experience in financial and business matters that he is capable of evaluating the risks and merits of the prospective investment in such securities.

☐ **The undersigned is a corporation, partnership, limited liability company or limited liability partnership that has total assets in excess of $5,000,000** and was not formed for the specific purpose of acquiring securities of the Company.

☐ **The undersigned is an entity in which all of its equity owners are "accredited investors".**

DEN 97470204

GA008319

2. The Subscriber's principal residence, if different than the address provided on the signature page to the Subscription Agreement, is as follows:

_____

_____

3. The Subscriber's current employment or business activity is as follows:

Company Name: _____

Address: _____

Telephone Number: _____

Principal Business: _____

Position and Title: _____

4. The Subscriber has ___3___ years of investment experience.

5. The Subscriber invests or trades in marketable securities:

      ☐ More than 20 times per year
      ☐ 6-20 times per year
      ☒ 1-5 times per year
      ☐ Never

6. The Subscriber invests in non-marketable securities such as private placements:

      ☐ More than 10 times per year
      ☐ 6-10 times per year
      ☒ 1-5 times per year
      ☐ Never

7. The Subscriber has provided the following identification information:

      ☐ A copy of Subscriber's driver's license (front and back) or passport or, in the case of an entity, such identification for its principal individual shareholders and signatories, accompanies this Questionnaire.

The Subscriber by signing below represents that the information provided in this Questionnaire is true and complete in all material respects.

GEORGE MARVIN
_____
Name of Subscriber (Print)

_____
Signature of Subscriber

_____
Capacity of Signatory (for entities)

_____
Name of Joint Subscriber (if any) (Print)

_____
Signature of Joint Subscriber (if any)

3/1/12
_____
Date

DEN 97470204

GA008320

## EXHIBIT B TO SUBSCRIPTION AGREEMENT – PAYMENT INSTRUCTIONS

Date: 3/1/12

To: US Bank
[Your Financial Institution]

Dear _____:

Please wire $ 21,000 from my account # ████████████
according to the following instructions.

    Wells Fargo Bank:
    ABA #: 121000248
    Account Name: GenAudio, Inc.
    Account #: ████0376

    Ref: GEORGE MARVIN
             [Your Name]

Funds are for purposes of investment in a private placement.

Thank you,

_____
Signature

GEORGE MARVIN
Printed Name

_____
Joint Signature (if any)

_____
Printed Name

*For payments by check instead of wire transfer, please make payable to:*
*"GenAudio, Inc." and deliver to*

GenAudio Inc.
8200 South Quebec Street.
Suite A3250
Centennial, CO 80112
Attn: Jim Devine, SVP of Finance

*DEN 97470204*

NUMBER
C–751

SHARES
1,000

Incorporated under the Laws
of the State of Colorado

## GENAUDIO, INC.

25,00,000 shares of Common Stock authorized. $0.0001 par value per share
5,000,000 shares of Preferred Stock authorized. $0.0001 par value per share

This Certifies that **George William Marvin** is the

registered holder of **One Thousand** Shares

of Common Stock

transferable only on the books of the Corporation by the holder hereof in
person or by Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed
by its duly authorized officers and its Corporate Seal to be hereunto affixed

this **7th** day of **June** A.D. 20 **11**

James T Devine, Secretary

Jerry Mahabub, President

© GOES KG2
All Rights Reserved

GA008322

SIGNATURE PAGE TO GENAUDIO, INC. SUBSCRIPTION AGREEMENT

    The undersigned Subscriber hereby certifies that he, she or it (i) has received and relied solely upon the Memorandum, this Subscription Agreement and their respective exhibits and schedules, (ii) agrees to all the terms and makes all the representations set forth in this Subscription Agreement and (iii) meets the suitability standards set forth therein and herein.

Subscription Amount: $ _3000.00_

# of Shares: _1000_

_GEORGE W MARVIN_

Name of Subscriber (Print)

_____

Signature of Subscriber

_____

Capacity of Signatory (for entities)

███████████████

Social Security or Taxpayer Identification Number

Subscriber Contact Information:

████████████████

Street Address

_MARYLAND HEIGHTS MD 63043_

City          State          Zip Code

Instructions for Delivery of Securities:

    Deliver to the address above

---

Name of Joint Subscriber (if any) (Print)

_____

Signature of Joint Subscriber (if any)

_____

Country of Residence (if a non-U.S. Subscriber)

_314-409-0098_

Telephone          Fax

_GEORGE_MARVIN @ HOTMAIL.com_

Email

    Deliver to an alternate address:

_____

_____

The Subscriber certifies under penalty of perjury that (1) the Social Security Number or Taxpayer ID and address provided above is correct, (2) the Subscriber is not subject to backup withholding (unless otherwise noted above) either because he has not been notified that he is subject to backup withholding or because the Internal Revenue Service has notified him that he is no longer subject to backup withholding and (3) the Subscriber (unless a non-U.S. Subscriber) is not a nonresident alien, foreign partnership, foreign trust or foreign estate.

    THE SUBSCRIPTION FOR SECURITIES OF GENAUDIO, INC. BY THE ABOVE NAMED SUBSCRIBER(S) IS ACCEPTED THIS _7_ DAY OF _JUNE_ , 2011.

GENAUDIO, INC.

By: _____

Name _JAMES T. DEVINE_

Title _V.P. FINANCE_

DEN 97470204

EXHIBIT A TO SUBSCRIPTION AGREEMENT - CONFIDENTIAL SUBSCRIBER QUESTIONNAIRE

This Questionnaire is provided to a prospective Subscriber who has expressed interest in purchasing securities of GenAudio, Inc. (the "Company"). The purpose of this Questionnaire is to determine whether Subscribers meet applicable suitability standards to invest in the offering of securities by the Company ("Offering"), and to comply with certain "know your customer" requirements. This material does not constitute an offer to sell nor is it a solicitation of an offer to buy securities, which offer may be made only pursuant to the terms and conditions of the Subscription Agreement to which this Questionnaire is an exhibit. Completion of this Questionnaire does not guarantee a Subscriber's participation in the Offering.

Answers to this Questionnaire will be kept confidential, provided they may be provided to such parties as required to provide assurance that the Offering will not result or has not resulted in violations of securities laws which are being relied upon by the Company in connection with the offer and sale thereof.

Please type or clearly print answers. If securities are to be purchased by more than one individual or entity, a separate Questionnaire should be completed for each.

Name of Subscriber: _GEORGE   W   MARVIN_

1. The undersigned qualifies as an "accredited investor" pursuant to the following definition (please check one or more of the following which apply to Subscriber; if none apply, do not check any items):

☐ **The undersigned is an individual who is a director or executive officer of the Company.** An "executive officer" is the president, a vice president in charge of a principal business unit, division or function (such as sales, administration or finance), any other officer who performs a policy making function or any other person who performs similar policy making functions for the Company.

☐ **The undersigned is an individual that (1) had individual income of more than $200,000 in each of the two most recent fiscal years and reasonably expects to have individual income in excess of $200,000 in the current year, or (2) had joint income together with the undersigned's spouse in excess of $300,000 in each of the two most recent fiscal years and reasonably expects to have joint income in excess of $300,000 in the current year.** "Income" means adjusted gross income, as reported for federal income tax purposes, increased by the following amounts: (i) any tax exempt interest income under Section 103 of the Internal Revenue Code (the "Code") received, (ii) any losses claimed as a limited partner in a limited partnership as reported on Schedule E of Form 1040, (iii) any deduction claimed for depletion under Section 611 of the Code or (iv) any amount by which income has been reduced in arriving at adjusted gross income pursuant to the provisions of Section 1202 of the Code. In determining personal income, however, unrealized capital gains should not be included.

☐ **The undersigned is an individual with individual net worth, or combined net worth together with the undersigned's spouse, in excess of $1,000,000.** "Net Worth" means all of an investor's assets (other than his or her primary residence) whether liquid or illiquid, such as cash, stock, securities, personal property and real estate based on the fair market value of such property MINUS all debts and liabilities (other than a mortgage or other debt secured by his or her primary residence unless such mortgage or other debt exceeds the fair market value of the residence, in which case such excess liability should ALSO be deducted from his or her net worth.

☐ **The undersigned is a Trust with total assets in excess of $5,000,000,** was not formed for the specific purpose of acquiring securities of the Company, and the purchase of the securities is directed by a person with such knowledge and experience in financial and business matters that he is capable of evaluating the risks and merits of the prospective investment in such securities.

☐ **The undersigned is a corporation, partnership, limited liability company or limited liability partnership** that has total assets in excess of $5,000,000 and was not formed for the specific purpose of acquiring securities of the Company.

☐ **The undersigned is an entity in which all of its equity owners are "accredited investors".**

DEN 97470204

2   The Subscriber's principal residence, if different than the address provided on the signature page to the Subscription Agreement, is as follows:

_____

_____

3.  The Subscriber's current employment or business activity is as follows:

Company Name: _____ Retired _____

Address: _____

Telephone Number: _____

Principal Business: _____

Position and Title: _____

4.  The Subscriber has __3__ years of investment experience.

5.  The Subscriber invests or trades in marketable securities:

    ☐ More than 20 times per year
    ☐ 6-20 times per year
    ☑ 1-5 times per year
    ☐ Never

6.  The Subscriber invests in non-marketable securities such as private placements:

    ☐ More than 10 times per year
    ☐ 6-10 times per year
    ☑ 1-5 times per year
    ☐ Never

7.  The Subscriber has provided the following identification information:

    ☑ A copy of Subscriber's driver's license (front and back) or passport or, in the case of an entity, such identification for its principal individual shareholders and signatories, accompanies this Questionnaire.

The Subscriber by signing below represents that the information provided in this Questionnaire is true and complete in all material respects.

GEORGE W MARVIN
_____        _____
Name of Subscriber (Print)                        Name of Joint Subscriber (if any) (Print)

_____        _____
Signature of Subscriber                             Signature of Joint Subscriber (if any)

    6/6/11
_____        _____
Capacity of Signatory (for entities)              Date

MISSOURI
DRIVER LICENSE

Class

*DEN 97470204*

Incorporated under the Laws
of the State of Colorado

NUMBER
C - 750

SHARES
1,300

**GENAUDIO INC.**

25,000,000 shares of Common Stock authorized, $0.0001 par value per share
5,000,000 shares of Preferred Stock authorized, $0.0001 par value per share

This Certifies that  George William Marvin

registered holder of   One Thousand Three Hundred   Shares

of Common Stock

transferable only on the books of the Corporation by the holder hereof in person or by Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and its Corporate Seal to be hereunto affixed.

this   7th   day of   June   A.D. 20 11

James T Devine, Secretary

Jerry Mahabub, President

GA008326

LITHO IN U.S.A.
© GOES XG2
© GOES XG4
All Rights Reserved

## SIGNATURE PAGE TO GENAUDIO, INC. SUBSCRIPTION AGREEMENT

The undersigned Subscriber hereby certifies that he, she or it (i) has received and relied solely upon the Memorandum, this Subscription Agreement and their respective exhibits and schedules, (ii) agrees to all the terms and makes all the representations set forth in this Subscription Agreement and (iii) meets the suitability standards set forth therein and herein.

Subscription Amount: $ _3900 00_

# of Shares: _1300_

_GEORGE W MARVIN_
Name of Subscriber (Print)

_[signature]_
Signature of Subscriber

_self_
Capacity of Signatory (for entities)

_[redacted]_
Social Security or Taxpayer Identification Number

Subscriber Contact Information:

_[redacted]_
Street Address

_Maryland Heights Mo 63043_
City          State          Zip Code

Name of Joint Subscriber (if any) (Print)

Signature of Joint Subscriber (if any)

Country of Residence (if a non-U.S. Subscriber)

_314-409-0098_
Telephone          Fax

_GEORGE MARVIN@HOTMAIL.COM_
Email

Instructions for Delivery of Securities:

Deliver to the address above

Deliver to an alternate address:

The Subscriber certifies under penalty of perjury that (1) the Social Security Number or Taxpayer ID and address provided above is correct, (2) the Subscriber is not subject to backup withholding (unless otherwise noted above) either because he has not been notified that he is subject to backup withholding or because the Internal Revenue Service has notified him that he is no longer subject to backup withholding and (3) the Subscriber (unless a non-U.S. Subscriber) is not a nonresident alien, foreign partnership, foreign trust or foreign estate.

THE SUBSCRIPTION FOR SECURITIES OF GENAUDIO, INC. BY THE ABOVE NAMED SUBSCRIBER(S) IS ACCEPTED THIS _7_ DAY OF _June_, 2011.

GENAUDIO, INC.

By: _[signature]_
Name: _JAMES Y. DEVINE_
Title: _V.P. FINANCE_

DEN 97470204

GA008327

## EXHIBIT A TO SUBSCRIPTION AGREEMENT - CONFIDENTIAL SUBSCRIBER QUESTIONNAIRE

This Questionnaire is provided to a prospective Subscriber who has expressed interest in purchasing securities of GenAudio, Inc. (the "Company"). The purpose of this Questionnaire is to determine whether Subscribers meet applicable suitability standards to invest in the offering of securities by the Company ("Offering"), and to comply with certain "know your customer" requirements. This material does not constitute an offer to sell nor is it a solicitation of an offer to buy securities, which offer may be made only pursuant to the terms and conditions of the Subscription Agreement to which this Questionnaire is an exhibit. Completion of this Questionnaire does not guarantee a Subscriber's participation in the Offering.

Answers to this Questionnaire will be kept confidential, provided they may be provided to such parties as required to provide assurance that the Offering will not result or has not resulted in violations of securities laws which are being relied upon by the Company in connection with the offer and sale thereof.

Please type or clearly print answers. If securities are to be purchased by more than one individual or entity, a separate Questionnaire should be completed for each.

Name of Subscriber: _GEORGE W MARVIN_

1. The undersigned qualifies as an "accredited investor" pursuant to the following definition (please check one or more of the following which apply to Subscriber; if none apply, do not check any items):

☐   **The undersigned is an individual who is a director or executive officer of the Company.** An "executive officer" is the president, a vice president in charge of a principal business unit, division or function (such as sales, administration or finance), any other officer who performs a policy making function or any other person who performs similar policy making functions for the Company.

☐   **The undersigned is an individual that (1) had individual income of more than $200,000 in each of the two most recent fiscal years and reasonably expects to have individual income in excess of $200,000 in the current year, or (2) had joint income together with the undersigned's spouse in excess of $300,000 in each of the two most recent fiscal years and reasonably expects to have joint income in excess of $300,000 in the current year.** "Income" means adjusted gross income, as reported for federal income tax purposes, increased by the following amounts: (i) any tax exempt interest income under Section 103 of the Internal Revenue Code (the "Code") received, (ii) any losses claimed as a limited partner in a limited partnership as reported on Schedule E of Form 1040, (iii) any deduction claimed for depletion under Section 611 of the Code or (iv) any amount by which income has been reduced in arriving at adjusted gross income pursuant to the provisions of Section 1202 of the Code. In determining personal income, however, unrealized capital gains should not be included.

☐   **The undersigned is an individual with individual net worth, or combined net worth together with the undersigned's spouse, in excess of $1,000,000.** "Net Worth" means all of an investor's assets (other than his or her primary residence) whether liquid or illiquid, such as cash, stock, securities, personal property and real estate based on the fair market value of such property MINUS all debts and liabilities (other than a mortgage or other debt secured by his or her primary residence unless such mortgage or other debt exceeds the fair market value of the residence, in which case such excess liability should ALSO be deducted from his or her net worth.

☐   **The undersigned is a Trust with total assets in excess of $5,000,000,** was not formed for the specific purpose of acquiring securities of the Company, and the purchase of the securities is directed by a person with such knowledge and experience in financial and business matters that he is capable of evaluating the risks and merits of the prospective investment in such securities.

☐   **The undersigned is a corporation, partnership, limited liability company or limited liability partnership that has total assets in excess of $5,000,000** and was not formed for the specific purpose of acquiring securities of the Company.

☐   The undersigned is an entity in which all of its equity owners are "accredited investors".

*DEN 97470204*

2.  The Subscriber's principal residence, if different than the address provided on the signature page to the Subscription Agreement, is as follows:

_____

_____

3.  The Subscriber's current employment or business activity is as follows:

Company Name: ___Retired_____

Address: _____

Telephone Number: _____

Principal Business: _____

Position and Title: _____

4.  The Subscriber has ___3___ years of investment experience.

5.  The Subscriber invests or trades in marketable securities:

   ☐ More than 20 times per year
   ☐ 6-20 times per year
   ☑ 1-5 times per year
   ☐ Never

6.  The Subscriber invests in non-marketable securities such as private placements:

   ☐ More than 10 times per year
   ☐ 6-10 times per year
   ☑ 1-5 times per year
   ☐ Never

7.  The Subscriber has provided the following identification information:

   ☑ A copy of Subscriber's driver's license (front and back) or passport or, in the case of an entity, such identification for its principal individual shareholders and signatories, accompanies this Questionnaire.

The Subscriber by signing below represents that the information provided in this Questionnaire is true and complete in all material respects.

___GEORGE  W  MARVIN_____         _____
Name of Subscriber (Print)                      Name of Joint Subscriber (if any) (Print)

___[signature]_____         _____
Signature of Subscriber                          Signature of Joint Subscriber (if any)

                                                          ___6/6/11___
_____         _____
Capacity of Signatory (for entities)             Date

MISSOURI DRIVER LICENSE   Class

*DEN 97470204*



NUMBER
C—740

SHARES
4,300

Incorporated under the Laws
of the State of Colorado

GENAUDIO, INC.

25,000,000 shares of Common Stock authorized, $0.0001 par value per share
5,000,000 shares of Preferred Stock authorized, $0.0001 par value per share

This Certifies that    George W Marvin

registered holder of    Four Thousand Three Hundred    is the    Shares

of Common Stock

transferable only on the books of the Corporation by the holder hereof in person or by Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and its Corporate Seal to be hereunto affixed this    29th    day of    April    A.D. 20 11

James T Devine, Secretary

Jerry Mahabub, President

LITHO IN U.S.A
© GDES KG2
© GDES KG2

© GDES KG2
All Rights Reserved

GA008330

## SIGNATURE PAGE TO GENAUDIO, INC. SUBSCRIPTION AGREEMENT

The undersigned Subscriber hereby certifies that he, she or it (i) has received and relied solely upon the Memorandum, this Subscription Agreement and their respective exhibits and schedules, (ii) agrees to all the terms and makes all the representations set forth in this Subscription Agreement and (iii) meets the suitability standards set forth therein and herein.

Subscription Amount: $ _12,900 00_

# of Shares: _4300_

_GEORGE W MARVIN_

Name of Subscriber (Print)

Name of Joint Subscriber (if any) (Print)

_Signature of Subscriber_

Signature of Joint Subscriber (if any)

_self_

Capacity of Signatory (for entities)

▇▇▇▇▇▇

Social Security or Taxpayer Identification Number

Country of Residence (if a non-U.S. Subscriber)

Subscriber Contact Information:

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Street Address

_314-409-0098_

Telephone            Fax

_MARYLAND HEIGHTS MO 63043_

City            State            Zip Code

_GEORGE MARVIN @ HOTMAIL, COM_

Email

Instructions for Delivery of Securities:

Deliver to the address above

Deliver to an alternate address:

The Subscriber certifies under penalty of perjury that (1) the Social Security Number or Taxpayer ID and address provided above is correct, (2) the Subscriber is not subject to backup withholding (unless otherwise noted above) either because he has not been notified that he is subject to backup withholding or because the Internal Revenue Service has notified him that he is no longer subject to backup withholding and (3) the Subscriber (unless a non-U.S. Subscriber) is not a nonresident alien, foreign partnership, foreign trust or foreign estate.

THE SUBSCRIPTION FOR SECURITIES OF GENAUDIO, INC. BY THE ABOVE NAMED SUBSCRIBER(S) IS ACCEPTED THIS _29_ DAY OF _APRIL_, 2011.

GENAUDIO, INC.

By: _____

Name: _JAMES T. DEVINE_

Title: _V.P. FINANCE_

DEN 97470204

GA008331

### EXHIBIT A TO SUBSCRIPTION AGREEMENT - CONFIDENTIAL SUBSCRIBER QUESTIONNAIRE

This Questionnaire is provided to a prospective Subscriber who has expressed interest in purchasing securities of GenAudio, Inc. (the "Company"). The purpose of this Questionnaire is to determine whether Subscribers meet applicable suitability standards to invest in the offering of securities by the Company ("Offering"), and to comply with certain "know your customer" requirements. This material does not constitute an offer to sell nor is it a solicitation of an offer to buy securities, which offer may be made only pursuant to the terms and conditions of the Subscription Agreement to which this Questionnaire is an exhibit. Completion of this Questionnaire does not guarantee a Subscriber's participation in the Offering.

Answers to this Questionnaire will be kept confidential, provided they may be provided to such parties as required to provide assurance that the Offering will not result or has not resulted in violations of securities laws which are being relied upon by the Company in connection with the offer and sale thereof.

Please type or clearly print answers. If securities are to be purchased by more than one individual or entity, a separate Questionnaire should be completed for each.

Name of Subscriber: _GEORGE  W.  MARVIN_

1. The undersigned qualifies as an "accredited investor" pursuant to the following definition (please check one or more of the following which apply to Subscriber; if none apply, do not check any items):

☐ **The undersigned is an individual who is a director or executive officer of the Company.** An "executive officer" is the president, a vice president in charge of a principal business unit, division or function (such as sales, administration or finance), any other officer who performs a policy making function or any other person who performs similar policy making functions for the Company.

☐ **The undersigned is an individual that (1) had individual income of more than $200,000 in each of the two most recent fiscal years and reasonably expects to have individual income in excess of $200,000 in the current year, or (2) had joint income together with the undersigned's spouse in excess of $300,000 in each of the two most recent fiscal years and reasonably expects to have joint income in excess of $300,000 in the current year.** "Income" means adjusted gross income, as reported for federal income tax purposes, increased by the following amounts: (i) any tax exempt interest income under Section 103 of the Internal Revenue Code (the "Code") received, (ii) any losses claimed as a limited partner in a limited partnership as reported on Schedule E of Form 1040, (iii) any deduction claimed for depletion under Section 611 of the Code or (iv) any amount by which income has been reduced in arriving at adjusted gross income pursuant to the provisions of Section 1202 of the Code. In determining personal income, however, unrealized capital gains should not be included.

☐ **The undersigned is an individual with individual net worth, or combined net worth together with the undersigned's spouse, in excess of $1,000,000.** "Net Worth" means all of an investor's assets (other than his or her primary residence) whether liquid or illiquid, such as cash, stock, securities, personal property and real estate based on the fair market value of such property MINUS all debts and liabilities (other than a mortgage or other debt secured by his or her primary residence unless such mortgage or other debt exceeds the fair market value of the residence, in which case such excess liability should ALSO be deducted from his or her net worth.

☐ **The undersigned is a Trust with total assets in excess of $5,000,000,** was not formed for the specific purpose of acquiring securities of the Company, and the purchase of the securities is directed by a person with such knowledge and experience in financial and business matters that he is capable of evaluating the risks and merits of the prospective investment in such securities.

☐ **The undersigned is a corporation, partnership, limited liability company or limited liability partnership that has total assets in excess of $5,000,000** and was not formed for the specific purpose of acquiring securities of the Company.

☐ **The undersigned is an entity in which all of its equity owners are "accredited investors".**

*DEN 97470204*

GA008332

2.   The Subscriber's principal residence, if different than the address provided on the signature page to the Subscription Agreement, is as follows:

_____

_____

3.   The Subscriber's current employment or business activity is as follows:

Company Name:   *MASSAGE THERAPY NETWORK*

Address:   *PO BOX 1553 MARYLAND HEIGHTS MO 63043*

Telephone Number:   *314- 409- 0098*

Principal Business:   *MASSAGE THERAPY*

Position and Title:   *OWNER*

4.   The Subscriber has __*2*__ years of investment experience.

5.   The Subscriber invests or trades in marketable securities:

   ◻ More than 20 times per year
   ◻ 6-20 times per year
   ☒ 1-5 times per year
   ◻ Never

6.   The Subscriber invests in non-marketable securities such as private placements:

   ◻ More than 10 times per year
   ◻ 6-10 times per year
   ☒ 1-5 times per year
   ◻ Never

7.   The Subscriber has provided the following identification information:

   ☒ A copy of Subscriber's driver's license (front and back) or passport or, in the case of an entity, such identification for its principal individual shareholders and signatories, accompanies this Questionnaire.

The Subscriber by signing below represents that the information provided in this Questionnaire is true and complete in all material respects.

*GEORGE W. MARVIN*
_____         _____
Name of Subscriber (Print)                          Name of Joint Subscriber (if any) (Print)

_____         _____
Signature of Subscriber                               Signature of Joint Subscriber (if any)

                                                              *4/28/11*
_____         _____
Capacity of Signatory (for entities)              Date

*DEN 97470204*

GA008333



GA008334

**EXHIBIT B TO SUBSCRIPTION AGREEMENT - PAYMENT INSTRUCTIONS**

Date: _4/28/11_

To: _US Bank_
[Your Financial Institution]

Dear _Bonker_ :

Please wire $ _12,900 00_ from my account # ███████████
according to the following instructions:

       Wells Fargo Bank:
       ABA #: 121000248
       Account Name: **GenAudio, Inc. Account**
       Account #: ███0952

       Ref: _GEORGE W. MARVIN_
               [Your Name]

Funds are for purposes of investment in a private placement.

Thank you,

_____
Signature

_____
Joint Signature (if any)

_GEORGE W. MARVIN_
Printed Name

_____
Printed Name

*For payments by check instead of wire transfer, please make payable to:*
*"GenAudio, Inc." and deliver to*

GenAudio Inc.
8200 South Quebec Street
Suite A3250
Centennial, CO 80112
Attn: Jim Devine, SVP of Finance


Payment
wired 4/28/11

*DEN 97470204*



© GOES KG2

LITHO. IN U.S.A.

Incorporated under the Laws
of the State of Colorado

NUMBER
C – 623

SHARES
1,700

# GENAUDIO, INC.

25,000,000 shares of Common Stock authorized, $0.0001 par value per share
5,000,000 shares of Preferred Stock authorized, $0.0001 par value per share

This Certifies that George W. Marvin is the registered holder of One Thousand Seven Hundred Shares of Common Stock transferable only on the books of the Corporation by the holder hereof in person or by Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and its Corporate Seal to be hereunto affixed this 31st day of August A.D. 20 10

James T Devine, Secretary

Jerry Mahabub, President

© GOES KG2
All Rights Reserved

GA008336

**SIGNATURE PAGE TO GENAUDIO, INC. SUBSCRIPTION AGREEMENT**

The undersigned Subscriber hereby certifies that he, she or it (i) has received and relied solely upon the Memorandum, this Subscription Agreement and their respective exhibits and schedules, (ii) agrees to all the terms and makes all the representations set forth in this Subscription Agreement and (iii) meets the suitability standards set forth therein and herein.

Subscription Amount: $ _5/100 00_

# of Shares: _1700_

_GEORGE W. MARVIN_

Name of Subscriber (Print)                          Name of Joint Subscriber (if any) (Print)

Signature of Subscriber                             Signature of Joint Subscriber (if any)

Capacity of Signatory (for entities)

███████

Social Security or Taxpayer Identification Number    Country of Residence (if a non-U.S. Subscriber)

Subscriber Contact Information:

████████████                                        _314-409-0098_          X

Street Address                                      Telephone               Fax

_MARYLAND HEIGHTS MO 63043_                          _GEORGE MARVIN@HOTMAIL.COM_

City               State      Zip Code              Email

Instructions for Delivery of Securities:

[X] Deliver to the address above                    ☐ Deliver to an alternate address:

The Subscriber certifies under penalty of perjury that (1) the Social Security Number or Taxpayer ID and address provided above is correct, (2) the Subscriber is not subject to backup withholding (unless otherwise noted above) either because he has not been notified that he is subject to backup withholding or because the Internal Revenue Service has notified him that he is no longer subject to backup withholding and (3) the Subscriber (unless a non-U.S. Subscriber) is not a nonresident alien, foreign partnership, foreign trust or foreign estate.

THE SUBSCRIPTION FOR SECURITIES OF GENAUDIO, INC. BY THE ABOVE NAMED SUBSCRIBER(S) IS ACCEPTED THIS _31st_ DAY OF _AUGUST_ , 2010.

GENAUDIO, INC.

By: _____

Name: 

Title: _JAMES T. DEVINE_

_VP FINANCE_

GA008337

## EXHIBIT A - CONFIDENTIAL SUBSCRIBER QUESTIONNAIRE

This Questionnaire is provided to a prospective Subscriber who has expressed interest in purchasing securities of GenAudio, Inc. (the "Company"). The purpose of this Questionnaire is to determine whether Subscribers meet applicable suitability standards to invest in the offering of securities by the Company ("Offering"), and to comply with certain "know your customer" requirements. This material does not constitute an offer to sell nor is it a solicitation of an offer to buy securities, which offer may be made only pursuant to the terms and conditions of the Subscription Agreement to which this Questionnaire is an exhibit. Completion of this Questionnaire does not guarantee a Subscriber's participation in the Offering.

Answers to this Questionnaire will be kept confidential, provided they may be provided to such parties as required to provide assurance that the Offering will not result or has not resulted in violations of securities laws which are being relied upon by the Company in connection with the offer and sale thereof.

Please type or clearly print answers. If securities are to be purchased by more than one individual or entity, a separate Questionnaire should be completed for each.

Name of Subscriber: GEORGE W. MARVIN

1. The undersigned qualifies as an "accredited investor" pursuant to the following definition (please check one or more of the following which apply to Subscriber; if none apply, do not check any items):

☐ **The undersigned is an individual who is a director or executive officer of the Company.** An "executive officer" is the president, a vice president in charge of a principal business unit, division or function (such as sales, administration or finance), any other officer who performs a policy making function or any other person who performs similar policy making functions for the Company.

☐ **The undersigned is an individual that (1) had individual income of more than $200,000 in each of the two most recent fiscal years and reasonably expects to have individual income in excess of $200,000 in the current year, or (2) had joint income together with the undersigned's spouse in excess of $300,000 in each of the two most recent fiscal years and reasonably expects to have joint income in excess of $300,000 in the current year.** "Income" means adjusted gross income, as reported for federal income tax purposes, increased by the following amounts: (i) any tax exempt interest income under Section 103 of the Internal Revenue Code (the "Code") received, (ii) any losses claimed as a limited partner in a limited partnership as reported on Schedule E of Form 1040, (iii) any deduction claimed for depletion under Section 611 of the Code or (iv) any amount by which income has been reduced in arriving at adjusted gross income pursuant to the provisions of Section 1202 of the Code. In determining personal income, however, unrealized capital gains should not be included.

☐ **The undersigned is an individual with individual net worth, or combined net worth together with the undersigned's spouse, in excess of $1,000,000.** "Net worth" means the excess of total assets at fair market value, including home, home furnishings and automobiles, over total liabilities.

☐ **The undersigned is a Trust with total assets in excess of $5,000,000,** was not formed for the specific purpose of acquiring securities of the Company, and the purchase of the securities is directed by a person with such knowledge and experience in financial and business matters that he is capable of evaluating the risks and merits of the prospective investment in such securities.

☐ **The undersigned is a corporation, partnership, limited liability company or limited liability partnership that has total assets in excess of $5,000,000** and was not formed for the specific purpose of acquiring securities of the Company.

☐ **The undersigned is an entity in which all of its equity owners are "accredited investors".**

GA008338

2.   The Subscriber's principal residence, if different than the address provided on the signature page to the Subscription Agreement, is as follows:

_____

_____

3.   The Subscriber's current employment or business activity is as follows:

Company Name:   RETIRED _____

Address:   _____ NA _____

Telephone Number:   _____ NA _____

Principal Business:   _____ NA _____

Position and Title:   _____ NA _____

4.   The Subscriber has ____/____ years of investment experience.

5.   The Subscriber invests or trades in marketable securities:

   □ More than 20 times per year
   □ 6-20 times per year
   □ 1-5 times per year
   ☑ Never

6.   The Subscriber invests in non-marketable securities such as private placements:

   □ More than 10 times per year
   □ 6-10 times per year
   ☑ 1-5 times per year
   □ Never

7.   The Subscriber has provided the following identification information:

   ☑ A copy of Subscriber's driver's license (front and back) or passport or, in the case of an entity, such identification for its principal individual shareholders and signatories, accompanies this Questionnaire.

The Subscriber by signing below represents that the information provided in this Questionnaire is true and complete in all material respects.

GEORGE  W.  MARVIN
_____          _____
Name of Subscriber (Print)                        Name of Joint Subscriber (if any) (Print)

_____          _____
Signature of Subscriber                             Signature of Joint Subscriber (if any)

                                                               8/31/2010
_____          _____
Capacity of Signatory (for entities)              Date

GA008339

# Office DEPOT FAX TRANSMISSION

*Taking Care of Business*

**TO:** JIM MATTOS

**FROM:** GEORGE MARVIN

**FAX NUMBER:** 303-865-8834

**SENDER'S PHONE #:** 314-409-0098

**DATE:** 11/16/09

**# OF PAGES:** 3

Please include cover sheet

**CUSTOMER'S NOTES:**

## OFFICE DEPOT'S TERMS OF USE

SENDER AGREES NOT TO USE THIS FAX TO: (1) TRANSMIT MATERIAL WHOSE TRANSMISSION IS UNLAWFUL, HARASSING, LIBELOUS, ABUSIVE, THREATENING, HARMFUL, VULGAR, OBSCENE, PORNOGRAPHIC OR OTHERWISE OBJECTIONABLE; (II) CREATE A FALSE IDENTITY, OR OTHERWISE ATTEMPT TO MISLEAD OTHERS AS TO THE IDENTITY OF THE SENDER OR THE ORIGIN OF THIS FAX; (III) POST OR TRANSMIT ANY MATERIAL THAT MAY INFRINGE THE COPYRIGHT, TRADE SECRET, OR OTHER RIGHTS OF ANY THIRD PARTY, (IV) VIOLATE ANY FEDERAL, STATE OR LOCAL LAW IN THE LOCATION, OR (V) CONDUCT ACTIVITIES RELATED TO GAMBLING, SWEEPSTAKES, RAFFLES, LOTTERIES, CONTESTS, PONZI SCHEMES OR THE LIKE.

PLEASE NOTE THAT OFFICE DEPOT DOES NOT REVIEW THE CONTENTS OF ANY FAX SENT USING ITS SERVICES. FURTHER, BY SIGNING BELOW THE SENDER OF THIS FAX HEREBY AGREES TO INDEMNIFY OFFICE DEPOT TO THE FULLEST EXTENT OF THE LAW AND FOR ANY AND ALL CLAIMS, SUITS, OR DAMAGES ARISING OUT OR IN CONNECTION WITH THE REQUEST TO SEND, OR SENDING THIS FAX.

**CUSTOMER SIGNATURE** (REQUIRED): _____

### STORE INFORMATION

**Office Depot # 48**
**12452 St. Charles Rock Rde.**
**Bridgeton, MO 63044**
**(314) 344-8989**
**Fax (314) 344-9976**

### THANK YOU FOR USING OFFICE DEPOT'S CUSTOMER FAX SERVICES

| First Page Local Fax | Additional Local Fax | First Page Long Distance Fax | Additional Long Distance Fax | First Page International Fax | Additional International Fax |

GA008340

LITHO IN U.S.A

© GOES KG2

NUMBER

C–469

SHARES

2,000

Incorporated under the Laws
of the State of Colorado

## GENAUDIO, INC.

25,000,000 shares of Common Stock authorized, $0.0001 par value per share
5,000,000 shares of Preferred Stock authorized, $0.0001 par value per share

This Certifies that    George William Marvin    is the

registered holder of    Two Thousand    Shares

of Common Stock

transferable only on the books of the Corporation by the holder hereof in
person or by Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed
by its duly authorized officers and its Corporate Seal to be hereunto affixed
this    18th    day    of    January    , A. D. 20 10

James T Devine, Secretary

Jerry Mahabub, President

GA008341

## STOCK SALE AND PURCHASE AGREEMENT

This Stock Sale and Purchase Agreement ("Agreement") is made as of November 15, 2009 (the "Effective Date"), by and among Jerry Mahabub ("Mahabub"), George William Marvin (the "Purchaser"), and GenAudio, Inc., a Colorado corporation (the "Company"). In this Agreement, Mahabub, the Purchaser and the Company are sometimes referred to individually as a "Party" and together as the "Parties."

### Recitals

A. Mahabub owns duly authorized and issued shares of the Company's common stock, par value $0.0001 per share (the "Common Stock").

B. Mahabub desires to sell and transfer Two Thousand (2,000) shares of his Common Stock to the Purchaser (the "Shares"), and the Purchaser desires to acquire the Shares, upon the terms and conditions of this Agreement.

### Agreement

Now, therefore, in consideration of the foregoing recitals and the mutual promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. Sale and Purchase of the Shares. Subject to the terms and conditions of this Agreement, on the Closing Date (as defined in Section 3.1), Mahabub will sell to the Purchaser, and the Purchaser will purchase from Mahabub, the Shares, free and clear of all security interests, liens, restrictions, claims, encumbrances, charges, options, preemptive rights or other interests of any kind ("Encumbrances"). Notwithstanding the foregoing, the Purchaser shall not retain any voting rights with respect to the Shares and shall execute an irrevocable proxy substantially in the form attached hereto as Exhibit A in favor of Mahabub with respect to the voting rights represented by the Shares (the "Proxy").

2. Purchase Price. The Purchaser shall pay Mahabub an aggregate purchase price of $1,000.00, or $0.50 per Share, for all of the Shares.

3. Closing of Share Purchase.

3.1 Closing Date. Subject to the terms and conditions of this Agreement, the closing of the transactions (the "Closing") contemplated by this Agreement and any other agreements or instruments contemplated hereby, including the stock transfer power to be delivered by Mahabub to the Purchaser, and the Proxy (collectively, the "Related Agreements"), will occur concurrently herewith or on such date, time and place as may be mutually established by the Parties (the "Closing Date").

3.2 Actions to be Taken at the Closing. At the Closing, the Parties will take the following actions and deliver the following documents:

GA008342

(a)     Both Mahabub and the Purchaser shall deliver a fully executed counterpart of this Agreement to the Company. Mahabub will deliver the original certificate(s) representing his Common Stock to the Company for cancellation and reissuance of new stock certificates to Mahabub for his Common Stock less the amount of the Shares, and the issuance of a stock certificate to the Purchaser in Purchaser's name for the Shares.

(b)     The Purchaser shall deliver to Mahabub the payment for the Shares in accordance with the instructions of Mahabub.

(c)     The Purchaser shall execute and deliver the original executed Proxy to Mahabub with a copy to the Company.

(d)     The Company shall deliver to the Purchaser an original certificate representing the Shares issued to the Purchaser in the Purchaser's name and a replacement certificate to Mahabub representing the balance of the shares of Common Stock owned by him.

(e)     The Parties will take such other actions and will execute and deliver such other instruments, documents and certificates as are required by the terms of this Agreement and the Related Agreements or as may be reasonably requested by any Party in connection with the consummation of the transactions contemplated herein.

4.     Representations and Warranties.

4.1     Mahabub Representations and Warranties.     Mahabub represents and warrants to the Purchaser and the Company as follows:

(a)     Mahabub has the power and authority to enter into this Agreement and the Related Agreements to which he is a party and to consummate the transactions contemplated by this Agreement and such Related Agreements.

(b)     Each of this Agreement and the Related Agreements to be executed by Mahabub constitutes the legal, valid and binding obligation of Mahabub, enforceable against Mahabub in accordance with its terms (except to the extent that enforcement may be affected by bankruptcy, reorganization, insolvency and creditors' rights and by the availability of injunctive relief, specific performance and other equitable remedies).

(c)     Mahabub individually owns all right, title and interest beneficially and of record, in and to the duly authorized and issued Shares, free and clear of any Encumbrances and, upon delivery of and payment for the Shares as herein provided, the Purchaser will acquire good and valid title thereto, free and clear of any Encumbrance (other than the Encumbrances to be created pursuant to this Agreement and the Related Agreements).

4.2     Purchaser Representations and Warranties. The Purchaser represents and warrants to Mahabub and the Company as follows:

GA008343

(a)     The Purchaser has the power and authority to enter into this Agreement and the Related Agreements to which he is a party and to consummate the transactions contemplated by this Agreement and such Related Agreements.

(b)     Each of this Agreement and the Related Agreements to be executed by the Purchaser constitutes the legal, valid and binding obligation of the Purchaser, enforceable against the Purchaser in accordance with its terms (except to the extent that enforcement may be affected by bankruptcy, reorganization, insolvency and creditors' rights and by the availability of injunctive relief, specific performance and other equitable remedies).

(c)     The Purchaser is not acquiring the Shares with a view to or for sale in connection with any distribution thereof within the meaning of the Securities Act of 1933, as amended.

(d)     The Purchaser is not an officer, director, or beneficial owner of more than 10% of any class of security of the Company.  The Purchaser is not now, nor has the Purchaser been at any time within the past three months, a person that directly or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with, the Company.

4.3     Company Representations and Warranties.  The Company represents and warrants to the Purchaser and Mahabub as follows:

(a)     The Company is a corporation duly organized, validly existing and in good standing under the laws of the State of Colorado and has the power and authority to enter into this Agreement and the Related Agreements to which it is a party and to consummate the transactions contemplated by this Agreement and the Related Agreements.  The Shares are owned by Mahabub, are duly authorized and issued, fully paid and non-assessable, and to the Company's knowledge, are not subject to any Encumbrances of any kind (other than the Encumbrances to be created pursuant to this Agreement and the Related Agreements).

(b)     Promptly after Closing, the Company shall enter the name of the Purchaser in its stock transfer ledger and other Company records reflecting the consummation of the transactions contemplated herein.

4.4     Mutual Representations and Warranties.

(a)     Each Party represents and warrants to the other Parties that neither it nor anyone acting on its behalf has employed any financial advisor, broker or finder or incurred any liability for any financial advisory, brokerage or finder's fee or commission in connection with this Agreement, the Related Agreements or the transactions contemplated by such agreements.

(b)     The Purchaser, the Company and Mahabub hereby affirm that each Party has retained and received, or has been advised to obtain and has been given the opportunity to receive, whatever outside consulting and counsel, including tax and legal counsel, it deems necessary or desirable in order to make informed decisions regarding

GA008344

the transactions contemplated by this Agreement and the Related Agreements, including without limitation any tax ramifications to the Purchaser relating the purchase of the Shares in accordance with the terms hereof.

5.     Approvals and Consents.  Each Party will obtain, without penalty to any other Party, all necessary approvals and consents required, if any, in order to authorize and approve this Agreement and the Related Agreements.  The Parties shall provide each other with full cooperation in obtaining such approval and consents as reasonably requested by the other Parties.

6.     Notices.  The Company, the Purchaser and Mahabub will promptly notify the other in writing if it receives any notice, or otherwise becomes aware, of any action or proceeding instituted or threatened before any court or governmental agency by any third party to restrain or prohibit, or obtain substantial damages in respect of, this Agreement or any Related Agreement or the consummation of the transactions contemplated by such agreements.

7.     Further Assurances.  Each Party will execute and deliver any further instruments or documents, and take all further action, as may be reasonably requested by another Party to carry out the transactions contemplated by this Agreement and the Related Agreements.  If any condition to close is waived at closing or an action to be taken at closing is not taken, such condition shall be complied with (if not impossible by its terms) or action shall be taken promptly after notice of same is delivered to the Party who failed to take the requisite action.

8.     Indemnification; Survival.

8.1     Indemnification.  Each Party (the "Indemnifying Party") will indemnify, defend and hold each other Party, its Affiliates and their respective partners, spouses, legal representatives, agents, successors and assigns (the "Indemnified Parties") harmless from and against any and all claims, judgments, damages, penalties, fines, costs, liabilities, losses or expenses (including, without limitation, reasonable attorneys' fees and expenses) incurred by the Indemnified Parties arising from or directly or indirectly relating to any breach of or default under this Agreement by the Indemnifying Party, or from any claim by any third party claiming harm or any interest in the Shares or challenging the transactions contemplated hereunder.  As used herein, "Affiliate" means, with respect to any Person (as hereinafter defined), any Person that controls, is controlled by or is under common control with such Person, together with its and their respective members, partners, venturers, directors, officers, stockholders, agents, employees and spouses.  A Person shall be presumed to have control when it possesses the power, directly or indirectly, to direct, or cause the direction of, the management or policies of another Person, whether through ownership of voting securities, by contract, or otherwise.  "Person" means an individual, partnership, limited liability company, association, corporation, or other entity.

8.2     Survival of Representations, Warranties and Covenants.  The Company, Mahabub and the Purchaser acknowledge and agree that all of the representations, warranties and covenants of the Parties contained in this Agreement shall survive the Closing hereunder for the maximum period of time permitted by law.

GA008345

9.    Conditions Precedent.

9.1    Conditions to the Purchaser's Obligations.  the Purchaser's obligations under this Agreement are subject to the satisfaction, on the Closing Date, of each of the following conditions, any of which may be waived in writing by the Purchaser:

(a)    Mahabub and the Company shall have fully complied with and performed all of their obligations under this Agreement and the Related Agreements.

(b)    All representations and warranties of Mahabub and the Company in this Agreement and the Related Agreements to which they are parties will be true and complete as of the date when given and on the Closing Date.

(c)    All documents, consents, approvals and waivers required, including the delivery of a duly executed and issued certificate representing the Shares sold to Purchaser, to consummate the transactions contemplated by this Agreement and the Related Agreements will have been obtained.

9.2    Condition to Mahabub's Obligations.  Mahabub's obligations under this Agreement are subject to the satisfaction, on the Closing Date, of each of the following conditions, any of which may be waived in writing by Mahabub:

(a)    The Purchaser and the Company shall have fully complied with and performed all of their obligations under this Agreement and the Related Agreements.

(b)    All representations and warranties of the Purchaser and the Company in this Agreement and the Related Agreements to which they are parties will be true and complete as of the date when given and on the Closing Date.

10.    Miscellaneous.

10.1    Severability.  The provisions of this Agreement will be deemed severable, and if any provision of this Agreement is held illegal, void or invalid under applicable law, such provision may be changed to the extent reasonably necessary to make the provision legal, valid and binding. If any provision of this Agreement is held illegal, void or invalid in its entirety, the remaining provisions of this Agreement will not be affected but will remain binding in accordance with their terms.

10.2    Entire Agreement; Amendment.  This Agreement, the Related Agreements and the Exhibits and attachments to such agreements contain the entire agreement of the Parties with respect to the purchase and sale of the Shares and the other transactions contemplated by such agreements. This Agreement may be amended only by an instrument in writing signed by the Purchaser, Mahabub and the Company. The headings in this Agreement are solely for convenience of reference and will not affect the interpretation of any provision of this Agreement.

10.3    Applicable Law.  This Agreement will be construed in accordance with and governed by the laws of the State of Colorado, without reference to the provisions thereof relating to conflicts of law.

10.4   <u>Binding Agreement, Assignment</u>.   The terms and provisions of this Agreement will bind Mahabub, the Purchaser and the Company and their respective permitted successors and assigns.   The parties understand and agree that this Agreement shall not be construed against the Party preparing it, but shall be construed as if it were prepared jointly by all persons and entities affected thereby, and any uncertainty or ambiguity, or both, shall not be interpreted against any such Party. This Agreement may not be assigned by any Party without the prior written consent of the other Parties hereto.

10.5   <u>Expenses</u>. Except as otherwise set forth in the Related Agreements, each Party will pay all of its expenses, including attorneys' and accountants' fees in connection with the negotiation of this Agreement and the Related Agreements, the performance of its obligations hereunder or thereunder, and the consummation of the transactions contemplated by this Agreement and the Related Agreements; provided that in any proceeding or other attempt to enforce, construe or to determine the validity of this Agreement or any Related Agreement, the non-prevailing Party will pay the reasonable expenses of the prevailing Party, including reasonable attorneys' fees and costs.

10.6   <u>Notices</u>. All notices required or permitted hereunder shall be in writing and shall be deemed effectively given: (a) upon personal delivery to the Party to be notified; (b) when sent by confirmed facsimile if sent during normal business hours of the recipient and, if not, then on the next business day; (c) three (3) days after having been sent by registered or certified mail, return receipt requested, postage prepaid; or (d) one (1) day after deposit with a nationally recognized overnight courier, specifying next day delivery, with written verification of receipt. All notices to any Party hereto shall be sent to the attention of the persons at the addresses indicated on the signature page hereto, or to such other address as such Party may indicate in writing to the other Parties hereto.

10.7   <u>Counterparts</u>.   This Agreement may be executed in one or more counterparts, or facsimile counterparts, any one of which need not contain the signatures of more than one party, but all such counterparts taken together will constitute one and the same instrument.

10.8 <u>Confidentiality</u>. Each Party agrees to maintain the existence and terms of this Agreement and the transactions contemplated hereunder completely confidential and may not disclose such information to any person without the prior written consent of each of the Parties hereto; provided, however, that each Party may disclose such confidential information: (a) to legal counsel and other professional advisors of such Party, (b) to regulatory officials having jurisdiction over such Party, and (c) as required by law or legal process or in connection with the corporate approval of the transactions contemplated hereunder or the related loan from Mahabub to the Company.

GA008347

IN WITNESS WHEREOF, the Parties have executed and delivered this Stock Sale and Purchase Agreement on the date set forth in the introductory paragraph of this Agreement.

**PURCHASER:**

Name: George William Marvin

Address:

MARYLAND HEIGHTS MO 63043

Email: GEORGE_MARVIN@HOTMAIL.COM

**MAHABUB:**

/S/ Jerry Mahabub

Jerry Mahabub

Address: 4646 Ponderosa Trail
Littleton, Colorado 80125

Email: jerry@genaudioinc.com

GA008348

## EXHIBIT A

### IRREVOCABLE PROXY

GA008349

## <u>IRREVOCABLE PROXY AGREEMENT</u>

**THIS IRREVOCABLE PROXY AGREEMENT** (this "*Agreement*") is made as of November 15, 2009, by and among the undersigned purchaser (the "*Purchaser*"), GenAudio, Inc., a Colorado corporation (the "*Company*"), and Jerry Mahabub, a Colorado resident ("*Mahabub*"), and their respective successors and assigns.

WHEREAS, the Purchaser is the beneficial and record holder of Two Thousand (2,000) shares of Common Stock, par value $0.0001 per share, as evidenced by a Stock Certificate to be dated of even date herewith (the "*Shares*"), which Purchaser acquired from Mahabub contemporaneously herewith; and

WHEREAS, the sale and purchase price of the Shares by Mahabub to Purchaser was conditioned on Purchaser granting to Mahabub an irrevocable perpetual proxy to vote the Shares, all pursuant to the terms hereof; and

WHEREAS, the Purchaser and Mahabub intend that the proxy granted pursuant hereto to be irrevocable.

NOW, THEREFORE, in consideration of the mutual promises and covenants herein contained, and other consideration, the receipt and adequacy of which is hereby acknowledged, the undersigned Purchaser, the Company, and the Mahabub agrees as follows:

11.     *Irrevocable Proxy*. The Purchaser hereby irrevocably constitutes and appoints Mahabub, from the date of this Agreement until the termination of this Agreement in accordance with its terms, as the Purchaser's true and lawful proxy, for and in the Purchaser's name, place and stead to vote the Shares with respect to any matter upon which any holder of the Shares is entitled to notice and to vote.  The foregoing proxy granted by the Purchaser shall include the right to sign the Purchaser's name (as a shareholder of the Company) to any consent, certificate or other document relating to the Company that applicable law may permit or require, to cause the Shares to be voted in accordance with the preceding sentence. The Purchaser hereby revokes all other proxies and powers of attorney with respect to the Shares that the Purchaser may have appointed or granted.  The Purchaser will not give a subsequent proxy or power of attorney (and if given, will not be effective) or enter into any other voting agreement with respect to the Shares. Any transfer of the Shares by Purchaser shall be subject to this Agreement.

THE PROXIES AND POWERS GRANTED BY THE PURCHASER PURSUANT TO THIS AGREEMENT ARE COUPLED WITH AN INTEREST AND ARE GIVEN AS ADDITIONAL CONSIDERATION FOR THE PURCHASE OF THE SHARES.

12.     *Agreements of the Company*.  The Company shall give copies of any notices or other communications to which a holder of the Shares would otherwise be entitled to both Mahabub and Purchaser at the same time.  The Company acknowledges the powers and proxies granted herein and agrees that Mahabub shall have the sole right during the term of this Agreement to vote all of the Shares.

GA008350

13.     *Term*.  This Agreement shall continue in full force and effect until such time as Mahabub agrees to terminate it.

14.     *Restrictive Legend*.  At the request of Mahabub, the certificates representing the Shares shall be marked by the Company (or may be marked by Mahabub) with a legend reading as follows:

"THE SECURITIES EVIDENCED HEREBY ARE SUBJECT TO AN IRREVOCABLE PROXY AGREEMENT (A COPY OF WHICH MAY BE OBTAINED FROM THE COMPANY) AND BY ACCEPTING ANY INTEREST IN SUCH SECURITIES THE PERSON HOLDING SUCH INTEREST SHALL BE DEEMED TO AGREE TO AND SHALL BECOME BOUND BY ALL THE PROVISIONS OF SAID AGREEMENT."

The Company agrees that, during the term of this Agreement, it will not remove, and will not permit to be removed (upon registration of transfer, reissuance or otherwise), the legend from any such certificate and will place or cause to be placed the legend on any new certificate issued to represent the Shares unless and until otherwise directed by Mahabub.

15.     *Miscellaneous*

15.1     *Governing Law*.  This Agreement and all acts and transactions pursuant hereto shall be governed, construed and interpreted in accordance with the laws of the State of Colorado as they apply to contracts entered into and wholly to be performed within such state by residents thereof.

15.2     *Amendment*.  Except as expressly provided herein, neither this Agreement nor any term hereof may be amended, waived, discharged or terminated other than by a written instrument referencing this Agreement and signed by each of the parties to this Agreement.

15.3     *Counterparts*.  This Agreement may be executed in any number of counterparts, each of which shall be enforceable against the parties actually executing such counterparts, and all of which together shall constitute one instrument.

15.4     *Jurisdiction*.  This Agreement shall be governed by the laws of the State of Colorado.

(e)     *Confidentiality*.  Each party agrees to maintain the existence and terms of this Agreement and the transactions contemplated hereunder completely confidential and may not disclose such information to any person without the prior written consent of each of the parties hereto; provided, however, that each party may disclose such confidential information: (a) to legal counsel and other professional advisors of such party, (b) to regulatory officials having jurisdiction over such party, and (c) as required by law or legal process or in connection with the voting of the Shares of the Company.

[SIGNATURE PAGE FOLLOWS]

GA008351

IN WITNESS WHEREOF, the Purchaser and Mahabub have duly executed this Irrevocable Proxy Agreement as of the date first above written.

**PURCHASER:**

George William Marvin

Name: _____

Address: ▮▮▮▮▮▮▮▮

BARYLAND HEIGHTS MO 63043

**MAHABUB:**

/S/ Jerry Mahabub

Jerry Mahabub

GA008352