**EXCERPTED**

# EXHIBIT 239

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

----------------------------

SECURITIES AND EXCHANGE )
COMMISSION, )
Plaintiff, )
vs. ) No. 1:15-cv-02118-
TAJ JERRY MAHABUB, GENAUDIO, ) WJM-CBS
INC., and ASTOUND HOLDINGS, )
INC., )
Defendants. )

-----------------------------------------------

DEPOSITION OF MICHAEL ELLIOTT

600 University Street, Suite 320

Seattle, Washington 98101

Wednesday, January 18, 2017

REPORTED BY: Olivia Pennella
Washington CCR 3337

JOB No. 2517595

PAGES 1 - 198

APPEARANCES

FOR PLAINTIFF:
BY: LESLIE H. HUGHES
United States Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, Colorado 80294
303-844-1086
HughesLJ@sec.gov

FOR DEFENDANT TAJ JERRY MAHABUB:
BY: ANDREW B. HOLMES
Holmes, Taylor & Jones LLP
617 South Olive Street, Suite 1200
Los Angeles, California 90014
213-985-2200
abholmes@htjlaw.com

FOR DEFENDANT GENAUDIO, INC.:
BY: MICHAEL McCLOSKEY
Wilson Elser Moskowitz Edelman & Dicker, LLP
655 West Broadway, Suite 900
San Diego, California 92101
619-321-6200
michael.mccloskey@wilsonelser.com



EXAMINATION


| WITNESS | MR. HOLMES | MR. McCLOSKEY | MS. HUGHES |
|---|---|---|---|
| MICHAEL ELLIOTT | 5 | 146 | 162 |
| | 183 | 189 | 194 |


EXHIBITS


| No. | Description | Page |
|---|---|---|
| Exhibit 177 | Background Questionnaire | 11 |
| Exhibit 178 | Email Correspondence (JM002525) | 29 |
| Exhibit 179 | Email Correspondence (JM002529) | 31 |
| Exhibit 180 | Confidential Private Placement Memorandum (GA004977-005124) | 33 |
| Exhibit 76 | Confidential Shareholder Communication March 15, 2010 (GA000140) | 37 |
| Exhibit 181 | Handwritten Chronology (3 pages) | 41 |
| Exhibit 182 | Email Correspondence (JM002558) | 42 |
| Exhibit 183 | Email Correspondence (JM002564-002565) | 43 |
| Exhibit 184 | Email Correspondence (JM003112-003113) | 46 |
| Exhibit 185 | Email Correspondence (JM005120) | 66 |
| Exhibit 186 | Email Correspondence (5 pages) | 84 |




EXHIBITS (Continued)


| No. | Description | Page |
|---|---|---|
| Exhibit 187 | Email Correspondence (JM008623-008626) | 98 |
| Exhibit 188 | Email Correspondence (JM017364-017365) | 100 |
| Exhibit 189 | Email Correspondence (JM009238-009239) | 101 |
| Exhibit 190 | Email Correspondence (JM014522-014523) | 107 |
| Exhibit 191 | Email Correspondence (JM015016-01517) | 111 |
| Exhibit 192 | Email Correspondence (Mahabub002789-002794) | 116 |
| Exhibit 16 | Email Correspondence (SEC0000001-0000005) | 130 |
| Exhibit 193 | Letter to Fellow GenAudio Shareholders (2 pages) | 133 |
| Exhibit 194 | Email Correspondence (JM020310-020312) | 137 |
| Exhibit 195 | Email Correspondence (ME000050-000051) | 141 |
| Exhibit 196 | Shareholder Confidential Communication August 1, 2010 (GA005351-005353) | 167 |
| Exhibit 197 | Shareholder Communication August 28, 2010, (SEC0000006-0000009) | 168 |
| Exhibit 198 | GenAudio, Inc. Common Stock Transfer Ledger (GA001816-001852) | 172 |


(Exhibit 76 and Exhibit 16 were marked separately in one or more prior depositions.)



Seattle, Washington, Wednesday, January 18, 2017
9:05 a.m.

MICHAEL ELLIOTT, witness herein, having been duly sworn by the Certified Court Reporter, testified as follows:

EXAMINATION

BY MR. HOLMES:
Q. Good morning, Mr. Elliott. Would you please state and spell your full name for the record.
A. Michael Elliott. M-I-C-H-A-E-L. Elliott, E-L-L-I-O-T-T.
Q. Mr. Elliott, thank you for coming in today. As I mentioned to you before we went on the record, I'm counsel for Jerry Mahabub. We also have counsel for GenAudio present, and we also have counsel for the SEC here. So, I know that your testimony was taken in the SEC investigation.
Aside from that, have you ever had your deposition taken before?
A. Yes.
Q. How long ago was that?
A. The last time was 2003.
Q. Okay.
A. 2003.

role in connection with this case?
A. No.
MR. McCLOSKEY: No further questions. Thank you, sir.

FURTHER EXAMINATION

BY MS. HUGHES:
Q. Now it's my challenge on memory. And I'm just going to throw this out -- a way for you possibly to recall.
My recollection is, I asked my paralegal to email to you a copy of your investigative transcript to review. But, sitting here today, I don't have that email with me. And it's possible she did not send it to you.
A. Do you mean as a -- as a precursor to that fall meeting --
Q. Yes.
A. -- we just had?
I don't remember getting that.
Q. Did you receive it after the fall meeting?
A. I think I -- I would remember that, because that was only a few months ago.
MS. HUGHES: So, I'm just -- for the sake of a clear record, I think that we may -- I certainly would have asked my paralegal to send you one. That may not



have occurred.
So, gentlemen, I can share that information with you after I'm back in the office.
Q. (By Ms. Hughes) But if you don't recall having reviewed it, that's where we're at.
A. I don't.
MS. HUGHES: Okay. Very good. I have no other questions.
MR. HOLMES: So, let's go off the record.
(Discussion held off the record.)
MR. HOLMES: Okay. So we've agreed, with regard to the transcript, that the original will be sent by the court reporter directly to the witness at an address he'll provide off the record to the reporter.
You'll have 30 days from your receipt of the that transcript to identify and make any changes that you'd like to make to it. You will then forward to Mr. McCloskey's office whatever changes you desire to make.
If you do not do that within the 30 days, then you agree that no changes need be made; and that a copy of the unsigned transcript can be used as a final and for all purposes.
Does everybody agree?
THE WITNESS: Agree.



MS. HUGHES: Yes.
MR. McCLOSKEY: So stipulated.
MR. HOLMES: Thank you.
(Deposition concluded at 3:19 p.m.)
(Signature reserved.)
-----



SIGNATURE

I declare under penalty of perjury under the laws of the State of Washington that I have read my within deposition and the same is true and accurate, save and except for changes and/or corrections, if any, as indicated by me on the CHANGE SHEET page hereof.

Signed in ________________________, Washington, on the ______ day of ____________________, 2017.

______________________
MICHAEL ELLIOTT
TAKEN: January 18, 2017

CERTIFICATE

STATE OF WASHINGTON )
) ss.
COUNTY OF KING )

I, the undersigned Washington Certified Court Reporter, hereby certify that the foregoing deposition upon oral examination of MICHAEL ELLIOTT was taken stenographically before me on January 18, 2017, and transcribed under my direction;

That the witness was duly sworn by me pursuant to RCW 5.28.010 to testify truthfully; that the transcript of the deposition is a full, true, and correct transcript to the best of my ability; that I am neither attorney for nor a relative or employee of any of the parties to the action or any attorney or counsel employed by the parties hereto nor financially interested in its outcome.

I further certify that in accordance with Washington Court Rule 30(e), the witness is given the opportunity to examine, read, and sign the deposition within thirty days upon its completion and submission unless waiver of signature was indicated in the record.

IN WITNESS WHEREOF, I have hereunto set my hand this 31st day of January, 2017.

______________________________

Washington Certified Court Reporter No. 3337
License expires June 4, 2017.

Page 198

C E R T I F I C A T E

STATE OF WASHINGTON )
) ss.
COUNTY OF KING )

I, the undersigned Washington Certified Court Reporter, hereby certify that the foregoing deposition upon oral examination of MICHAEL ELLIOTT was taken stenographically before me on January 18, 2017, and transcribed under my direction;

That the witness was duly sworn by me pursuant to RCW 5.28.010 to testify truthfully; that the transcript of the deposition is a full, true, and correct transcript to the best of my ability; that I am neither attorney for nor a relative or employee of any of the parties to the action or any attorney or counsel employed by the parties hereto nor financially interested in its outcome.

I further certify that in accordance with Washington Court Rule 30(e), the witness is given the opportunity to examine, read, and sign the deposition within thirty days upon its completion and submission unless waiver of signature was indicated in the record.

IN WITNESS WHEREOF, I have hereunto set my hand this 23rd day of January, 2017.

\S\OLIVIA PENNELLA

Washington Certified Court Reporter No. 3337
License expires June 4, 2017.

Federal Rules of Civil Procedure

Rule 30

(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

DISCLAIMER: THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF SEPTEMBER 1, 2016. PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS
COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.