IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02118-WJM-CBS

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

TAJ JERRY MAHABUB, GENAUDIO, INC., and
ASTOUND HOLDINGS, INC.,

        Defendants.

## DECLARATION OF LESLIE J. HUGHES

I, Leslie J. Hughes, do declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the following statements are true and correct, and further that this declaration is made on my personal knowledge and that I am competent to testify as to the matters stated herein:

1. I am a Trial Attorney in the Securities and Exchange Commission's ("SEC") Denver Regional Office, and I am one of the attorneys representing the SEC in this matter.

2. On February 18, 2016, I sent Defendant GenAudio Inc. ("GenAudio") a request to produce its investor files and all documents demonstrating whether seventeen investors were accredited investors or had such knowledge and experience

1

in financial and business matters that he or she was capable of evaluating the merits and risk of the prospective investments.  *See* Request No. 2, ECF No. 53-16.

3. On March 18, 2016, I received some investor files from GenAudio.  On September 9, 2016, I received additional investor files from GenAudio.  I reviewed these documents produced by GenAudio in response to the document request, and additional documents produced by GenAudio during the investigation.

4. GenAudio produced investor questionnaires dated in 2010 and 2011 from the thirteen of the seventeen investors who are identified the GenAudio's shareholder ledger as purchasing stock in the 2010 or 2011-2012 offerings.  But these investors' questionnaires contained no representation or certification that the investor was accredited at the time of the stock purchase.  GenAudio produced no questionnaires for four of the investors: Banks, Bertucci, Martin and Norris.  A summary of the productions follows:

- Bater: 8/10 blank questionnaire (Ex. 22, ECF No. 53-22); 6/04 questionnaire affirmatively represented he was not accredited investor;
- Banks: no questionnaire for 5/6/11 purchase;
- Broncucia: 7/30/10 questionnaire is blank;
- Bushong-Weeks: 7/26/10 questionnaire is blank (Ex. 23, ECF No. 53-23);
- Bertucci: no questionnaire produced for 9/10/12 purchase;
- D. Daffer:  8/11/10 and 6/24/2011 questionnaires are both blank;
- B. Daffer:  8/6/10 questionnaire is blank; no questionnaire for 6/8/11 purchase; 2004 questionnaire affirmatively represented he was not an accredited investor (GA007743);

- Eastwood:  8/31/10 questionnaire marked N/A (Exh. 21, ECF No. 53-21);

- Hsieh:  8/31/10 questionnaire is blank;

- Jerome:  9/1/10 questionnaire is blank;

- Martin: no questionnaire for 6/6/11 purchase;

- Marvin: 3/1/12, 6/6/11, 6/6/11, 4/28/11, 8/31/10 questionnaires are all blank (Ex. 26, ECF No. 53-26 and Ex. 220);

- McCoy, 8/31/10 questionnaire is blank (Ex. 24, ECF No. 53-24);

- Norris, no questionnaire for 5/19/11 purchase;

- Schuster, 8/31/10 questionnaires are blank (GA008311);

- Scardina, 7/710 blank questionnaire (GA8367)); and

- Snodgrass, 7/28/10 questionnaire is blank (Ex. 25, ECF No. 53-25).

5.      GenAudio produced early questionnaires dated in 2007 or 2008 for three investors: Broncucia (7/22/07 questionnaire, GA007697), Hsieh (6/8/07 questionnaire, GA007869) and Jerome (9/15/08 questionnaire, GA007920), which represented they were accredited.  But each of these investors submitted a blank questionnaire in 2010 that contained no representation that he remained accredited.

6.      GenAudio also produced a questionnaire, dated 2/2/12 from D. Daffer in which he represented he was accredited related to his purchase of 5,000 shares. (GA007785)

7.      On or about February 16, 2016, the SEC produced to the defendants electronic copies of the documents in its possession, including the records that are discussed in the Declaration of Tracy Bowen and her summary that is marked as Exhibit

3

11, ECF No. 53-11, such as GenAudio's Stock Transfer Ledger, stock purchase agreements, and Mahabub's affidavit and summary of his personal stock sales.

8. The SEC is submitting additional Exhibits 220 through 244 with its Reply in Support of Motion for Summary Judgment.

9. I certify that that Exhibit 220 is a true and correct copy of Marvin's investor questionnaires produced by GenAudio.

10. I certify that Exhibits 221 through 223 are true and correct copies of correspondence received from attorneys for Jim Mattos, Apple, Inc., and Victor Tiscareno in which they transmitted copies of documents to the SEC. I certify that any of the exhibits submitted in support of the SEC's motion for summary judgment labeled with pages numbers "JM000xxx", "347APL-000xxx" or "SEC-TiscarenoV-E-000xxx" are true and correct copies of documents produced to the SEC by Mattos, Apple or Tiscareno respectively.

11. I certify that Exhibits 224 through 231 and 234 through 240 are true and correct copies of excerpts from transcripts previously submitted to the court, which exhibits contain the cover page identifying the deponent and add the signed court reporter's certificates. (The SEC intentionally omits Exhibits 232 and 233.) These Exhibits 224 through 239 also contain additional pages cited in the SEC's Reply brief. (The SEC did not submit Exhibits 232, or 233.)

| New Exhibit No. | Deponent Name | Previous Exhibit | ECF No. |
| --- | --- | --- | --- |
| 224 | Isaac Depo. | 38 | 53-38 |
| 225 | Tiscareno Depo. | 39 | 53-39 |

4

| | | | |
|---|---|---|---|
| 226 | Hailey Depo. | 67 | 53-67 |
| 227 | Skluzak Depo. | 30 | 53-30 |
| 228 | Mattos Inv. Transcript | 5 | 53-5 |
| 229 | Devine Depo. | 7 | 53-7 |
| 230 | Bobak Depo. | (not previously marked) | |
| 231 | Isaac Inv. Transcript | 37 | 53-37 |
| 234 | Mahabub Inv. Transcript | 1 | 53-1 |
| 235 | Mahabub Depo. I and II | 2 | 53-2 |
| 236 | Mattos Depo. | 6 | 53-6 |
| 237 | Skluzak Inv. Transcript | 32 | 53-32 |
| 238 | Tiscareno Inv. Transcript | 35 | 53-35 |
| 239 | Elliott Depo. | 77 | 53-77 |
| 240 | The cover page identifying the deponent and court reporter's certification for the following investigative transcripts are all included in Exhibit 240: | | |
| | Powers Inv. Transcript | 31 | 53-31 |
| | Elliott Inv. Transcript | 33 | 53-33 |
| | Hailey Inv. Transcript | 36 | 53-36 |
| | Eldridge Inv. Transcript | 78 | 53-78 |
| | Bobak Inv. Transcript | 79 | 53-79 |
| | Herdt Inv. Transcript | 80 | 53-80 |

12. I certify that Exhibit 241 is a true and correct copy of GenAudio's December 8, 2010 letter to Shareholders marked as Investigative Exhibit 35, which was

5

produced to the SEC by GenAudio.  This letter was inadvertently referenced in SOF ¶ 94 as Exhibit 74; however, that exhibit is a September 6, 2010 email, and the December 8, 2010 Shareholder was not submitted with the initial brief.

13.  I certify that Exhibit 242 is a true and correct, redacted copy of a July 7, 2009 email produced to the SEC by Victor Tiscareno.

14.  I certify that Exhibit 243 is a true and correct copy of an excerpt from GenAudio's March 15, 2010 private placement memorandum that was produced to the SEC by GenAudio.  Additional portions of this document were previously filed as Exhibit 3, ECF No. 53-3.

15.  I certify that Exhibit 244 is a true and correct copy of an excerpt from GenAudio's April 22, 2011 private placement memorandum that was produced to the SEC by GenAudio. Additional portions of this document were previously filed as Exhibit 4, ECF No. 53-4.

16.  I certify that Exhibit 245 is a summary of the Statements of Fact, Responses and Replies prepared by the SEC to aid the Court in evaluating the objections raised to the Statements of Fact and underlying exhibits.

I declare under penalty of perjury that the foregoing statements are true and correct and that this Declaration was executed on May 12, 2017 in Denver Colorado.

s/ Leslie J. Hughes
Leslie J. Hughes