**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-02118-WJM-CBS

SECURITIES AND EXCHANGE
COMMISSION,
                Plaintiff,

v.

TAJ JERRY MAHABUB, GENAUDIO, INC., and
ASTOUND HOLDINGS, INC.,

                Defendants.

---

## SEC'S RESPONSE TO GENAUDIO'S EVIDENTIARY OBJECTIONS

---

Plaintiff Securities and Exchange Commission ("SEC") submits this response to the objections of Defendants GenAudio and Mahabub [ECF No. 58-71 and 59] to the evidence submitted in support of the SEC's motion for summary judgment, along with Exhibit 245, which is a summary of the objections. The Defendants assert thirty-nine objections to various exhibits identified in Statements of Fact ("SOF") contained in the SEC's motion. For the reasons discussed below, the Court should deny the objections and consider the evidence submitted on the motion for summary judgment.

    1.    Defendants object under Federal Rule of Evidence ("FRE") 901 to the excerpts of sworn investigative testimony contained in Exhibits 1, 5, 31, 31, 32, 33, 35, 36, 37, 78, 79 and 80, because the SEC did not include a copy of the reporter's certification. Exhibits 234, 228, 240 (a compilation of several transcript certifications), 237, and 231 contain the cover pages identifying the name of the deponent and the

1

reporter's certification that the deposition is a true record of the testimony. Defendants also object that the exhibits reference in these transcripts cannot be authenticated claiming they were not accompanied by a written declaration of a custodian or other qualified person. The SEC submitted the declaration of its counsel that these exhibits were true and correct copies from the investigative testimony. *See Voorhees Decl. at ¶ 3, ECF # 54.*

Further, the cases cited by the Defendants, *Broadband Mgmt. Solutions, LLC v. Dish Network Ser., LLC*, No. 04-cv-01489, 2006 WL 407827, *3 (D. Colo. Feb. 16, 2006); and *SEC v. Franklin*, 348 F.Supp.2d 1159, 1164 (S.D. Cal. 2004) do not support the proposition that the sworn testimony cited by the SEC is inadmissible. In *Broadband*, a party had failed to attach copies of deposition transcripts; instead, it had "re-created" the deposition testimony "into its own document." No. 04-cv-01489, 2006 WL 407827, *3 (D. Colo. Feb. 16, 2006). Further, the decision was issued before the 2010 amendments to Rule 56 (and cited former provision 56(c)). As noted by the 2010 Advisory Committee notes to Rule 56(c), one change was "[t]he requirement that a sworn or certified copy of a paper referred to in an affidavit or declaration be attached to the affidavit or declaration is omitted as unnecessary given the requirement in subdivision (c)(1)(A) that a statement or dispute of fact be supported by materials in the record." *Franklin* is also distinguishable because it addressed whether investigative testimony was sufficient to establish that documents were certified business records pursuant to Federal Rule of Evidence 902(11) when the SEC did not intend to call witness <u>at trial</u>. 348 F. Supp. 2d at 1164. Because the SEC has submitted the reporters' certifications, the Court should reject Defendants' objection 1.

2. Defendants object under FRE 901 to the excerpts of sworn deposition transcripts contained in Exhibits 30, 39, 67, and 77, because the SEC did not include a copy of the reporter's certification. Exhibits 224 through 227 (Ex. 30), 229 (Ex. 39), 226 (Ex. 67), and 239 (Ex. 77) contain for each deposition the cover page identifying the name of the deponent and the reporter's certification that the deposition is a true record of the testimony. Because the SEC has submitted the reporters' certifications, the Court should reject Defendants' objection 2.

3. Defendants object under FRE 901 to Exhibit 83, a demonstrative exhibit created by the SEC that compares changes Mahabub made in various emails. The SEC created Exhibit 83 to aid the Court in comparing numerous emails altered by Mahabub. The Court should reject Defendants' objection 3 as the SEC has advised the Court in a signed pleading of the creation, foundation and authenticity of Exhibit 83. Defendants also object that the demonstrative is based on unauthenticated emails. The emails to be compared are authentic:

- Ex. 10 – produced by Mattos. Authenticated by Mattos during his deposition. Ex. 236, Mattos Dep. 97:9 – 18 (regarding Dep. Ex. 29).

- Ex. 34 – produced by Apple. Hailey testified that he believes he received it on or about March 21 of 2010. Ex. 36, Hailey Inv. 28:19 – 29:6 (regarding Inv. Ex. 121).

- Ex. 42 – produced by Mahabub. In his deposition, Mahabub stated "[t]his must have come from my computer, obviously." Ex. 2, Mahabub Dep. 69:20 – 70:6 (regarding Dep. Ex. 204).

- Ex. 43 – produced by Tiscareno. Authenticated by Mahabub during his deposition. Ex. 2, Mahabub Dep. 68:18 – 69:11 (regarding Dep. Ex. 203).

- Ex. 44 – produced by Mahabub. During his deposition, Mahabub stated he had no reason to doubt he sent and received the emails as indicated. Ex. 235, Mahabub Dep. 81:22 – 84:5 (addressing Dep. Exs. 205 and 206).

- Ex. 45 – produced by Apple; *see also*, above.

3

- Ex. 47 – produced by GenAudio.  Authenticated by Mattos during his deposition.  Ex. 6, Mattos Dep. 71:3 – 11 (regarding Dep. Ex. 22).

- Ex. 48 – produced by Tiscareno.  Authenticated by Hailey during his deposition.  Ex. 226, Hailey Dep. 72:25 – 73:9 (regarding Dep. Ex. 23, "[t]his looks like an email that I would have received").

- Ex. 49 – produced by Mahabub.

- Ex. 50 – produced by Tiscareno.

- Ex. 51 – produced by Mattos.  Authenticated by Mattos during his deposition.  Ex. 236, Mattos Dep. 84:8 – 21 (regarding Dep. Ex. 26).

- Ex. 52 – produced by Tiscareno.

- Ex. 57 – produced by Mahabub.  During his deposition, Mahabub stated he had no reason to doubt he sent and received the emails as indicated. Ex. 150, Mahabub Dep. 183:24 – 185:6 (addressing Dep. Exs. 212 and 213).

- Ex. 58 – produced by Tiscareno; *see also*, above.

- Ex. 61 – produced by Mattos.  Authenticated by Mattos during his deposition.  Ex. 236, Mattos Dep. 104:3 – 12 (regarding Dep. Ex. 31).

- Ex. 62 – produced by Tiscareno.  Authenticated by Tiscareno during his investigative testimony.  Ex. 238, Tiscareno Inv. 230:4 – 11 (regarding Inv. Ex. 128).

- Ex. 64 – produced by Mattos.  Authenticated by Mattos during his deposition.  Ex. 236, Mattos Dep. 114:10 – 18 (regarding Dep. Ex. 34).

- Ex. 65 – produced by Tiscareno.  Authenticated by Tiscareno during his investigative testimony.  Ex. 238, Tiscareno Inv. 238:2 – 239:11 (regarding Inv. Ex. 129).

- Ex. 73 – produced by Mahabub.  Authenticated by Mahabub during his deposition.  Ex. 235, Mahabub Dep. 376:18 – 377:19 (regarding Dep. Exs. 265 and 266).

- Ex. 74 – produced by Tiscareno; see also, above.

4. Defendants object to paragraphs 3, 5, 6, and 7 of the Declaration of Tracy Bowen [ECF # 55] and the summary of Mahabub's personal stock sales, Exhibit 11

[ECF # 53-11], on the basis of lack of foundation and authenticity (FRE 901), Hearsay (FRE 801 et seq.) and Best Evidence Rule (FRE 1002). Defendants object to paragraph 3, 5, 6, and 7 of the declaration as hearsay because they refer to Deposition Exhibits 7 and 198, which is GenAudio's Stock Transfer Ledger, and stock agreements that are not part of the record, and not authenticated.

Defendants' claim of hearsay should be rejected. Rule 56(c) provides that evidence in support of summary judgment may be submitted as declaration. In addition, FRE 1006 allows the proponent to use a summary to provide the content of voluminous writings that cannot be conveniently examined in court. Mahabub's personal stock sales from November 1, 2009 and April 30, 2012 are voluminous, entailing 113 transactions that occurred over 30 month. The summary enables the court to examine this data without the need to review and compare over one hundred personal sales agreements, GenAudio's stock ledger, and Mahabub's declaration.

Ms. Bowen's declaration establishes the foundation and authenticity of the declaration and summary. Ms. Bowen states that she made the declaration upon her personal knowledge and that she prepared Exhibit 11 based upon the GenAudio stock ledger, personal stock sale agreements, and Mahabub's declaration. The source documents for Exhibit 11 are identified and were previously made available to the defendants. Hughes Declaration at ¶ 7. The foundation for admission of a summary under FRE 1006 is the testimony of the witness that she prepared the summary and disclosed the source data. *State Office Systems, Inc. v. Olivetti Corp. of America*, 762 F.2d 843, 845 (10th Cir. 1985). Defendants' objection under FRE 901 should be rejected.

Defendants also object that the Declaration and Exhibit 11 are inadmissible as hearsay, because the documents underlying the summary are not part of the record before the Court. Under FRE 1006, the SEC is not required to submit the underlying documents into evidence as a prerequisite to admissibility of the summary, Exhibit 11. Instead Rule 1006 requires the proponent to make the originals or duplicates available for examination by other parties at a reasonable place and time. *Id.* Furthermore, Ms. Bowen's declaration and summary are based upon evidence that is either exempt from the hearsay rule or not hearsay. The GenAudio Inc. Common Stock Transfer Ledger, Exhibit 7 and 198; and stock purchase agreements[1] are business records of a regularly conducted activity admissible under FRE 802(6) and 902(11); and the Mahabub Declaration, Deposition Exhibit 271, is admissible as a statement of a party opponent under FRE 801(c)(2). Defendants have had the ability to examine those records since the inception of this lawsuit. Hughes Decl. at ¶ 7. If the Court requests these voluminous records, the SEC will file them. *FRE 1006.*

Defendants also object under the Best Evidence Rule (FRE 1002). The Best Evidence Rule provides that production of an original may be dispensed with in situations when there is no need for the original "as otherwise provided in the rules" including summaries that may be admissible in the case of voluminous material which cannot conveniently be produced in court. *Weinstein's Federal Evidence*, §1002.04[3] at n.20 citing FRE 1006 (Matthew Binder 2d Ed. 2015); FRE 1002. The Defendants do not assert that the summary is inaccurate or inconsistent with the information in the underlying documents. In these circumstances, the court should deny Defendants'

---

[1] The stock purchase agreements are identified by Bate number in Exhibit 11 under the column "Supporting Documents Bate Numbers," to which defendants have access in the documents they previously produced to the SEC.

objections and consider Ms. Bowen's declaration and summary as admissible for determining the motion for summary judgment.

5. Defendants object to emails in Exhibits 17 and 20 cited in SOF 29 under FRE 901 and FRE 801. Mattos testified that he drafted Exhibit 17 (Depo. Ex. 33) but the contents were created by Mahabub. Ex. 236, Mattos Depo. at 109:15-110:20. Mattos' testimony authenticates Exhibit 17 and establishes it is exempt from hearsay as a business record under FRE 803(6) and admission by Mahabub and GenAudio under FRE 801(d)(2). Mattos testified that he sent the email Exhibit 20 (Inv. Ex. 84) to the investors and produce the document to the SEC. Ex. 228, Mattos Inv. at 247:4-248:7. Mattos' testimony authenticates Exhibit 20 and establishes it is admissible under FRE 803(6) as a business record of GenAudio.

6. Defendants object to SOF ¶ 31 because the citation to ¶ 135 of their Answers was incomplete. SEC does not object to the full citation to the Answers. GenAudio's intent to limit the offering to accredited investors is not relevant to the motion for summary judgment that Defendants violated Section 5 of the Securities Act, 15 U.S.C. § 77d, because intent is not an element. Section 5(a) and (c) impose strict liability on offerors and sellers of unregistered securities. SEC v. *Calvo*, 378 F.3d 1211, 1215 (11th Cir. 2004).

7. Defendants object under FRE 901 to the authenticity of Exhibit 21, investor Eastwood's questionnaire on accreditation, referenced in SOF ¶ 32 . This business record was produced to the SEC by GenAudio and includes the subscription agreement accepted by GenAudio's Vice President of Finance, James Devine. The investor questionnaires produced by GenAudio are authentic under Rule 901, because

the defendant produced the records. *Law Co. Inc. v. Mohawk Const. and Supply Co., Inc.*, 577 F.3d 1164, 1170 (10th Cir. 2009). The questionnaires are also business records related to GenAudio's sale of securities and will be admissible under FRE 803(6) & (7). Mattos testified that he recognized the document. Ex. 236 Mattos Depo. at 166:23-173:15. Defendants' objection to Exhibit 21 should be denied.

8. Defendants object under FRE 901 to the authenticity of Exhibits 22, 23, 24, 25, additional investor questionnaires on accreditation for four investors: Bater, Bushong-Weeks, McCoy, and Snodgrass, referenced in SOF ¶ 33. These additional investor questionnaires are authentic under Rule 901, because the defendant produced the records. *Law Co. Inc. v. Mohawk Const. and Supply Co., Inc.*, 577 F.3d 1164, 1170 (10th Cir. 2009). The questionnaires are also business records related to GenAudio's sale of securities and will be admissible under FRE 803(6) & (7). Defendants' objection to Exhibits 22-25 should be denied.

9. Defendants object under FRE 901 to the authenticity of Exhibit 26, an additional investor questionnaire on accreditation for Marvin, referenced in SOF ¶ 34. Exhibit 26 is authentic for the same reasons discussed in paragraphs 7 and 8, supra. In addition, see Second Declaration of George Marvin submitted with this filing authenticating Exhibit 26 and 220. Defendants' objection to Exhibit 26 should be denied.

10. Defendants object under FRE 901 to Exhibits 27 and 28 referenced in SOF ¶ 37. These exhibits were authenticated during Mattos' testimony. Ex 236, Mattos Depo. at pp. 178:17-179:11; and 183:14-21. Defendants' objection to Exhibits 27 and 28 should be denied.

11. Defendants object under FRE 901 to Exhibit 29 referenced in SOF ¶ 40. This exhibit 29 (Depo. Ex. 242) was authenticated by testimony from Mark Bobak, Ex.230, Bobak Depo. at 117:20-119:12, and Mahabub, Ex. 235, Mahabub Depo. at 436:17-437:18. In addition, Mahabub produced Exhibit 29 to the SEC, which establishes its authenticity. *See Law Co., Inc., 577 F.3d at 1170.* Defendants' objection to Exhibit 29 should be denied.

12. Defendants object under FRE 901 to Exhibits 10 (Inv. Ex. 61) and 34 (Depo. Ex. 30) referenced in SOF ¶ 45 and 60. Mahabub testimony establishes the authenticity. Defendants' objection to Exhibits 27 and 28 should be denied. See Ex. 234, Mahabub Inv. at 267:21-269:25; Ex. 2, Mahabub Depo. at 173:13-174:13. Defendants' objection to Exhibits 10 and 34 should be denied.

13. Defendants object under FRE 901 and 801 to Exhibit 40 (Inv. Ex 4 and Depo. Ex. 16) referenced in SOF ¶ 52. Tiscareno authenticated Exhibit 40 in testimony stating that he wrote the top email. Ex. 225 Tiscareno Depo. at 343:20-344:6. Defendants object that Tiscareno's statement in the email about Steve Jobs not being involved in Apple's dealings with GenAudio is excludable as hearsay. However, under Rule 56(c) out of court statements submitted as declarations or portions of sworn testimony may be considered by the Court. [cite] Defendants attended Tiscareno's deposition and had the opportunity to question him about Mr. Jobs complete lack of involvement in Apple's dealings with GenAudio, which they did. But they submit no statements to dispute this fact. Defendants' objections to Exhibit 40 should be denied.

14. Defendants object under FRE 901 to Exhibits 42 at 2-3 (Depo. Ex. 204), 43 at 1 (Depo. Ex. 203), 44 at 4 (Depo Ex. 206) and 45 at 1 (Depo. Ex. 205); and

9

additionally objects to Exhibits 44 and 45 as hearsay under FRE 801, referenced in SOF ¶ 57. Exhibit 42 contains Mahabub's email marked as Depo. Exhibit 204 along with a "clean copy" created by the SEC that removes various coding to make the document more legible. Mahabub testified that this email came from his computer. Ex. 2, Mahabub Depo. at 69:17-70:21. Exhibit 43 is an email written by Mahabub which he authenticated. Ex. 2, Mahabub Depo. at 68:18-69:11. Exhibit 44 at pages 7-13 contains an email chain written by Mahabub (Depo. Exhibit 206) along with a "clean copy" created by the SEC that removes coding to make the document more legible. Mahabub authenticated Exhibit 44. Ex. 235, Mahabub Depo. at 81:21-84:5. Exhibit 45 is an email chain written by Mahabub. Mahabub authenticated it. Ex. 235, Mahabub Depo. at 81:21-83:14. Exhibits 42 and 43 are not hearsay under FRE 801((d)(2) because they contain Mahabub's admissions. Defendants assert Isaac's emails to Mahabub in at page 5 of Ex. 44 and page 2 of Ex. 45 are inadmissible hearsay. The SEC does not assert Issac's email statement for the truth or whether he is actually stating the reasoning behind the framework, but rather to show that Mahabub used these emails to send false information to others about his progress with Apple. The Defendants' objections to Exhibits 42, 43, 44 and 45 should be denied.

15. Defendants object under FRE 901 to Exhibits 46 through 50 referenced in SOF ¶ 58 for failure to cite proper authentication of the emails. Mahabub, Mattos, Tiscareno and Isaac authenticate these emails in their testimony as follows: Ex. 46 (Inv. Ex. 57) see Ex. 234, Mahabub Inv. at 119:17-121:16; Ex. 47 (Depo. Ex. 22; Inv. Ex. 120) Ex. 236, Mattos Depo. at 71:3-15; Ex. 48 (Depo. Ex. 23, Inv. Ex. 119) see Ex. 238, Tiscareno Inv. at 186:3-14, Ex. 231 Isaac Inv. at 26:10-24; Ex. 49 (Depo. Ex. 209)

10

Ex. 235, Mahabub Depo. at 126:15-25; Ex. 50 (Depo. Ex. 208) see Ex. 235, Mahabub Depo. at 126:6-23. Defendants' objection 15 should be denied.

16. Defendants object under FRE 901 and FRE 801 to Exhibits 51 and 52 referenced in SOF ¶ 59 asserting Tiscareno's emails to Mahabub are hearsay. Mahabub testified that Exhibit 51 (Inv. Ex. 59) was authentic. Ex. 235, Mahabub Depo. at 182:8-184:21. Tiscareno testified that Exhibit 52 (Depo. Ex. 125) was authentic. Ex. 225, Tiscareno Depo. at 242:11-14. The SEC intends to call both Tiscareno and Mahabub as witnesses at trial to address Exhibits 51 and 52. Defendants' objection 16 should be denied.

17. Defendants object under FRE 901 to Exhibit 53 referenced in SOF ¶ 61. Exhibit 53 is an email from Mahabub sent to Tiscareno in April 2010. Tiscareno and Mahabub will provide testimony authenticating the document at trial. Defendants' objection 17 should be denied.

18. Defendants object under FRE 901 to Exhibits 54, 55 and 56 referenced in SOF ¶ 62. Exhibits 54, 55 and 56 are all email from Mahabub to Tiscareno in late April and early May, 2010. Mahabub authenticated Ex. 56 (Depo. Ex. 215). Ex. 235, Mahabub Depo. at 209:23-210:25. Tiscareno and Mahabub will provide testimony authenticating the emails at trial. Defendants' objection 18 should be denied.

19. Defendants object under FRE 901 to Exhibits 57 (Depo. Ex. 213) and 58 (Depo. Ex. 212) referenced in SOF ¶ 63. Mahabub authenticated these two documents. Ex. 235, Mahabub Depo. at p. 183:23-185:4. Defendants' objection 19 should be denied.

20. Defendants object under FRE 901 and FRE 801 to Exhibit 59 referenced in SOF ¶ 64. Mahabub authenticated Exhibit 59 (Depo. Ex. 214). Ex. 150, Mahabub Depo. at 197:4-198:2. Defendants' objection 20 should be denied.

21. Defendants object under FRE 901 to Exhibits 59 and 13 referenced in SOF ¶ 65. As to Exhibit 59 see paragraph 20 above. Devine authenticated Exhibit 13 (Depo. Ex. 6). Ex. 229, Devine Depo. at 136:3-22. Defendants' objection 21 should be denied.

22. Defendants object under FRE 901 and FRE 801 to Exhibits 55 and 56 referenced in SOF ¶ 66. See response to FRE 901 objections to Exhibits 55 and 56 in paragraph 18 above. Exhibits 55 and 56 are emails that Mahabub and Tiscareno exchanged. The emails contain statements by Mahabub which are not hearsay under FRE 801 (d)(2). Tiscareno will testify about his statements at trial. In addition Tiscareno's statements are not submitted for the truth of the statements but rather to show notice to Mahabub of information about the kind of meeting Tiscareno was participating in at Apple. Defendants' objection 22 should be denied.

23. Defendants object under FRE 901 to Exhibit 60 referenced in SOF ¶ 67. Mahabub authenticated Exhibit 60 (Depo. Ex. 215). Ex. 150, Mahabub Depo. at 218:5-219:23. Defendants' objection 23 should be denied.

24. Defendants object under FRE 901 to Exhibit 40 referenced in SOF ¶ 68 & 69. Tiscareno authenticated Exhibit 40 (Inv. Ex. 4; Depo. Ex. 16). Ex. 238, Tiscareno Inv. at 108:18-110:20. Defendants' objection 24 should be denied.

25. Defendants object under FRE 901 and FRE 801 to Exhibit 40 referenced in SOF ¶ 71. See response to objection in paragraph 24. The email authored by

Mahabub is not hearsay under FRE 801(d). Tiscareno's response to the email is admissible under FRE 803(2) as an excited utterance, FRE 803(3) reflecting his state of mind, and FRE 803(5) as a recorded recollection. In addition, Tiscareno will testify to these facts at trial. Defendants' objection 25 should be denied.

26. Defendants object under FRE 901 to Exhibits 61 & 62 referenced in SOF ¶ 72. Exhibit 61 (Inv. Ex. 64) was authenticated by Mahabub. Ex. 234, Mahabub Inv. at 341:10-343:13. Exhibit 62 (Depo. Ex. 32 and 128) was authenticated by Tiscareno. Ex. 225, Tiscareno Depo. at 248:7-10. Defendants' objection 26 should be denied.

27. Defendants object under FRE 901 and FRE 1002 to Exhibit 63 referenced in SOF ¶ 73-74. Exhibit 63 is a transcript of a GenAudio presentation made by Mahabub. It contains the transcriber's certificate that is a true and complete transcription of an audio file. In addition, Mahabub listened to excerpts of the audio file during his deposition and authenticated it. Ex. 235 Mahabub Depo. at 296:3-297:6. Defendants possess the audio file and make not showing that the transcript is not accurate which would bring FRE 1002 into play. The SEC will present the audio file at trial, and can submit it to the court for consideration of the motion for summary judgment, if requested. Defendants' objection 27 should be denied.

28. Defendants object under FRE 901 and FRE 801 to Exhibits 64 and 65 referenced in SOF ¶ 75. Exhibit 64 (Depo. Ex. 34) contains Mahabub's email to Mattos and others dated July 2, 2010 that was produced by Mattos. Mattos authenticates Exhibit 64. Ex. 236 Mattos Depo. 114:10-23. Exhibit 65 (Depo. Ex. 35 and 120) is July 2, 2010 Mahabub email to Tiscareno produced by Tiscareno. Tiscareno authenticates Exhibit 65 (Depo. Ex. 120). Ex. 225 Tiscareno Depo. 230:23-231:15. Mahabub's

statements in these emails are not hearsay under FRE 801(d)(3). The statements by Tiscareno are not submitted for the truth, but to show Mahabub's interaction with Apple and that he changed emails. In addition, the SEC plans to call Tiscareno and Mattos as witnesses. Defendants' objection 28 should be denied.

29. Defendants object under FRE 901 and FRE 801 to Exhibit 50 referenced in SOF ¶ 81. Exhibit 50 (Depo. Ex. 109 and 208, SEC-TiscarenoV-E-000946) is a December 22, 2009 email from Mahabub to Hailey and Tiscareno, produced to the SEC by Tiscareno. It was authenticated by Hailey. Ex. 226, Hailey Depo. at 83:6-13; 102:15-103:2; 148:13-151:12. Mahabub's statements in the email are not hearsay under FRE 801(d)(2). Hailey's statements are not submitted for the truth but rather to show the information that Mahabub had in December 2009 about the state of his discussions with Apple. In addition, the SEC intends to call Hailey as a witness at trial. Defendants' objection 29 should be denied.

30. Defendants object under FRE 901 and FRE 801 to Exhibit 68 referenced in SOF ¶ 82. Exhibit 68 (Dep. Ex. 227, SEC-TiscarenoV-E-000966) is Hailey's email to Mahabub dated 1/5/10. Hailey authenticates Exhibit 68. Ex. 226, Hailey Depo. 99:10-101:22; 152:23-153:3. Mahabub's statements in this email are not hearsay under FRE 801(d)(2). Hailey has made sworn testimony about this exhibit which can be consider in a motion for summary judgment under Rule 56(c). In addition the SEC intends to call Hailey as a witness at trial. Defendants' objection 30 should be denied.

31. Defendants object under FRE 901 to Exhibit 69 referenced in SOF ¶ 83. Exhibit 69 (Depo. Ex. 72) is a copy of the minutes of GenAudio's Board of Directors' meeting on September 25, 2009, which were produced by GenAudio (GA006254).

GenAudio's production of its business minutes establishes the documents authenticity. In addition, Bobak, a board member who attended the meeting, recognized the contents of the minutes. Ex. 230, Bobak Depo. 120:14-121:5. Defendants' objection 31 should be denied.

32. Defendants object under FRE 901 to Exhibit 71 referenced in SOF ¶ 85. Exhibit 71 (Depo. Ex. 73) contains a November 2009 email from Mahabub that was produced by GenAudio (GA006678). The SEC intends to call Mahabub at trial to testify about the document. Defendants' objection 32 should be denied

33. Defendants object under FRE 901 to Exhibit 72 referenced in SOF ¶ 88 & 89. Exhibit 72 (Depo. Ex. 264 and Inv. Ex. 73) is GenAudio's August 28, 2010 Shareholder letter that Mahabub authenticated. Ex. 234, Mahabub Inv. 455:15-456:6. Defendants' objection 33 should be denied.

34. Defendants object under FRE 901 to Exhibits 73 and 74 referenced in SOF ¶ 90. Exhibit 73 contains Mahabub's email dated 9/7/10 purportedly forwarding an an email he sent to Tiscareno, (Depo. Exhibit 266), along with a "clean copy" created by the SEC that removes various coding to make the document more legible. Mahabub testified that this email came from his computer. Ex. 235, Mahabub Depo. at 377:19. Exhibit 74 (Depo. Ex 265) is the 9/6/10 email Mahabub sent Tiscareno that Tiscareno produced to the SEC. Mahabub authenticated Exhibit 74. Ex. 235, Mahabub Depo. at 376:25-377:6. Defendants' objection 34 should be denied.

35. Defendants object under FRE 901, FRE 801, FRE 402 to Exhibit 75 referenced in SOF ¶ 91. Exhibit 75 is Mahabub's email string to Tiscareno on 9/15/10 that was produced to the SEC by Tiscareno. Tiscareno authenticated Exhibit 75 (Depo.

Ex. 130, SEC-TiscarenoV-E-001276 ). Ex. 225 Tiscareno Depo. 252:16-22. Mahabub's statements in the email are not hearsay under FRE 801(d)(3), and the SEC intends to offer Tiscareno as a witness at trial to testify. Exhibit 75 is relevant to establish the timing of a meeting with Apple in September 2010. Defendants' objection 35 should be denied.

36. Defendants object under FRE 901 to Exhibit 74 referenced in SOF ¶ 94. Defendants correctly note that Exhibit 74 is not what the SEC intended to include to support SOF ¶ 94. The SEC is attaching to its Reply Brief Exhibit 241, which is the December 8, 2010 GenAudio shareholder letter. Exhibit 241 was produced by GenAudio and Mahabub authenticated Exhibit 241 during his investigative testimony. Ex. 234, Mahabub Inv. 495:25 – 496:7 (regarding Inv. Ex. 35). Defendants' objection 36 should be denied.

37 Defendants object under FRE 901 to Exhibit 82 referenced in SOF ¶ 96 & 97. Exhibit 82 is a February 26, 2011 Shareholder Progress Report that was produced by GenAudio. It was also authenticated by Skluzak during his investigative testimony. Ex. 237, Skluzak Inv. 170:25 – 171:10 (regarding Inv. Ex. 36). Defendants' objection 37 should be denied.

38. Defendants object under FRE 901 to Exhibit 76 referenced in SOF ¶ 98. Exhibit 76 is email correspondence among various witnesses. The document was produced by Skluzak to former SEC counsel Jennifer Ostrom (see Ex. 76 at 1). In his deposition, Mattos also authenticated the portion of the email cited in the Motion. Ex. 236, Mattos Dep. 149:6 – 17 (regarding Dep. Ex. 40). Defendants' objection 38 should be denied.

39. Defendants object under FRE 901 to Exhibit 15 referenced in SOF ¶ 100. Exhibit 15 is an April 22, 2011 GenAudio shareholder letter that was produced by GenAudio. It was also authenticated by Skluzak during his investigative testimony. Ex. 237, Skluzak Inv. 174:21 – 175:1 (regarding Inv. Ex. 17). Defendants' objection 39 should be denied.

For the reasons stated above, each of the Defendants' evidentiary objections should be denied, and the documents should be considered in determining the motion for summary judgment.

DATED:  May 12, 2017

Respectfully Submitted,

/s Danielle R. Voorhees
Leslie J. Hughes (Colo. Bar No. 15043)
Danielle R. Voorhees (Colo. Bar No. 35929)
Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO  80294-1961
Telephone: (303) 844-1000
Fax: (303) 297-3529
Email: HughesLJ@sec.gov
         VoorheesD@sec.gov
Attorneys for Plaintiff
Securities and Exchange Commission