**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:15-cv-02118

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

  v.

TAJ JERRY MAHABUB, GENAUDIO,
INC., and ASTOUND HOLDINGS, INC.,

      Defendants.

**DEFENDANT TAJ JERRY MAHABUB'S MOTION TO STRIKE EXHIBITS SUBMITTED**

**WITH PLAINTIFF'S REPLY IN SUPPORT OF SUMMARY JUDGMENT**

## TABLE OF CONTENTS

**PAGE(S)**

I. INTRODUCTION ..................................................................................................................2

II. THE IMPROPER EXHIBITS................................................................................................3

III. ARGUMENT..........................................................................................................................5

    A. THE COURT SHOULD STRIKE THE TWO DECLARATIONS AND EXHIBITS 220–244 SUBMITTED WITH THE SEC'S REPLY............................5

        1. Considering the new evidence would impermissibly convert the Reply into a second opening brief ..........................................5

        2. The SEC's submission of new evidence, used to satisfy its initial burden, conflicts with this Court's own *Practice Standards* ...................................................................................................7

        3. Permitting a surreply in lieu of striking the new evidence would be bad policy......................................................................................8

    B. ALTERNATIVELY, OR FOR ANY NEW EVIDENCE THE COURT FINDS WAS PROPERLY SUBMITTED WITH THE REPLY, DEFENDANTS SHOULD BE GRANTED LEAVE TO FILE SURREPLIES .........................................................................................................9

IV. CONCLUSION.......................................................................................................................9

## I.  INTRODUCTION

"Do-over," "reboot," and "second bite of the apple" are all terms that could be applied to the SEC's Reply in Support of Summary Judgment ("Reply," ECF 66). The SEC tacitly acknowledged that it failed to carry its burden of production in its opening Motion for Summary Judgment ("MSJ," ECF 53). It seeks to retroactively cure these defects now through the submission of more than 300 new pages-worth of declarations and exhibits. But no provision of FRCP 56, governing motions for summary judgment, provides for such an extreme "mulligan." The new evidence should be stricken and remain unconsidered when the Court rules on the MSJ.

The new evidence, with the exception of Exhibit 245 (ECF 66-24), should be stricken and not considered in the Court's ruling on the SEC's MSJ. As the SEC itself bluntly put it, a motion for summary judgment is "the 'put up or shut up' moment in the lawsuit, when a party must show what evidence it has that would convince a trier of fact to accepts its version of the events." Reply at 38. By failing to submit competent evidence with their MSJ, the SEC failed to comply with its own standards. The new evidence should be stricken.

A court faced with evidence submitted with a reply brief typically has two options: it may either not consider the new evidence in its ruling or it may permit the non-moving parties an opportunity to file surreplies. Here, the facts justify the first course, as the SEC attempts to use the new evidence to correct critical flaws that were present in the opening brief—including numerous purportedly "undisputed" facts that were not supported by any admissible evidence (and, in one instance, any evidence whatsoever).

The purpose of a reply brief is not, as the SEC seeks here, to satisfy the movant's initial burden of production. Rather, a party should devote a reply to addressing arguments made in the opposition papers. By establishing the basic evidentiary facts at this late juncture, the SEC improperly flipped the script, and impliedly violated this Court's own *Practice Standards*, which limit each party to one dispositive motion for summary judgment.

Further, this is not the type of case where a party merely, perhaps through excusable

2

neglect, forgot to attach or authenticate a couple of exhibits to its opening brief. In such cases, lenience may be justified and a surreply is the appropriate remedy. Here however, the SEC refuses to apologize for its noncompliance with the federal rules of civil procedure and evidence—and further insists that properly submitting and authenticating documents would have merely cluttered the record. The SEC, an entity endowed with the power to prosecute others for what it determines to be violations of securities laws, should not be permitted to violate the rules governing procedure and evidence so flagrantly.

The Court should grant this Motion and strike the SEC's new declarations and Exhibits 220 through 244. Alternatively, Defendants request that they be permitted to file surreplies to address any evidence that the Court believes was properly submitted with the SEC's Reply.[1]

## II.     THE IMPROPER EXHIBITS

Along with its Reply, the SEC submits two new declarations (Marvin Decl., ECF 66-25; Hughes Decl., ECF 66-26) and 24 new exhibits[2] (ECF 66-1 to 66-24). In total, and excluding Exhibit 245,[3] these new submissions comprise more than 300 pages of additional evidence not submitted with the MSJ.

With the exception of Exhibit 245, all are exhibits that should have been submitted with the MSJ because they either provide the only evidentiary support for or otherwise buttress the SEC's purportedly undisputed facts.[4] Many of the new exhibits were provided mainly –

---

[1] Counsel for GenAudio informed the undersigned that they intend to join in this Motion.

[2] Numbered as Exhibits 220 through 245, with Exhibits 232 and 233 omitted.

[3] Exhibit 245 purports to be a table of the parties' facts. It is not opposed in this Motion.

[4] For example, MSJ fact ¶ 94 was not supported by any admissible evidence. While the SEC cited to Exhibit 74 in support, they now acknowledge that exhibit is not, as ¶ 94 claims, a letter to investors sent on December 8, 2010. SEC Resp. to Ev. Objs. (ECF 66-27) # 36. Likewise, the SEC acknowledges the cited testimony in MSJ fact ¶ 95 violates the best evidence rule because it described the contents of a written document that wasn't in the record. Exhibit 241 is the SEC's *post hoc* attempt to save these unsupported facts.

sometimes only – to authenticate or provide foundation for exhibits that were submitted with the MSJ but, when submitted, lacked proper authentication and/or foundation, in violation of Federal Rule of Evidence 901 (the "Authentication Evidence"). The following is a summary of the new exhibits constituting the Authentication Evidence, with cites to the corresponding MSJ exhibits and the SEC's Response to Evidentiary Objections ("REO," ECF 66-27):[5]

| New Evidence | Seeks to authenticate and/or lay foundation for: |
| --- | --- |
| Second Marvin Decl. | Exs. 26 and 220 (REO # 9) |
| Hughes Decl. | Ex. 11, Bowen Decl. (ECF 55) (REO # 4) |
| Ex. 225 | Ex. 40 (REO # 13); Ex. 52 (REO # 16); Ex. 62 (REO # 26); Ex. 65 (REO # 28); Ex. 75 (REO # 35) |
| Ex. 226 | Ex. 67 (REO # 2); Ex. 48 (REO # 3); Ex. 50 (REO # 29); Ex. 68 (REO # 30) |
| Ex. 227 | Ex. 30 (REO # 2); Ex. 68 (REO # 30) |
| Ex. 228 | Ex. 5 (REO # 1); Ex. 20 (REO # 5) |
| Ex. 229* | Ex. 39 (REO # 2); Ex. 13 (REO # 21) |
| Ex. 230* | Ex. 29 (REO # 11); Ex. 69 (REO # 31) |
| Ex. 231* | Ex. 37 (REO # 1); Ex. 48 (REO # 15) |
| Ex. 234 | Ex. 1 (REO # 1); Exs. 27, 28 (REO # 12); Ex. 46 (REO # 15); Ex. 61 (REO # 26); Ex. 72 (REO # 33); Ex. 241 (REO # 36) |
| Ex. 235 | Exs. 44, 73 (REO # 3); Ex. 29 (REO # 11); Exs. 44, 45 (REO # 14); Exs. 49, 50 (REO # 15); Ex. 51 (REO # 16); Ex. 56 (REO # 18); Exs. 57, 58 (REO # 19); Ex. 63 (REO # 27); Exs. 73, 74 (REO # 34) |
| Ex. 236* | Exs. 10, 51, 61, 64 (REO # 3); Ex. 17 (REO # 5); Ex. 21 (REO # 7); Exs. 27, 28 (REO # 10); Ex. 47 (REO # 15); Ex. 64 (REO # 28); Ex. 76 (REO # 38) |
| Ex. 237* | Ex. 32 (REO # 1); Ex. 82 (REO # 37); Ex. 15 (REO # 39) |
| Ex. 238* | Exs. 62, 65 (REO # 3); Ex. 48 (REO # 15); Ex. 40 (REO # 24) |
| Ex. 239* | Ex. 77 (REO # 2) |
| Ex. 240* | Used to authenticate "a compilation of several transcript certifications" (REO # 1) |

---

[5] Exhibits marked with asterisks ("*") denote that this Exhibit was used solely to provide authentication or foundation for evidence that was inadmissible when submitted with the MSJ (*i.e.*, they are not cited to or relied in the Reply brief).

The only new exhibits that are even arguably used *solely* to respond to Defendants' additional facts (those raised in the oppositions) are: Exhibits 220, 224, 242, and 243.

## III.   ARGUMENT

### A.   The Court should strike the two Declarations and Exhibits 220–244 submitted with the SEC's Reply

The Court should strike the SEC's new evidence because doing otherwise would permit the SEC to flaunt the requirements of Federal Rule of Civil Procedure 56 and the Federal Rules of Evidence, particularly FRE 901. FRCP 56 "requires the nonmoving party to be given notice and a reasonable opportunity to respond to the movant's summary judgment materials." *Beaird v. Seagate Tech.*, 145 F.3d 1159, 1164 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)). Because submitting new evidence with a reply brief deprives the nonmoving party of the requisite notice, in such circumstances a court should either (1) rule on the motion without considering the new evidence or (2) grant the nonmovant the right to file a surreply. *E.g., Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006) (citing *Beaird*, 145 F.3d at 1165). The first approach, striking the new evidence, is warranted here.

### 1.   Considering the new evidence would impermissibly convert the Reply into a second opening brief

The Court should grant this Motion and strike the new evidence because doing otherwise would improperly provide the SEC with a "second bite of the apple" at satisfying their initial burden of production. "Arguments inadequately briefed in the opening brief are waived." *Adler v. Wal-Mart Stores*, 144 F.3d 664, 679 (10th Cir. 1998); *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1248 (10th Cir. 2000) (citing *Adler*, 144 F.3d at 679) ("Assuming that an argument raised for the first time in a reply brief is sufficient, which it is not….") (emphasis added).[6]

---

[6] The fact that those cases involve new "argument," rather than new facts is immaterial. *See Gonzales*, 471 B.R. at 280 (citing *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005))

5

FRCP 56 imposes two separate burdens upon a party moving for summary judgment. *E.g., Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2003); *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010). First, and as relevant to this Motion, the initial <u>burden of production</u> requires the moving party to "produc[e] evidence, or show[] the absence of evidence, <u>on the motion for summary judgment</u>." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000) (emphasis added). *See also Trainor*, 318 F.3d at 979 (citing *Nissan Fire*, 210 F.3d at 1103–04) (same). Further, the evidence produced must be <u>admissible</u>. *Law Co. v. Mohawk Constr. & Supply Co.*, 577 F.3d 1164, 1170 (10th Cir. 2009) (quoting *Wright-Simmons v. City of Okla. City*, 155 F.3d 1264, 1268 (10th Cir. 1998)). This means, among other things, the evidence must be authenticated and have appropriate foundation pursuant to FRE 901. *Law Co.*, 577 F.3d at 1170.[7]

In sum, the type of evidence the SEC seeks to submit with its Reply—and particularly the Authentication Evidence—must have been submitted with the Motion because it relates to the initial burden of production. *Gonzales v. Saul Ewing, LLP*, 471 B.R. 263, 279 (D.N.M. Bkr. 2012) (quoting *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239–40 (N.D. Tex. 1991)) ("It cannot seriously be disputed that a movant is obligated to file with a motion the evidentiary materials necessary to justify the relief it seeks."). For example, without Exhibit 241, the SEC had no evidence to support MSJ fact ¶ 94 and by extension, ¶ 95 (which alleges the letter referenced in ¶ 94 contained a misrepresentation). Likewise, many of the exhibits for which the SEC failed to satisfy FRE 901's requirements were the sole evidentiary support for their

---

("new information" in a reply brief is "defined as either new evidence or new legal arguments").

[7] While the means of complying with FRE 901 may be more lax for purposes of summary judgment, they must still be honored. *See id.* (holding that documents "submitted for consideration at summary judgment" may be authenticated by means other than an affidavit). The issue here is that the evidence submitted with the MSJ was not supported by <u>any</u> proper means of authentication.

6

respective facts.[8] Absent this evidence, the SEC failed to establish that these allegations could be undisputed (let alone "facts"). Accordingly, because the SEC failed to provide the requisite evidentiary support in its opening brief, they blew their opportunity to satisfy their burden of production. At that point, the reply brief—and indeed, Defendants' Oppositions—became unnecessary, as the MSJ should be denied as inadequate. *See Trainor*, 318 F.3d at 979 (quoting *Nissan Fire*, 210 F.3d at 1102–03) ("If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything…. [and] may defeat the motion for summary judgment without producing anything.") (emphasis added).

Further, permitting the SEC to provide factual support for its allegations, and authenticating evidence, in the Reply is contrary to the purpose of a reply brief. "The purpose of a reply brief is to present legal arguments raised in the response." *Gonzales*, 471 B.R. at 279. "It is not a place to introduce new factual assertions that properly belong in the opening brief." *Id.* at 280.[9] That is exactly what the SEC is attempting to do here. The SEC should not be permitted to ignore the rules. The new exhibits should be stricken.

### 2. The SEC's submission of new evidence, used to satisfy its initial burden, conflicts with this Court's own *Practice Standards*

With the number of new exhibits submitted—and particularly given that they were submitted to cure defects within the MSJ itself—the Reply is, effectively, a new motion for summary judgment and second opening brief. Accordingly, the SEC violated this Court's

---

[8] *See, e.g.*, MSJ facts ¶ 37 (per REO # 10, SEC belatedly attempts to satisfy FRE 901 via new Ex. 236), ¶ 62 (per REO # 18, SEC belatedly attempts to satisfy FRE 901 as to Ex. 56—while admitting it cannot authenticate Exs. 54 and 55—via new Ex. 235), ¶ 63 (per REO #19, SEC belatedly attempts to satisfy FRE 901 via new Ex. 235).

[9] *See also Gonzales*, 471 B.R. at 279 (striking new reply evidence); *Hubbell v. Carney Bros. Constr.*, No. 05-cv-00026-CMA-KLM, 2010 U.S.Dist. LEXIS 130131, at *8 (D. Colo. Dec. 8, 2010) (court granted motion to strike additional arguments and exhibits raised in the reply brief); *Faith Techs., Inc. v. Fid. & Deposit Co.*, No. 10-2375-KHV, 2011 U.S.Dist. LEXIS 95524, at *19 n.6 (D. Kan. Aug. 25, 2011) (refusing to consider legislative history argument raised in the reply brief).

*Practice Standards* (eff. Dec. 1, 2016), which both cautions parties against the overuse of summary judgment and, excepting early partial motions for summary judgment, provides that each party is limited to one such motion "without prior leave of court, which shall be granted in only the most extraordinary circumstances." *Id.* §§ III.E.1–2.

### 3. Permitting a surreply in lieu of striking the new evidence would be bad policy

A surreply is not the appropriate remedy here because this is not an instance where a party, through excusable neglect, failed to properly label or authenticate one or two exhibits. *See Gonzales*, 471 B.R. at 279 ("While minor correction or supplementation in a reply brief for incorrect or missing support in the initial brief is certainly permissible, in this case the wholesale attempt to do in the reply brief what was the required showing in the initial brief is perhaps too little and certainly too late."). Rather, the SEC seeks to "reboot" its MSJ through the plethora of new evidence it submitted with the Reply. This is inappropriate and, to discourage the SEC from acting similarly in the future, the Court should simply strike the new evidence.

Notably, the SEC does not even plead excusable neglect. Rather, in the Reply, the SEC brushes off the requirement that a motion for summary judgment be supported by admissible evidence, suggesting that Defendants' insistence that parties follow the federal rules of evidence and civil procedure would merely result in "clutter[ing] the record with additional documents and affidavits." Reply at 15–16. The SEC's brashness is frankly astounding, given its status as one of the primary enforcers of this country's securities rules and regulations. Put simply, an enforcer endowed with the awesome authority to investigate and sanction people for noncompliance with certain rules should not be excused from complying with corresponding judicial rules governing enforcement themselves. As the SEC would normally say, the rules are there for a reason. As such, the SEC's new Reply evidence should be stricken.

### B.  Alternatively, or for any new evidence the Court finds was properly submitted with the Reply, Defendants should be granted leave to file surreplies

As explained above, given both the amount of new evidence and the fact that it is used—belatedly—to carry the SEC's initial burden of production, the appropriate remedy would be to strike the new evidence. This is particularly true of the new Authentication Evidence and Exhibit 241. However, if the Court finds otherwise, then Defendants request that they be permitted a chance to file surreplies to respond to whatever evidence the Court deems admitted, and also a chance to file evidentiary objections.[10]

## IV.  CONCLUSION

The SEC should not be permitted to correct foundational defects with its MSJ in a reply. Accordingly, for the foregoing reasons, the Court should strike the new Marvin Declaration (ECF 66-25), the new Hughes Declaration (ECF 66-26), and new Exhibits 220 through 244 (ECF 66-1 through 66-24). Alternatively, if the Court deems any of the new evidence was properly submitted with the SEC's Reply, Defendants should be granted leave to file surreplies and evidentiary objections.

Dated:  May 22, 2017

By: /s/ Andrew B. Holmes
Andrew B. Holmes
HOLMES, TAYLOR & JONES LLP
The Oviatt Building
617 South Olive Street, Suite 1200
Los Angeles, CA 90014
Telephone:  (213) 985-2200
Facsimile:  (213) 973-6282
Email:  abholmes@htsjlaw.com
*Attorneys for Defendant Taj Jerry Mahabub*

---

[10] Some of the new exhibits seem to violate rules of evidence applicable to summary judgment. For example, the so-called "cover letters," Exs. 221, 222, and 223, are hearsay.

9

# CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2017 a true and correct copy of the foregoing was electronically served via CM/ECF to the following:

| |
|---|
| Leslie J. Hughes, Trial Counsel<br>Danielle R. Voorhees, Trial Counsel<br>SECURITIES AND EXCHANGE COMMISSION<br>1961 Stout Street, Suite 1700<br>Denver, CO 80294-1961<br>Ph: (303) 844-1000<br>Email: HughesLJ@sec.gov<br>Email: VoorheesD@sec.gov<br>*Attorneys for Plaintiff Securities and Exchange Commission* |
| Michael P. McCloskey<br>David J. Aveni<br>WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP<br>655 W. Broadway, Suite 900<br>San Diego, CA 92101<br>(619) 321-6200<br>(619) 321-6201 (fax)<br>michael.mccloskey@wilsonelser.com<br>david.aveni@wilsonelser.com<br>*Attorneys for Defendant GenAudio, Inc.* |

By: s/ Andrew B. Holmes
  Andrew B. Holmes, Esq.
  HOLMES, TAYLOR & JONES LLP
  The Oviatt Building
  617 South Olive Street, Suite 1200
  Los Angeles, CA 90014
  Telephone: (213) 985-2200
  Facsimile: (213) 973-6282
  Email: abholmes@htsjlaw.com
  *Attorneys for Defendant Taj Jerry Mahabub*