IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02118-WJM-CBS

SECURITIES AND EXCHANGE
COMMISSION,

                          Plaintiff,

                          v.

TAJ JERRY MAHABUB, and GENAUDIO, INC.,

                          Defendants.

## SEC'S OPPOSITION TO MAHABUB MOTION TO STRIKE EXHIBITS SUBMITTED WITH PLAINTIFF'S REPLY IN SUPPORT OF SUMMARY JUDGMENT

The Plaintiff Securities and Exchange Commission opposes the motion of Defendants Taj Jerry Mahabub and GenAudio Inc. to strike two declarations and Exhibits 220 through 244[1] submitted with the SEC's reply in support of summary judgment. (ECF No. 75 and 77) The declarations and exhibits are properly before the Court to address Defendants' evidentiary objections and present evidence disputing additional facts submitted in Defendants' responses; they do not submit new arguments that warrant a surreply. The Defendants' motion to strike is not the appropriate means to address the evidentiary disputes under Fed. R. Civ. P. 56(c). For the following reasons, the SEC respectfully requests the Court deny the motion to strike, and alternative request to file a surreply.

---

[1] The SEC intentionally omitted Exhibits 232 and 233. Defendants object to 23 exhibits.

I. **Introduction.**

Defendants' argument that exhibits and declarations submitted with the SEC's reply should be stricken misapprehends the process for summary judgment adopted in the 2010 changes to Fed. R. Civ. P. 56, and is not supported by the cases cited by Defendants. The SEC's submission of these materials to address Defendants' evidentiary arguments or facts proposed in Defendants additional Statements of Fact ("SOF") are neither a "second bite of the apple" nor a failure to comply with the Federal Rules of Civil Procedure and the Court's *Practice Standards*. Submissions made simply to respond to arguments raised in a response brief are not subject to a motion to strike. *In re Gold Res. Corp. Sec. Litig.*, 957 F. Supp. 2d 1284, 1291 (D. Colo. 2013), *aff'd,* 776 F.3d 1103 (10th Cir. 2015) (citing, Beaudry v. Corr. Corp. of Am., 331 F.3d 1164, 1166 n.3 (10th Cir. 2003)).

Despite pages of argument in multiple briefs regarding foundation and authenticity in the abstract, Defendants failed to meritoriously object to the specific evidence submitted with the initial motion for summary judgment on the basis that "it cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Defendants' continued disregard for the appropriate objection renders the Motion to Strike inapt and it should be denied in its entirety.

II. **Defendants' Motion to Strike Should Be Denied Because It Is Not the Proper Method to Dispute the Evidence.**

Courts in the Tenth Circuit recognize that filing a motion to strike is not the proper method to dispute evidence relied upon in support of a motion for summary judgment. *See Daniels v. United Parcel Serv., Inc.*, 797 F. Supp. 2d 1163, 1172 (D. Kan. 2011);

*Green v. Harbor Freight Tools USA, Inc.,* 2013 U.S. Dist. LEXIS 119770, *7-9 (D. Kan. 2013). Instead, Rule 56(c)(2) provides that a party may object that a fact cannot be presented in a form that would be admissible in evidence, which the Defendants did, *see* ECF No. 58-71 and 59; and the opposing party may submit a reply, which the SEC did, ECF No. 66-27. The 2010 Advisory Committee Notes to Rule 56(c) explain, "[t]he objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. There is no need to make a separate motion to strike." The Court may resolve the evidentiary objections based on the summary judgment pleadings and consider the Reply and additional exhibits and declarations. Whether a non-moving party has an opportunity to respond is a "supervision of litigation" question left to the court's discretion. *Conroy v. Vilsack*, 707 F.3d 1163, 1179 n.6 (10th Cir. 2013).

The cases cited by Defendant do not support the Motion to Strike. As an initial matter, nearly all of the authority cited pre-dates the 2010 Amendments to Rule 56. Moreover, the authority is simply not on point. Defendant's quotation from *Alder v. Wal-Mart Stores*, Mot. at 5, addresses an issue of appellate procedure. 144 F.3d 664, 679 (10th Cir. 1998) (citing Fed. R. App. P. 28(a)(6)). Similarly, Defendants' citation to *Beaird v. Seagate Tech* does not support a motion to strike, 145 F.3d 1159, 1164 (10th Cir. 1998). In *Beaird*, citing to <u>former</u> Rule 56(c), the Tenth Circuit explained that "when a moving party advances in a reply new reasons and evidence in support of its motion for summary judgment, the nonmoving party should be granted an opportunity to respond" unless the district court grants summary judgment without relying on the new

materials. *Id.;* s*ee also Pippin v. Burlington Resources Oli & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006) (citing *Beaird* and finding no abuse of discretion when district court granted summary judgment and opposing party did not request the opportunity to file a surreply), cited in Mot. at 5.

### III. The New Exhibits and Declarations Addressing Defendants' Evidentiary Objections Are Properly Before the Court.

Defendants' motion should be denied because these additional exhibits and declarations are properly before the Court to address Defendants' objections to the materials submitted with the initial motion for summary judgment.  Fed. R. Civ. P. 56(c)(2) provides "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  The 2010 Advisory Committee Notes on this provision explain, "[t]he objection functions much as an objection at trial, adjusted for the pretrial setting.  The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated.  There is no need to make a separate motion to strike."  Under this procedure, when a party objects to the admissibility of evidence under Rule 56(c)(2), "the proponent of the exhibit has two options.  One possibility is to correct the problem leading to the objections....  In the alternative, the proponent can explain how the contents of the exhibit will be submitted at trial so that the information is admissible." *Evans v. Liberty Nat'l Life Ins. Co.,* 2014 U.S. Dist. LEXIS 159507, *14 (N.D. Okla. Nov. 12, 2014).

The SEC complied with Rule 56(c)(1) in its motion for summary judgment by citing and providing record materials (including extensive testimony and documents

provided by the Defendants) and a declaration setting forth the source of such materials, including that the exhibits consisted of "true and correct copies of investigative testimony transcripts and exhibits, deposition transcripts and exhibits, other documents produced during the SEC's investigation that proceeded this matter and in this litigation, and documents created by the SEC staff."  Voorhees Decl. ¶ 3 (ECF No. 54).  Defendants responded by objecting to 50 of 107 Statements of Fact (SOF), principally under Fed. R. Evid. 901. However, Defendants never asserted that the evidence supporting the motion for summary judgment is not actually authentic,[2] much less that it cannot be authenticated and the facts would not be admissible at trial. The original transcripts and exhibits demonstrate facts that will be admissible at trial and provide the basis for entry of summary judgment in the SEC's favor.

Despite Defendants' failure to set forth proper objections under Rule 56(c)(2), out of an abundance of caution, the SEC's Reply explained how the material are "admissible as presented or the admissible form that is anticipated" at trial, as contemplated by the Advisory Committee Notes. See SEC Resp. to Evid. Objections (ECF No. 66-27).  In support, the SEC submitted the court reporters' certificates inadvertently omitted from sworn investigative or deposition transcripts, the Second Declaration of George Marvin, the Declaration of Leslie Hughes, and additional transcript citations authenticating various exhibits.  See e.g., Exhibits 225, 226, 227, 228, 229, 230, 231, 234, 235, 236, 237, 238, 239 240; SEC's Resp. to Evid. Objections,

---

[2]  See generally Reply at Section 4.A.  Defendant is incorrect that the SEC admits that it cannot authenticate any evidence, including Exhibits 54 and 55, Mot. at 7 n.8.  The SEC has submitted authentic copies of documents and, if the Court deems necessary, the SEC will provide further evidence of authenticity at trial.  Defendant has failed to provide a proper objection that any evidence cannot be authenticated.

¶¶ 1, 2, 4, 7, 9 (ECF No. 66-27).  These submissions are not a "do-over," a failure to submit competent evidence, or failure to comply with the federal rules of civil procedure. The declarations and exhibits addressed Defendants' evidentiary objections and comply with the iterative processes established in Rule 56(c)(2).

*In re Vaughan*, upon which Defendant relies,[3] describes this iterative process, explaining:

> Significantly, the objection contemplated by the amended Rule [56(c)(2)] is not that the material "has not" been submitted in admissible form, but that it "cannot" be.…  The revised Rule therefore clearly contemplates that the proponent of evidence will have the ability to address the opponent's objections, and the Rule allows the court to give the proponent "an opportunity to properly support or address the fact," if the court finds the objection meritorious.  <u>Thus, the amendment replaces a clear, bright-line rule ("all documents must be authenticated") with a multi-step process by which a proponent may submit evidence, subject to objection by the opponent and an opportunity for the proponent to either authenticate the document or propose a method to doing so at trial</u>.

471 B.R. 263, 270 – 271 (Bankr. D.N.M. 2012) (quoting *Foreword Magazine, Inc. v. OverDrive, Inc.*, No. 1:10-cv-1144, 2011 WL 5169384, at *2 (W.D. Mich. Oct. 31, 2011)).

This Court's recent decision in *Miller v. BNSF Railway Co.* is also instructive, No. 15-cv-2268-WJM-NYW, 2017 WL 1880603 (D. Colo. May 9, 2017).  In *Miller*, the Court addressed a party's objections to an unsigned copy of an expert report as "not authenticated and … therefore not admissible" on summary judgment by explaining, "[t]his argument mis-apprehends the relevant considerations at the summary judgment

---

[3] *See* Mot. at 5 n.6, 6, and 7 (cited as *Gonzales v. Saul Ewing, LLP*).  In *Vaughan*, the moving party attempted to buttress facts supported by an expert affidavit by, in a reply brief, attaching new material and providing – for the first time – citations in support of purportedly undisputed facts.  *See* 471 B.R. at 279.  The court rejected "the wholesale attempt to do in the reply brief what was the required showing in the initial brief is perhaps too little and certainly too late."  *Id*.  There is no such attempt here – the SEC's motion for summary judgment provided citations to authority for all of its SOF.

phase." *Id.* at *2. Citing Rule 56(c)(2), the Court went on to explain "the question is not whether the report itself is admissible but whether its contents can be presented in an admissible form, namely, through [the expert's] in-court testimony.… Defendant's objection to the docketed copy of his report has no bearing on whether [the expert] can testify at trial, or whether his anticipated testimony raises genuine issues of fact precluding summary judgment." *Id.*

As explained above, the evidence presented by the SEC in support of its motion for summary judgment is authentic, including all the transcripts of sworn testimony, documents produced by the Defendants, their former employees, Apple Inc., and Apple's former employees. Even if the evidence is not currently in the form in which it would be presented at trial (for example, third-party declarations and sworn testimony), the <u>content</u> of the evidence will be admissible and is therefore properly before the Court for consideration on the motion for summary judgment.[4] The SEC's submission of additional exhibits and declarations to address Defendants' evidentiary objections complies with the iterative process established in Rule 56(c)(2), and the evidence should be considered in the Court's ruling on the motion for summary judgment.

### IV. The New Exhibits and Declarations Disputing Defendants' SOFs Are Properly Before the Court.

---

[4] The SEC does not acknowledge, tacitly or otherwise, that it "failed to carry its burden of production in its opening Motion for Summary Judgment," as suggested by Defendants. Mot. at 2. To the contrary, the undisputed facts, which are established by evidence that will be admissible at trial, demonstrate that the SEC has met its burden of production and established as a matter of law that Mahabub engaged in a long ranging fraud by lying to investors about Apple Inc.'s purportedly imminent acquisition of GenAudio in order to sell stock, and that Mahabub and GenAudio sold millions of dollars of stock to non-accredited investors in transactions that were not exempt from the registration requirements of the federal securities laws.

Defendants submitted in their responses new SOF ¶ 108 through 218 to attempt to create an issue of fact on their affirmative defense that they sold securities only to accredited investors. The SEC disputed that the new SOFs establish that GenAudio and Mahabub had a reasonable basis to believe all of its investors were accredited, by submitting additional excerpts from transcripts, the Second Declaration of George Marvin, Declaration of Leslie Hughes, and SEC Exhibits 242, 243, 244. *See e.g.* Reply at ¶ 218 citing Exhibit 235, Mahabub Dep. at 468:1-11; SEC Reply at pp. 14, 36 & 38, referring to Second Marvin Declaration, Hughes Declaration, and Exhibits 243 & 244 respectively; Exhibit 245 listing Objections to Defendants' SOF ¶ 207 referring to Exhibit 242. The SEC's submission of these facts to dispute Defendants' SOFs are appropriate under Rule 56(c)(1)(B), and therefore the request to strike these materials should be denied.

### V. The SEC's Reply is Not a Second "Opening Brief."

Defendants claim that the evidence attached to the Reply, "particularly the Authentication Evidence" and Exhibit 241, should be stricken because they "convert the Reply into a second opening brief." Mot. at 5 – 6. This argument lacks any merit – Defendants were provided with notice of all of the evidence that the SEC relies upon for purposes of its motion for summary judgment. The "Authentication Evidence" merely addresses Defendants' unfounded evidentiary objections and for the reasons set forth above, it was entirely appropriate for the SEC to address those objections in its Reply. As the SEC acknowledged in the Reply, Exhibit 241 was submitted as a corrected exhibit. See Reply at 4, ¶ 95. While the SEC originally attached the wrong document to its motion for summary judgment – an error for which counsel for the SEC apologizes –

the document is well-known to the parties, having been pled in the Complaint and addressed in Mahabub's testimony. Rule 56(e) allows the Court to give a party an opportunity to correct this mistake. Further, Defendants substantively addressed the correct document (Exhibit 241) in their Opposition. See GenAudio Opp'n at 33-34, ECF No. 58. The inclusion of Exhibit 241 in the Reply did not present any "lack of notice," surprise, or unfair advantage and the Exhibit should not be stricken. See also Vaughan, 471 B.R. at 279 ("minor correction or supplementation in a reply brief for incorrect or missing support in the initial brief is certainly permissible").

### V. Defendants' Request for a Limited Surreply Should Be Denied.

In the alternative, the Defendants request permission to submit a surreply. However, Defendants do not advanced any meritorious reason why they need an opportunity to respond to the evidence attached to the Reply.[5] Moreover, Defendants do not point to any argument raised for the first time in the SEC's Reply that they were not able to adequately brief.[6] The Court has discretion either to deny the Defendants request for leave to file a surreply or not rely upon the new materials in the SEC's Reply. See Conroy v. Vilsack, 707 F.3d 1163, 1179 n.6 (10th Cir. 2013).

---

[5] The SEC agrees with Defendants that a surreply would be inappropriate in this instance. See Mot. at 8. First, the documents that Defendants point to as possibly requiring response are document production cover letters, which Defendants claim are hearsay. See Mot. at 9 n.10. But as explained in the SEC's Reply, the cover letters were merely attached as further evidence that documents produced to the SEC "are what the SEC claims they are" pursuant to Federal Rule of Evidence 901(a). See Reply at 16 n.5. Further, Defendants should not be permitted to litigate these unfounded evidentiary issues in yet another round of briefing.

[6] Adams v. Am. Guarantee & Liability Ins. Co. is distinguishable. There, a party "developed" a new argument in a reply brief and pointed only to inadmissible hearsay. 233 F.3d 1242, 1248 (10th Cir. 2000). The SEC is relying on evidence that will be admissible at trial and Defendants make no allegation that the SEC has come forward with any new argument in its Reply.

The SEC's submission of evidence pursuant to Rule 56(c)(1)(B) to address Defendants' objection or dispute their additional SOFs addressing their affirmative defense is not a basis to grant the Defendants permission to file a surreply.[7] For the reasons discussed above, the Defendants' motion to file a surreply should be denied.

**VI.     Conclusion.**

Defendants' motion to strike or in the alternative for permission to file a surreply addressing the exhibits and declarations submitted with the SEC's Reply should be denied.  Under the procedures established in Rule 56(c), the SEC appropriately submitted these additional materials to address Defendants' objections.  To the limited extent that these materials contain new facts, the SEC submitted those facts to dispute Defendants' responses to the SEC's SOFs or contradict the 110 new SOFs filed in the Defendants' responses to summary judgment. In these circumstances, striking the materials or allowing the Defendants to file a surreply is not warranted.  The SEC respectfully requests that the Court deny Mahabub's motion and GenAudio's joinder to the motion.

---

[7] While counsel for Defendant Mahabub conferred with counsel for GenAudio regarding the Motion, Mot. at 3 n.1, counsel did not confer with the SEC regarding the Motion or the "alternative" request for leave to file "surreplies and evidentiary objections." Mot. at 9.  Local Rule 7.1(a) requires counsel to "confer or make reasonable good faith efforts to confer with any opposing counsel … to resolve any disputed matter.  The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty."  D.C.COLO.LCivR 7.1. Further, the Court's practice standards provide "[n]o sur-reply, supplemental brief, or supplemental 'notice' may be filed without prior leave of Court granted for good cause shown."  Practice Standards For Civil And Criminal Matters Before The Honorable William J. Martinez, Section III.L.  Defendants failed to establish good cause for additional briefing on any issue related to the Motion for Summary Judgment; therefore, the SEC respectfully requests that his alternative request for a sur-reply be denied.

DATED: June 7, 2017

Respectfully Submitted,

*/s Leslie J. Hughes*
Leslie J. Hughes (Colo. Bar No. 15043)
Danielle R. Voorhees (Colo. Bar No. 35929)
Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
Telephone: (303) 844-1000
Fax: (303) 297-3529
Email: HughesLJ@sec.gov
VoorheesD@sec.gov
*Attorneys for Plaintiff Securities and Exchange Commission*

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2017, the **SEC'S OPPOSITION TO MAHABUB MOTION TO STRIKE EXHIBITS SUBMITTED WITH PLAINTIFF'S REPLY IN SUPPORT OF SUMMARY JUDGMENT** was e-filed with the Court's ECF system and electronically served on the parties listed below:

Andrew B. Holmes
Holmes, Taylor & Jones, LLP
617 South Olive Street, Suite 1200
Los Angeles, CA 90014
Telephone: 213-985-2265
Email: abholmes@htjlaw.com
*Attorney for Defendant Taj Jerry Mahabub*

Michael P. McCloskey
David J. Aveni
Wilson Elser Moskowitz Edelman & Dicker LLP
655 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619-321-6200
Email: Michael.McCloskey@wilsonelser.com
*Attorney for Defendant GenAudio, Inc.*

                                                    s/ Elinor E. Blomgren
                                                    Elinor E. Blomgren