# EXHIBIT 26

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:15-cv-02118-WJM-CBS

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,


TAJ JERRY MAHABUB, GENAUDIO,
INC., and ASTOUND HOLDINGS, INC.,

    Defendants.

---

**DEFENDANT GENAUDIO, INC.'S RESPONSE TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

---

    Defendant GenAudio, Inc., by and through undersigned counsel, Wilson Elser Moskowitz Edelman & Dicker, LLP, hereby responds to Plaintiff Securities and Exchange Commission's First Request for Production of Documents as follows:

**PRELIMINARY RESPONSE**

    Responding Party has not fully completed its investigation of the facts related to this case, nor completed its discovery in this action, nor completed its preparation for trial. All of the responses and documents produced are based only upon such information and documentation presently available to and specifically known to Responding Party.

    Further discovery, independent investigation, legal research and analysis may supply additional facts and/or documents. Accordingly, the following responses are given without prejudice to Responding Party's right to supplement these responses with any subsequently discovered fact(s) and/or document(s), which Responding Party may later encounter or recall.

    Responding Party accordingly reserves the right to produce supplemental responses and/or documents, change any and all responses as additional facts and/or documents are ascertained,

analysis made, and legal research is completed. These responses are provided in a good faith effort to supply as much factual information and documentation as is presently known to Responding Party, but in no way should be to the prejudice of Responding Party in relation to further discovery, research, analysis or proof at trial.

### GENERAL OBJECTIONS

The following general objections apply to each and every response to each and every request addressed below:

1. Responding Party objects to each of the individual requests to the extent any of them seek information protected from discovery by any applicable privilege, doctrine, or immunity, including, without limitation, the attorney-client privilege, the attorney work product doctrine, and information that is subject to the right of privacy. Responding Party does not deem the requests to seek private, privileged, or otherwise confidential information and will not disclose such information in response to the requests.

2. Responding Party objects to each of the requests to the extent they purport to impose upon it the burden of furnishing information which is not available to it or which is equally or more readily available to Plaintiff.

3. Responding Party objects to each of the requests to the extent they purport to require it to disclose any confidential information received by it, directly or indirectly, from a third party. Such confidential information will not be produced, and any inadvertent disclosure or production thereof will not be deemed a waiver of any privilege or protection. By accepting information in response to these requests, Plaintiff expressly accepts this non-waiver.

4. Responding Party objects to the requests in that they are not separately stated.

### RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

The documents that identify each person or entity to whom Mahabub, GenAudio, its officers, directors, employees, agents and shareholders offered securities from September 15, 2009 until October 6, 2012, including the emails sent from Jim Mattos at jim@genaudioinc.com

1797860v.1

containing the meta data that identifies the addressees to whom he sent the March 19, 2010 email with the subject line "New PPM & IP Valuation Report" (see for example SEC-Elliott-E-000277.pdf) and the April 22, 2011 email with the subject line "GenAudio Shareholder Update and Private Placement Memorandum" (see for example JM007595.pdf), the database containing shareholders' email addresses that James Mattos used to send the 2010 Offering Material and 2011/2012 Offering Materials to shareholders as it existed on or about March 19, 2010 and April 22, 2011, the list of numbered private placement memoranda sent to prospective investors during the 2010 Offering and the 2011/2012 Offering.

### RESPONSE TO REQUEST NO. 1:

Without waiving the General objections set forth above, which objections are incorporated by reference, Responding Party responds as follows: Subject to the terms of a mutually agreeable protective order, Responding Party will produce all responsive non-privileged documents in its possession, custody or control that were not previously produced to Plaintiff. After a diligent search and a reasonable inquiry, Responding Party has not located a copy of the database containing shareholders' email addresses that James Mattos used to send the 2010 Offering Material and 2011/2012 Offering Materials to shareholders as it existed on or about March 19, 2010 and April 22, 2011, or any list of numbered private placement memoranda sent to prospective investors during the 2010 Offering and the 2011/2012 Offering.

Responding Party is continuing to search for emails sent from Jim Mattos at jim@genaudioinc.com containing the meta data that identifies the addressees to whom he sent the March 19, 2010 email with the subject line "New PPM & IP Valuation Report" and the April 22, 2011 email with the subject line "GenAudio Shareholder Update and Private Placement Memorandum." Responding Party anticipates production of any such responsive non-privileged documents it is able to locate by on or about April 30, 2016.

Responding Party believes after a diligent search and a reasonable inquiry that it has previously produced all other responsive non-privileged documents in its possession custody or control.

1797860v.1

**REQUEST FOR PRODUCTION NO. 2:**

For the investors listed below, all documents in GenAudio's investor files, including the subscription agreements, confidential subscriber questionnaires (whenever dated), stock sale and purchase agreements, irrevocable proxy agreements, and related correspondence transmitting these documents, and any other documents regarding whether the investor was an accredited investor or has such knowledge and experience in financial and business matters that he or she is capable of evaluating the merits and risk of the prospective investment:

- Jeffrey Banks
- Michelle Bater
- Nellie Bertucci
- Philip E. Broncucia Jr.
- Sarah Bushong-Weeks
- Bryan C. & Shannon H. Daffer
- David Daffer
- Julie Eastwood
- Nan Wei Hsieh
- David Thorton Jerome
- Ross Martin
- George William Marvin
- Ricky Dell McCoy
- Patrick Norris
- Christian Schuster
- Vincent J. and Mary L. Scardina
- Lorrie Snodgrass

**RESPONSE TO REQUEST NO. 2:**

Without waiving the General objections set forth above, which objections are incorporated by reference, Responding Party responds as follows: Subject to the terms of a mutually agreeable

1797860v.1

protective order, Responding Party will produce all responsive non-privileged documents in its possession, custody or control that were not previously produced to Plaintiff. Responding Party has located certain of the requested investor files and is producing them contemporaneously with this response. Responding Party is continuing to search diligently for any remaining responsive documents and will produce them promptly after any such documents are discovered.

**REQUEST FOR PRODUCTION NO. 3:**

The lists identifying non-accredited investors that are described in the two emails (that are attached as JM000965 and JM001202), and discussed under the heading "We may be subject to claims from previous offerings" in GenAudio's Private Placement Memorandum dated March 15, 2010 at page 44, which is attached as GA000533 [Inv. Exh. 6].

**RESPONSE TO REQUEST NO. 3:**

Responding Party incorporates by reference the General objections above. Responding Party also objects that the requested documents are protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Responding Party continues to conduct a diligent search and a reasonable inquiry for the requested documents and has not yet located them. If Responding Party locates the requested documents, it intends to withhold them from production on the basis of this objection.

**REQUEST FOR PRODUCTION NO. 4:**

The documents showing the dates of GenAudio's road shows and shareholder presentations during 2010, 2011 and 2012, and identifying every person who attend the roadshows, including those listed in JM002053 and JM007679.

**RESPONSE TO REQUEST NO. 4:**

Without waiving the General objections set forth above, which objections are incorporated by reference, Responding Party responds as follows: Subject to the terms of a mutually agreeable protective order, Responding Party will produce all responsive non-privileged documents in its possession, custody or control that were not previously produced to Plaintiff. Responding Party is

1797860v.1

continuing to search diligently for any responsive documents, but has not yet located any such documents in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 5:**

During 2010, 2011 and 2012, agreements with Alan Stone & Company to provide investor relations for GenAudio during 2010, 2011 and 2012, copies of any email blasts sent by Alan Stone & Company on behalf of GenAudio to prospective investors to attend roadshows, any research reports on GenAudio prepared by WallStreetResearch.org and documents that identify the names of persons to whom the email blasts and research reports were sent.

**RESPONSE TO REQUEST NO. 5:**

Without waiving the General objections set forth above, which objections are incorporated by reference, Responding Party responds as follows: Subject to the terms of a mutually agreeable protective order, Responding Party will produce all responsive non-privileged documents in its possession, custody or control that were not previously produced to Plaintiff. After a diligent search and a reasonable inquiry, Responding Party has not located any research reports on GenAudio prepared by WallStreetResearch.org or email blasts sent by Alan Stone & Company on behalf of GenAudio to prospective investors to attend roadshows.

Responding Party is continuing to search for any other documents responsive to this request. Responding Party anticipates production of any such responsive non-privileged documents it is able to locate by on or about April 30, 2016.

**REQUEST FOR PRODUCTION NO. 6:**

The documents that identify every person who attended the FSX Investment Banking conference in or about May 2010 to whom Mahabub and GenAudio sent emails or delivered a private placement memorandum as described in Investigative Exhibit 62.

**RESPONSE TO REQUEST NO. 6:**

Without waiving the General objections set forth above, which objections are incorporated by reference, Responding Party responds as follows: Subject to the terms of a mutually agreeable

protective order, Responding Party will produce all responsive non-privileged documents in its possession, custody or control that were not previously produced to Plaintiff. Responding Party is continuing to search diligently for any responsive documents, but has not yet located any such documents in its possession, custody or control.

### REQUEST FOR PRODUCTION NO. 7:

All documents relating to communications between GenAudio and Apple, Inc., including all letters or emails regarding negotiations, and agreements whether a draft or executed that GenAudio exchanged with Apple Inc. related to confidentiality, nondisclosure, licenses to use GenAudio's technology or patents, or to acquire GenAudio between September 1, 2009 and December 31, 2012, and all documents reflecting internal and external communications related to any business or potential business between GenAudio and Apple, Inc.

### RESPONSE TO REQUEST NO. 7:

Without waiving the General objections set forth above, which objections are incorporated by reference, Responding Party responds as follows: Subject to the terms of a mutually agreeable protective order, Responding Party will produce all responsive non-privileged documents in its possession, custody or control that were not previously produced to Plaintiff.

Pursuant to discussions between counsel for Responding Party and counsel for Plaintiff, Responding Party is producing a copy of an email chain initiated by an email from Mr. Mahabub to Steve Jobs. Responding Party received this document from Mr. Mahabub. As discussed with counsel for Plaintiff, any other production of documents from Mr. Mahabub's computer will be conducted by Mr. Mahabub, through his counsel.

Responding Party believes after a diligent search and a reasonable inquiry that it has previously produced all other responsive non-privileged documents in its possession custody or control.

1797860v.1

**REQUEST FOR PRODUCTION NO. 8:**

GenAudio's bank account statements for the accounts into which investors' funds or loans from Mahabub were deposited from September 1, 2009 through December 31, 2012.

**RESPONSE TO REQUEST NO. 8:**

Responding Party objects that this request unnecessarily calls for production of documents in violation of its right to financial privacy.

Without waiving this objection or the General objections set forth above, which objections are incorporated by reference, Responding Party responds as follows: Subject to the terms of a mutually agreeable protective order, Responding Party will produce all responsive non-privileged documents within its possession, custody, or control. Responding Party anticipates production of any such responsive non-privileged documents it is able to locate by on or about April 30, 2016.

**REQUEST FOR PRODUCTION NO. 9:**

The QuickBooks files or other accounting books and records utilized by GenAudio between September 2009 and December 2012.

**RESPONSE TO REQUEST NO. 9:**

Responding Party objects that the phrase "accounting books and records" is vague and ambiguous such that it is impossible to respond without speculating as to its meaning.

Without waiving this objection and the General objections set forth above, which objections are incorporated by reference, Responding Party responds as follows: Subject to the terms of a mutually agreeable protective order, Responding Party will produce a copy of the QuickBooks files utilized by Responding Party during the referenced timeframe. Responding Party anticipates production of any such responsive non-privileged documents it is able to locate by on or about April 30, 2016.

**REQUEST FOR PRODUCTION NO. 10:**

All documents reflecting communications between GenAudio and any investor or potential investor in the 2010 Offering and the 2011/2012 Offering.

1797860v.1

**RESPONSE TO REQUEST NO. 10:**

Responding Party objects that this request is overly broad and burdensome in that it calls for production of all communications with investors or potential investors regardless of the subject of the communications, and thus requires production of communications that have nothing to do with the issues in dispute.

Without waiving this objection and the General objections set forth above, which objections are incorporated by reference, Responding Party responds as follows: Responding Party believes after a diligent search and a reasonable inquiry that it has previously produced all responsive non-privileged documents in its possession custody or control.

**REQUEST FOR PRODUCTION NO. 11:**

Documents showing the current ownership of all patents issued to GenAudio or Mahabub.

**RESPONSE TO REQUEST NO. 11:**

Without waiving the General objections set forth above, which objections are incorporated by reference, Responding Party responds as follows: Subject to the terms of a mutually agreeable protective order, Responding Party will produce responsive non-privileged documents in its possession, custody or control sufficient to show current ownership of all patents issued to GenAudio or Mahabub. Responding Party anticipates production of such responsive non-privileged documents by on or about April 30, 2016.

**REQUEST FOR PRODUCTION NO. 12:**

Copies of the articles of incorporation and bylaws for Astound Holdings, Inc., and documents regarding the transferring of assets and liabilities from GenAudio to Astound Holdings Inc.

**RESPONSE TO REQUEST NO. 12:**

Without waiving the General objections set forth above, which objections are incorporated by reference, Responding Party responds as follows: Subject to the terms of a mutually agreeable protective order, Responding Party will produce responsive non-privileged documents in its

possession, custody or control to the extent they have not previously been produced to Plaintiff. Responding Party anticipates production of such responsive non-privileged documents by on or about April 30, 2016.

Dated:  March 18, 2016

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker, LLP

By: s/ Michael P. McCloskey
Michael P. McCloskey
Wilson Elser Moskowitz Edelman
& Dicker, LLP
655 W. Broadway, Suite 900
San Diego, CA 92101
(619) 321-6200
(619) 321-6201 (fax)
michael.mccloskey@wilsonelser.com
*Attorneys for Defendant GenAudio, Inc.*

1797860v.1

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2016 a true and correct copy of the foregoing was served via Federal Express to the following:

| |
|---|
| Leslie J. Hughes, Trial Counsel<br>Danielle R. Voorhees, Trial Counsel<br>Securities and Exchange Commission<br>1961 Stout Street, Suite 1700<br>Denver, CO 80294-1961<br>Ph: (303) 844-1000<br>Email: HughesLJ@sec.gov<br>Email: VoorheesD@sec.gov<br>*Attorneys for Plaintiff Securities and Exchange Commission* |
| Andrew B. Holmes<br>Holmes, Taylor & Jones, LLP<br>617 South Olive Street, Suite 1200<br>Los Angeles, CA 90014<br>Ph: (213) 985-2265<br>Email: abholmes@htjlaw.com<br>*Attorneys for Defendant Taj Jerry Mahabub* |
| Jeffrey G. Benz, Esq.<br>Benz Law<br>12021 Wilshire Blvd., Suite 256<br>Los Angeles, CA 90025<br>Ph.: (310) 570-2774<br>Email: jeffreybenz@gmail.com<br>*Attorney for Astound Holdings, Inc.* |

By: s/ Michael P. McCloskey
Michael P. McCloskey
Wilson Elser Moskowitz Edelman
& Dicker, LLP
655 W. Broadway, Suite 900
San Diego, CA 92101
(619) 321-6200
(619) 321-6201 (fax)
michael.mccloskey@wilsonelser.com
*Attorneys for Defendant GenAudio, Inc.*

1797860v.1