# EXHIBIT 34

UNANIMOUS WRITTEN CONSENT OF

THE BOARD OF DIRECTORS

OF

GENAUDIO, INC.

Pursuant to Section 7-108-202 of the Colorado Business Corporation Act, the undersigned, being all of the directors of GenAudio, Inc., a Colorado corporation (the "Corporation"), hereby adopt the following minutes and resolutions in furtherance of its telephonic meeting attended by all of its directors:

1. **CEO Report**. Jerry Mahabub commenced the meeting with a general update of the Company's business initiatives, including: (a) his meetings with representatives of Wolfgang's Vault and Pandora concerning the promotion of the AstoundSound Expander ("ASE") on such music centric websites; (b) contemplated meeting with Dolby; (c) next meeting with Warner Brothers scheduled for mid December to demonstrate the RTAS plug ins with a surround sound output; and (4) work on the ASE to reduce the number of presets from 5 to 3. Several directors cautioned Mr. Mahabub to be careful disclosing much to Dolby given that they could be construed as a competitor.

2. **COO Report**. Paul Powers reported on (a) the decision of the Washington D.C. group to not proceed with an investment in the Company and identified the current amounts due as accounts payable to third parties, accrued employee remuneration, and the Company's promissory note to Mr. Mahabub, all as set forth in the Balance Sheet and spreadsheets sent to the directors in advance of the meeting; (b) the termination of the month to month Denver office lease and the transition of the mailing address and telephone numbers for the Company; and (c) the status of the collection actions by GMR Marketing of its claimed amount due, and the Company's strategy for addressing such claim.

3. **Inavisis**. Mr. Mahabub reported on the due diligence and selection of a valuation expert and his decision to enter into an agreement with Inavisis through its President Sam Koury. Mr. Powers explained the compensation set forth in Section 3 of the engagement agreement sent to the directors in advance of the meeting and the Board unanimously approved the engagement agreement and the increase of the amount due Mr. Mahabub under the Company's note for each dollar or share of personal stock paid to, or transferred by, Mr. Mahabub to Inavisis in accordance with the engagement agreement.

4. **Board Approval of Contracts**. Mr. Cohen inquired about the need of the Board of Directors to approve contracts such as the Inavisis agreement and there was general discussion about establishing an amount that would require Board approval. No threshold was determined and the issue will be revisited at the next Board meeting.

5. **Apple**. Mr. Mahabub provided a detailed update of the status of discussions and demonstrations for Apple, noted that the Company had been "green lighted" by the iPod

JM

FOIA CONFIDENTIAL TREATMENT REQUESTED BY GENAUDIO, INC.                                    GA006255

and iPhone division, and was currently working closely with the Mac computer division. Mr. Mahabub expressed optimism about the high likelihood of an integration deal with Apple, most likely a technology acquisition, but that a license arrangement remains a possibility.

6. <u>Incentive Compensation Program</u>. There was an extensive discussion about the inability of the Company to raise funds through the last Hudson/Westminster offering or through a term sheet investment, and the Company's current financial condition and its impact on the ability of the Company to accomplish its business objectives without being able to pay employees, contractors, and third parties in full. Also, Mr. Mahabub's previous loans to the Company for the accomplishment of corporate purposes was discussed and the need to keep employees and independent contractors working on their assigned tasks in order to achieve the Company's business initiatives, particularly the contemplated hardware integration with Apple. It was determined that it was in the best interest of the Company and its shareholders to create a mechanism to keep employees and key contractors incented to continue work without full cash compensation and to incent Mr. Mahabub to continue to loan funds to the Company as needed for corporate purposes. Accordingly, the 3 independent directors unanimously approved (with Messrs. Mahabub and Powers abstaining from the vote due to their interest as employees) the attached form of Management Incentive Compensation Program in order to replenish the compensatory warrant pool and to establish a cash bonus pool in the event of a sale of substantially all of the assets or a change of control of the Company so that employees and key contractors would be incented to continue their work without their full cash remuneration. 1,480,800 additional compensatory warrants were authorized to increase the total warrant pool to 1,500,000, with the strike price to be determined at FMV, but not less than $5.00 per share, for a 5 year period from the date of issuance. An initial issuance of 340,000 warrants at $5.00 per share were specifically granted pursuant to Exhibit A to the Management Incentive Compensation Program. It was acknowledged that Mr. Mahabub is the only director that had not previously been issued 150,000 warrants for his services as a director.

NOW THEREFORE, BE IT RESOLVED, that the Board of Directors authorizes and approves the Inavisis engagement agreement and the Management Incentive Compensation Program and that 1,480,800 additional compensatory warrants are authorized to increase the total warrant pool to 1,500,000, with the strike price to be determined at FMV, but not less than $5.00 per share, for a 5 year period from the date of issuance, and with the vesting period for the non-CEO warrants and warrants not in Exhibit A to be determined in the discretion of the Company's CEO depending on the circumstances of each grant; and be it,

FURTHER RESOLVED, that the Board of Directors authorizes and directs each of the Corporation's directors and officers, for and on behalf of the Corporation, to execute and deliver the Inavisis engagement agreement and to take all steps necessary to implement such Management Incentive Compensation Program, including the issuance of warrant agreements evidencing the Warrant Shares, which shares shall be duly and validly issued, fully paid and non-assessable, with such vesting period as the CEO shall determine; and be it

JM

FOIA CONFIDENTIAL TREATMENT REQUESTED BY GENAUDIO, INC. GA006256

FURTHER RESOLVED, that each of the directors and officers of the Corporation, singly and not jointly, be and hereby is authorized and directed, for and on behalf of the Corporation, to execute and deliver any and all other documents necessary to effectuate the intent of the foregoing resolutions, the execution of such documents by such officers being a definitive determination of the necessity and appropriateness thereof, and further, that such officers are hereby authorized to do any and all such acts and deeds, including the payment of any and all expenses, as such officers deem appropriate or necessary to effectuate the intent of these resolutions; and be it

FURTHER RESOLVED, that any and all acts and deeds heretofore done by the officers of the Corporation, for and on behalf of the Corporation, in entering into, executing, acknowledging or attesting any arrangements, agreements, instruments or documents, or in carrying out the terms and intentions of these resolutions, are hereby ratified, approved and confirmed in all respects; and be it

FURTHER RESOLVED, that these consent resolutions shall be filed in the Minute Book of the Corporation and become a part of the records of the Corporation; and be it

FURTHER RESOLVED, that these consent resolutions may be signed in any number of counterparts, each of which shall be deemed an original, and all of which together constitute one instrument, and that delivery by facsimile or electronic mail shall constitute valid delivery hereof for all purposes.

These consent resolutions are executed and made effective as of the 9th day of November, 2009.

Board of Directors:

_Jerry Mahgbub_
Jerry Mahgbub

_____
Ted Cohen

_____
Elliot Mazer

_____
Mark Bobak

_____
Paul Powers

FOIA CONFIDENTIAL TREATMENT REQUESTED BY GENAUDIO, INC.          GA006257

FURTHER RESOLVED, that each of the directors and officers of the Corporation, singly and not jointly, be and hereby is authorized and directed, for and on behalf of the Corporation, to execute and deliver any and all other documents necessary to effectuate the intent of the foregoing resolutions, the execution of such documents by such officers being a definitive determination of the necessity and appropriateness thereof, and further, that such officers are hereby authorized to do any and all such acts and deeds, including the payment of any and all expenses, as such officers deem appropriate or necessary to effectuate the intent of these resolutions; and be it

FURTHER RESOLVED, that any and all acts and deeds heretofore done by the officers of the Corporation, for and on behalf of the Corporation, in entering into, executing, acknowledging or attesting any arrangements, agreements, instruments or documents, or in carrying out the terms and intentions of these resolutions, are hereby ratified, approved and confirmed in all respects; and be it

FURTHER RESOLVED, that these consent resolutions shall be filed in the Minute Book of the Corporation and become a part of the records of the Corporation; and be it

FURTHER RESOLVED, that these consent resolutions may be signed in any number of counterparts, each of which shall be deemed an original, and all of which together constitute one instrument, and that delivery by facsimile or electronic mail shall constitute valid delivery hereof for all purposes.

These consent resolutions are executed and made effective as of the 9th day of November, 2009.

**Board of Directors:**

_____
Jerry Mahabub

_____
Ted Cohen

_____
Elliot Mazer

_/s/ Mark Bobak_____
Mark Bobak

_/s/ Paul B. Powers_____
Paul Powers

FOIA CONFIDENTIAL TREATMENT REQUESTED BY GENAUDIO, INC.                    GA006258

FURTHER RESOLVED, that each of the directors and officers of the Corporation, singly and not jointly, be and hereby is authorized and directed, for and on behalf of the Corporation, to execute and deliver any and all other documents necessary to effectuate the intent of the foregoing resolutions, the execution of such documents by such officers being a definitive determination of the necessity and appropriateness thereof, and further, that such officers are hereby authorized to do any and all such acts and deeds, including the payment of any and all expenses, as such officers deem appropriate or necessary to effectuate the intent of these resolutions; and be it

FURTHER RESOLVED, that any and all acts and deeds heretofore done by the officers of the Corporation, for and on behalf of the Corporation, in entering into, executing, acknowledging or attesting any arrangements, agreements, instruments or documents, or in carrying out the terms and intentions of these resolutions, are hereby ratified, approved and confirmed in all respects; and be it

FURTHER RESOLVED, that these consent resolutions shall be filed in the Minute Book of the Corporation and become a part of the records of the Corporation; and be it

FURTHER RESOLVED, that these consent resolutions may be signed in any number of counterparts, each of which shall be deemed an original, and all of which together constitute one instrument, and that delivery by facsimile or electronic mail shall constitute valid delivery hereof for all purposes.

These consent resolutions are executed and made effective as of the 9th day of November, 2009.

**Board of Directors:**

Jerry Mahabub

Ted Cohen

Elliot Mazer

Mark Bobak

Paul Powers

FOIA CONFIDENTIAL TREATMENT REQUESTED BY GENAUDIO, INC.                    GA006259

FURTHER RESOLVED, that each of the directors and officers of the Corporation, singly and not jointly, be and hereby is authorized and directed, for and on behalf of the Corporation, to execute and deliver any and all other documents necessary to effectuate the intent of the foregoing resolutions, the execution of such documents by such officers being a definitive determination of the necessity and appropriateness thereof, and further, that such officers are hereby authorized to do any and all such acts and deeds, including the payment of any and all expenses, as such officers deem appropriate or necessary to effectuate the intent of these resolutions; and be it

FURTHER RESOLVED, that any and all acts and deeds heretofore done by the officers of the Corporation, for and on behalf of the Corporation, in entering into, executing, acknowledging or attesting any arrangements, agreements, instruments or documents, or in carrying out the terms and intentions of these resolutions, are hereby ratified, approved and confirmed in all respects; and be it

FURTHER RESOLVED, that these consent resolutions shall be filed in the Minute Book of the Corporation and become a part of the records of the Corporation; and be it

FURTHER RESOLVED, that these consent resolutions may be signed in any number of counterparts, each of which shall be deemed an original, and all of which together constitute one instrument, and that delivery by facsimile or electronic mail shall constitute valid delivery hereof for all purposes.

These consent resolutions are executed and made effective as of the 9th day of November, 2009.

**Board of Directors:**

_____
Jerry Mahabub

_____
Ted Cohen

_____
Elliot Mazer

_____
Mark Bobak

_____
Paul Powers

## Exhibit A – Management Incentive Compensation Program

In recognition of the financial support of CEO Jerry Mahabub, the continued work without payment of salary by the Company's employees and key contractors and as an incentive for such persons to continue to perform their duties to achieve Company business objectives, particularly the contemplated consumer electronics integration initiative, the Board of Directors of GenAudio hereby adopts the following incentive compensation program.

1. **CEO Warrant Agreement.** In lieu of interest under the Company's note to Jerry Mahabub and in recognition that the loans from Jerry Mahabub have enabled the Company to continue to pursue its business initiatives during a time the Company has been unable to raise sufficient funding on its own, the independent directors of the Board of Directors hereby authorizes the Company to enter a warrant agreement in a form substantially similar to the customary form of warrant agreement (including a cashless exercise) for a number of warrants equal to one warrant for each dollar loaned from Mr. Mahabub to the Company -- not to exceed 1,000,000 warrants without further authorization of a majority of the members of this Board of Directors excluding Mr. Mahabub (the "CEO Warrants"). The CEO warrants are in addition to the Company's obligation to repay the principal amount of such loans to Mr. Mahabub in accordance with the terms of the note. The CEO warrants shall be exercisable for a 5 year period from the date of this authorization at a strike price of $5.00 per share and shall vest immediately.

2. **Compensatory Warrants.** Due to the warrant issuance approved by this Board on May 1, 2009, the compensatory warrant pool was reduced to 29,200 shares. The Board ratifies its June 11, 2009 authorization of the issuance of 10,000 shares to Brent Kaviar at fair market value but not less than $5.00 per share (leaving a balance of 19,200 shares) and increases the compensatory warrant pool by 1,480,800 warrants to replenish the compensatory warrant pool to a total of 1,500,000 warrants with a $5.00 strike price and a 5 year term from issuance which shall include the CEO Warrants described in Section 1 above and warrants to be used for compensatory purposes to keep key employees and contractors working to achieve Company business objectives while their cash remuneration is being deferred. This Board shall approve all compensatory warrant issuances. The initial warrant issuances approved by this Board are set forth on Exhibit A hereto. Jerry Mahabub's compensatory warrants in Exhibit A are in addition to the CEO warrants described in Section 1 above.

3. **Cash Bonus Retention.** In the event the Company sells substantially all of its assets or there is a change of control of the Company, the Board of Directors hereby agrees to retain the following aggregate sliding scale progressive sum from the gross transaction price for the purpose of awarding cash bonuses, subject to a maximum bonus pool of $5,000,000:

| Gross Transaction Price | Bonus % | Cash Bonus |
|---|---|---|
| >50MM <100MM | 1.0% | 500K – 1MM |
| >100MM<200MM | 1.5% | 1.5MM – 3MM |
| >200MM | 2.0% | 4MM – 5MM |

The foregoing pool shall be all inclusive for directors, officers, employees, and key contractors. A bonus allocation recommendation shall be made by the CEO, and approved by the Company's Budget Committee except that the CEO's bonus shall be determined by the independent directors of the Board of Directors in the exercise of their discretion with a target of 40% of the entire bonus pool. The Directors' bonuses shall be determined by the Budget Committee after obtaining

*JM*

FOIA CONFIDENTIAL TREATMENT REQUESTED BY GENAUDIO, INC.     GA006261

the advice of an independent compensation advisor.

JM

FOIA CONFIDENTIAL TREATMENT REQUESTED BY GENAUDIO, INC. GA006262

## EXHIBIT A

### CURRENT WARRANT GRANTS

| Employee Name | Number of Option Shares | Exercise Price (per share) | Date of Issuance | Expiration Date |
|---|---|---|---|---|
| Jerry Mahabub* | 150,000 | $5.00 | 11/9/09 | 11/9/14 |
| Paul Powers* | 50,000 | $5.00 | 11/9/09 | 11/9/14 |
| Walt Horat | 75,000 | $5.00 | 11/9/09 | 11/9/14 |
| Bob Coover | 15,000 | $5.00 | 11/9/09 | 11/9/14 |
| Ian Esten | 15,000 | $5.00 | 11/9/09 | 11/9/14 |
| Brent Kaviar | 20,000 | $5.00 | 11/9/09 | 11/9/14 |
| Greg Morgenstein | 15,000 | $5.00 | 11/9/09 | 11/9/14 |
| Total | 340,000 | | | |

* Only employees, contractors or directors not included in 622,500 warrant grants issued May 1, 2009

JM

FOIA CONFIDENTIAL TREATMENT REQUESTED BY GENAUDIO, INC.                                    GA006263