MICHAEL J. ROESSNER, DC SBN 501875
Email: Roessnerm@sec.gov
Attorney for Plaintiff
Assistant Chief Litigation Counsel
Division of Enforcement
Securities and Exchange Commission
100 F. Street NE, Mail Stop 5631
Washington, D.C. 20549
Telephone: (202) 551-4347
Facsimile: (703) 813-9366

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 15-cv-2118-WJM-SKC

SECURITIES & EXCHANGE COMMISSION,

    Plaintiff,

v.

TAJ JERRY MAHABUB, and
GENAUDIO, INC.,

    Defendants.

## MEMORANDUM OF LAW

Pursuant to Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure, the United States Securities and Exchange Commission ("SEC" or "Commission") respectfully requests that this Court issue an order compelling defendant Taj Jerry Mahabub to immediately respond to the SEC's interrogatory requests and produce all documents responsive to the SEC's Request for Production of Documents served on him on March 16, 2021.

### BACKGROUND

On September 30, 2019, this Court ordered Mahabub to disgorge (including prejudgment interest) $3,011,417 together with post judgment interest pursuant to 28 U.S.C. § 1961 and to pay

2

a civil penalty in the amount of $1,280,900.00.[1] As of today, Mahabub has not made a voluntary payment towards the judgment, and the entire balance of the judgment, plus interest, remains outstanding.[2]

In an effort to collect this debt, on February 16, 2021, the SEC personally served Mahabub with Requests for Production of Documents and a First Set of Interrogatory Requests.[3] Mahabub's responses were due within 30 days of service, which was on or before March 22, 2021.[4] Mahabub did not respond to the discovery requests.[5]

Counsel for the SEC has attempted to confer with Mahabub, but Mahabub has not responded to the SEC's request to confer.[6] Accordingly, the SEC moves the Court under Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure to order Mahabub to answer the post-judgment discovery served upon him.

---

[1] Dkt. No. 123.
[2] Declaration of Michael J. Roessner (hereinafter "Roessner Decl."), at ¶ 6.
[3] *Id.*, at ¶ 3.
[4] *Id.* at ¶ 4.
[5] *Id.*
[6] *Id.* at ¶¶ 4-5.

# ARGUMENT

## A. Judgment Creditors' post-judgment discovery under Rule 69.

Rule 69(a)(2) of the Federal Rules of Civil Procedure states that a judgment creditor "[i]n aid of the judgment or execution…may obtain discovery from any person—including the judgment debtor—as provided in these rules…"

"The judgment creditor is allowed discovery to find out about assets on which execution can issue or about assets that have been fraudulently transferred or are otherwise beyond the reach of execution."[7] "The scope of examination is very broad, as it must be if the procedure is to be of any value."[8] "One purpose of post-judgment discovery is to identify assets that can be used to satisfy a judgment."[9] "Another purpose is to discover concealed or fraudulently transferred assets."[10] Therefore, Rule 69 entitles a judgment creditor to "a very thorough examination of the judgment debtor."[11]

## B. Mahabub is Required to Produce the Requested Discovery.

Pursuant to Rule 69, the Commission requested discovery in an attempt to collect on the Final Judgment it obtained against Mahabub. The Commission requested Interrogatories pursuant to Rule 33 and a First Set of Requests for the Production of Documents in Aid of Execution on a Judgment pursuant to Rule 34(a).[12] Rule 33(b)(2) states that the "responding party must serve its

---

[7] Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 3014 (2d ed. 1997).

[8] *Id.*

[9] *VFS Fin., Inc. v. Specialty Fin. Corp.*, 3:09-cv-00266-RCJ-VPC, 2013 WL 1413024, at *3 (D. Nev. Apr. 4, 2013) (internal citation omitted).

[10] *Id.*

[11] *Id.*; accord *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, No. C 06-3219 JWRS, 2009 WL 5114077, at *4 (N.D. Cal. Dec. 18, 2009) ("As several federal courts have noted, Rule 69 discovery can indeed resemble the proverbial fishing expedition, but a judgment creditor is entitled to fish for assets of the judgment debtor.") (emphasis original) (internal citation omitted); *Caisson Corp. v. County West Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974) ("All agree that the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.").

[12] Roessner Decl. at ¶ 3.

answers and objections within 30 days after being served with the interrogatories." Rule 34(b)(2) provides that a party must respond to a Request for Production of Documents "within 30 days after being served." Mahabub failed to respond to the SEC's Interrogatories or Requests for Production of Documents.[13]

Pursuant to Rule 37(a)(3)(B), the Commission is moving for an Order compelling Mahabub to comply with its Interrogatories and Requests for the Production of Documents. "If a party fails to make a required disclosure or otherwise fails to cooperate in discovery, any other party may move to compel the disclosure or discovery response."[14] Once the moving party establishes that the information and materials sought are within the scope of permissible discovery, the burden shifts to the nonmovant to show why the discovery is irrelevant, overly broad, unduly burdensome, or should not be permitted. As the Commission's Interrogatories and Requests for the Production of Documents are permitted under Rule 69, and have been lawfully served, Mahabub should be ordered to respond to the SEC's post-judgment discovery requests.

## CONCLUSION

For the foregoing reasons, the United States Securities and Exchange Commission moves the Court for an order compelling Taj Jerry Mahabub to fully respond to First Set of Interrogatories and First Set of Document Requests.

Dated: June 23, 2021

                                               s/MICHAEL J. ROESSNER
                                               Michael J. Roessner
                                               Attorney for Plaintiff
                                               United States Securities and Exchange Commission
                                               100 F Street, N.E., Mail Stop 5631
                                               Washington, D.C. 20549-0022

---

[13] Roessner Decl. at ¶ 5.
[14] *Faglie v. Meritage Homes of Texas, LLC*, 2013 WL 1608727 (N.D. Tex. April 15, 2013); (Fed. R. Civ. P. 37(a)(3).

(202) 551-4347 (Phone)  
(703) 813-9366 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2021, I caused service of the foregoing document captioned, **MEMORANDUM OF LAW**, by overnight mail on the following:

Taj Jerry Mahabub
9743 Carr Circle
Westminster, Colorado 80021

                      s/Michael J. Roessner
                      MICHAEL J. ROESSNER
                      Assistant Chief Litigation Counsel
                      Division of Enforcement
                      United States Securities and Exchange Commission
                      100 F Street, NE
                      Mail Stop 5631
                      Washington, DC 20549-0022
                      RoessnerM@SEC.gov
                      Telephone:   202.551.4347
                      Facsimile:    703.813.9366